CLOSED, DISCMAG, JURY, PATENT

# U.S. District Court [LIVE]
## Eastern District of TEXAS LIVE (Marshall)
## CIVIL DOCKET FOR CASE #: 2:06-cv-00506-TJW-CE

Rembrandt Technologies, LP v. Comcast Corporation et al
Assigned to: Judge T. John Ward
Referred to: Magistrate Judge Charles Everingham
Cause: 35:271 Patent Infringement

Date Filed: 11/30/2006
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Rembrandt Technologies, LP**     represented by     **Max Lalon Tribble, Jr**
Susman Godfrey LLP
1000 Louisiana Street
Ste 5100
Houston, TX 77002-5096
713/651-9366
Fax: 17136546666
Email: mtribble@susmangodfrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Wesley Spangler**
Brown McCarroll - Longview
1127 Judson Rd - Ste 220
PO Box 3999
Longview, TX 75606-3999
903-236-9800
Fax: 19032368787
Email: aspangler@mailbmc.com
*ATTORNEY TO BE NOTICED*

**Brooke Ashley-May Taylor**
Susman Godfrey, LLP - Seattle
1201 Third Avenue
Suite 3800
Seattle, WA 98101
206/516-3880
Fax: 206/516-3883
Email: btaylor@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Charles Ainsworth**
Parker Bunt & Ainsworth
100 E Ferguson
Suite 1114
Tyler, TX 75702
US

903/531-3535
Fax: 903/533-9687
Email: charley@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Collin Michael Maloney**
Ireland Carroll & Kelley
6101 S Broadway
Suite 500
Tyler, TX 75703
903/561-1600
Fax: 9035811071
Email: fedserv@icklaw.com
*ATTORNEY TO BE NOTICED*

**Edgar G Sargent**
Susman Godfrey, LLP - Seattle
1201 Third Avenue
Suite 3800
Seattle, WA 98101
206/516-3804
Fax: 206/516-3883
Email: esargent@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Elizabeth L DeRieux**
Brown McCarroll
1127 Judson Rd - Ste 220
PO Box 3999
Longview, TX 75606-3999
903/236-9800
Fax: 9032368787
Email: ederieux@mailbmc.com
*ATTORNEY TO BE NOTICED*

**Franklin Jones, Jr**
Jones & Jones - Marshall
201 W Houston St
PO Drawer 1249
Marshall, TX 75670
903/938-4395
Fax: 9039383360
Email: maizieh@millerfirm.com
*ATTORNEY TO BE NOTICED*

**James Patrick Kelley**
Ireland Carroll & Kelley
6101 S Broadway
Suite 500
Tyler, TX 75703

903/561-1600
Fax: 9035811071
Email: patkelley@icklaw.com
*ATTORNEY TO BE NOTICED*

**Joseph Samuel Grinstein**
Susman Godfrey - Houston
1000 Louisiana Street
Ste 5100
Houston, TX 77002-5096
713/651-9366
Fax: 7136546666
Email: jgrinstein@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Matthew R Berry**
Susman Godfrey, LLP - Seattle
1201 Third Avenue
Suite 3800
Seattle, WA 98101
206/373-7394
Fax: 206/516-3883
Email: mberry@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Otis W Carroll, Jr**
Ireland Carroll & Kelley
6101 S Broadway
Suite 500
Tyler, TX 75703
903/561-1600
Fax: 9035811071
Email: Fedserv@icklaw.com
*ATTORNEY TO BE NOTICED*

**Robert Christopher Bunt**
Parker, Bunt & Ainsworth, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
903/531-3535
Fax: 903/533-9687
Email: rcbunt@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Robert M Parker**
Parker, Bunt & Ainsworth, P.C.
100 E Ferguson
Suite 1114
Tyler, TX 75702
903/531-3535

Fax: 9035339687
Email: rmparker@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Sidney Calvin Capshaw, III**
Brown McCarroll - Longview
1127 Judson Rd - Ste 220
PO Box 3999
Longview, TX 75606-3999
903/236-9800
Fax: 19032368787
Email: ccapshaw@mailbmc.com
*ATTORNEY TO BE NOTICED*

**Tibor L. Nagy**
Susman Godfrey - Houston
1000 Louisiana Street
Ste 5100
Houston, TX 77002-5096
713/653-7850
Fax: 713/654-6102
Email: tnagy@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Comcast Corporation**

**Defendant**

**Comcast Cable Communications, LLC**

**Defendant**

**Comcast of Plano, LP**

**Movant**

**Coxcom, Inc.,**

**Counter Claimant**

**Comcast Corporation**          represented by     **Jennifer Haltom Doan**
Haltom and Doan LLP
6500 North Summerhill Road
Crown Executive Center Suite 1 A
P O Box 6227
Texarkana, Tx 75505
903/255-1000
Fax: 903/255-0800
Email: jdoan@haltomdoan.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Comcast Cable Communications,**          represented by   **Jennifer Haltom Doan**
**LLC**                                                      (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Comcast of Plano, LP**                   represented by   **Jennifer Haltom Doan**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Rembrandt Technologies, LP**             represented by   **Brooke Ashley-May Taylor**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Joseph Samuel Grinstein**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Matthew R Berry**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/30/2006 | 1 | COMPLAINT with JURY DEMAND against Comcast Corporation, Comcast Cable Communications, LLC, Comcast of Plano, LP (Filing fee $ 350.) , filed by Rembrandt Technologies, LP. (Attachments: # 1 # 2 # 3 # 4 # 5 Civil Cover Sheet)(ehs, ) (Entered: 12/01/2006) |
| 11/30/2006 | 2 | CORPORATE DISCLOSURE STATEMENT filed by Rembrandt Technologies, LP (ehs, ) (Entered: 12/01/2006) |
| 11/30/2006 | 3 | Form mailed to Commissioner of Patents and Trademarks. (ehs, ) (Entered: 12/01/2006) |
| 11/30/2006 |  | E-GOV SEALED SUMMONS Issued as to Comcast Corporation, Comcast Cable Communications, LLC, Comcast of Plano, LP. (ehs, ) (Entered: 12/01/2006) |
| 12/01/2006 | 4 | AMENDED COMPLAINT *(First Amended Complaint)* against all defendants, filed by Rembrandt Technologies, LP. (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C# (4) Exhibit D# (5) Exhibit E) |

| | | |
|---|---|---|
| | | (DeRieux, Elizabeth) Additional attachment(s) added on 12/1/2006 (ehs, ). (Entered: 12/01/2006) |
| 12/04/2006 | | Filing fee: $ 350.00, receipt number 2-1-2127 (ch, ) (Entered: 12/05/2006) |
| 12/07/2006 | 5 | NOTICE of Attorney Appearance by Robert M Parker on behalf of Rembrandt Technologies, LP (Parker, Robert) (Entered: 12/07/2006) |
| 12/07/2006 | 6 | NOTICE of Attorney Appearance by Robert Christopher Bunt on behalf of Rembrandt Technologies, LP (Bunt, Robert) (Entered: 12/07/2006) |
| 12/07/2006 | 7 | NOTICE of Attorney Appearance by Charles Ainsworth on behalf of Rembrandt Technologies, LP (Ainsworth, Charles) (Entered: 12/07/2006) |
| 12/12/2006 | 8 | NOTICE of Attorney Appearance by Franklin Jones, Jr on behalf of Rembrandt Technologies, LP (Jones, Franklin) (Entered: 12/12/2006) |
| 12/12/2006 | 9 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Comcast Cable Communications, LLC served on 12/4/2006, answer due 12/26/2006. (ehs, ) (Entered: 12/15/2006) |
| 12/12/2006 | 10 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Comcast Corporation served on 12/4/2006, answer due 12/26/2006. (ehs, ) (Entered: 12/15/2006) |
| 12/21/2006 | 11 | ANSWER to Amended Complaint, COUNTERCLAIM against Rembrandt Technologies, LP by Comcast Corporation, Comcast Cable Communications, LLC, Comcast of Plano, LP.(Doan, Jennifer) (Entered: 12/21/2006) |
| 12/26/2006 | 12 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Comcast of Plano, LP served on 12/13/2006, answer due 1/2/2007. (ehs, ) (Entered: 12/27/2006) |
| 01/03/2007 | 13 | NOTICE of Attorney Appearance by Matthew R. Berry on behalf of Rembrandt Technologies, LP, Rembrandt Technologies, LP (Berry, Matthew) (Entered: 01/03/2007) |
| 01/03/2007 | 14 | NOTICE of Attorney Appearance by Brooke Ashley-May Taylor on behalf of Rembrandt Technologies, LP, Rembrandt Technologies, LP (Taylor, Brooke) (Entered: 01/03/2007) |
| 01/03/2007 | 15 | NOTICE of Attorney Appearance by Joseph Samuel Grinstein on behalf of Rembrandt Technologies, LP, Rembrandt Technologies, LP (Grinstein, Joseph) (Entered: 01/03/2007) |
| 01/09/2007 | 16 | NOTICE of Attorney Appearance by Tibor L. Nagy on behalf of Rembrandt Technologies, LP (Nagy, Tibor) (Entered: 01/09/2007) |
| 01/09/2007 | 17 | *Plaintiff's* ANSWER to Counterclaim by Rembrandt Technologies, LP. (Tribble, Max) (Entered: 01/09/2007) |
| 01/12/2007 | 21 | APPLICATION to Appear Pro Hac Vice by Attorney Edgar G Sargent for Rembrandt Technologies, LP. (ch, ) (Entered: 01/19/2007) |
| | | |

| 01/12/2007 | | Pro Hac Vice Filing fee paid by Sargent; Fee: $25, receipt number: 2-1-2206 (ch, ) (Entered: 01/19/2007) |
|---|---|---|
| 01/15/2007 | 18 | NOTICE of Attorney Appearance by Otis W Carroll, Jr on behalf of Rembrandt Technologies, LP (Carroll, Otis) (Entered: 01/15/2007) |
| 01/15/2007 | 19 | NOTICE of Attorney Appearance by Collin Michael Maloney on behalf of Rembrandt Technologies, LP (Maloney, Collin) (Entered: 01/15/2007) |
| 01/15/2007 | 20 | NOTICE of Attorney Appearance by James Patrick Kelley on behalf of Rembrandt Technologies, LP (Kelley, James) (Entered: 01/15/2007) |
| 03/09/2007 | 22 | NOTICE by Coxcom, Inc., *of Filing Motion for Transfer and Consolidation of Rembrandt Technologies, LP Patent Litigation Pursuant to 28 U.S.C. 1407* (Attachments: # 1 MDL Motion for Transfer and Consolidation# 2 Motion Ex. A# 3 Motion Ex. B# 4 MDL Memorandum# 5 MDL Exhibit List# 6 MLD Notice of Appearance# 7 MDL Corporate Disclosure# 8 MDL Certificate of Service)(Stockwell, Mitchell) (Entered: 03/09/2007) |
| 03/09/2007 | 23 | Additional Attachments to Main Document: 22 Notice (Other), Notice (Other).. (Attachments: # 1 MDL Ex. 1# 2 MDL Ex. 2# 3 MDL Ex. 3# 4 MDL Ex. 4# 5 MDL Ex. 5# 6 MDL Ex. 6# 7 MDL Ex. 7# 8 MDL Ex. 8# 9 MDL Ex. 9# 10 MDL Ex. 10# 11 MDL Ex. 11# 12 MDL Ex. 12# 13 MDL Ex. 13# 14 MDL Ex. 14# 15 MDL Ex. 15# 16 MDL Ex. 16# 17 MDL Ex. 17# 18 MDL Ex. 18# 19 MDL Ex. 19# 20 MDL Ex. 20# 21 MDL Ex. 21# 22 MDL Ex. 22# 23 MDL Ex. 23# 24 MDL Ex. 24# 25 MDL Ex. 25# 26 MDL Ex. 26# 27 MDL Ex. 27# 28 MDL Ex. 28# 29 MDL Ex. 29# 30 MDL Ex. 30# 31 MDL Ex. 31# 32 MDL Ex. 32# 33 MDL Ex. 33# 34 MDL Ex. 34# 35 MDL Ex. 35# 36 MDL Ex. 35# 37 MDL Ex. 37# 38 MDL Ex. 38# 39 MDL Ex. 39# 40 MDL Ex. 40# 41 MDL Ex. 41# 42 MDL Ex. 42# 43 MDL Ex. 43)(Stockwell, Mitchell) (Entered: 03/09/2007) |
| 03/30/2007 | 24 | NOTICE by Rembrandt Technologies, LP *Joint Notice of Conference Regarding Proposed Discovery Order and Docket Control Order* (Attachments: # 1 Exhibit Discovery Order and Docket Control Order) (Taylor, Brooke) (Entered: 03/30/2007) |
| 04/05/2007 | 25 | NOTICE by Rembrandt Technologies, LP re 23 Additional Attachments to Main Document,,,, 22 Notice (Other), Notice (Other) *Notice of Filing Opposition to CoxComs Motion for Transfer and Consolidation* (Attachments: # 1 Exhibit Rembrandts Brief in Opposition# 2 Exhibit Exhibit list# 3 Exhibit Opposition Brief Exh 1# 4 Exhibit Opposition Brief Exh 2# 5 Exhibit Opposition Brief Exh 3# 6 Exhibit Opposition Brief Exh 4# 7 Exhibit Opposition Brief Exh 5# 8 Exhibit Opposition Brief Exh 6# 9 Exhibit Opposition Brief Exh 7# 10 Exhibit Opposition Brief Exh 8# 11 Exhibit Opposition Brief Exh 9# 12 Exhibit Opposition Brief Exh 10# 13 Exhibit Opposition Brief Exh 11# 14 Exhibit Opposition Brief Exh 12# 15 Exhibit Opposition Brief Exh 13# 16 Exhibit Response to CoxComs Motion# 17 Exhibit Reason Why Oral Argument Should Be Heard# 18 Exhibit Proof of Service)(Taylor, |

| | | Brooke) (Entered: 04/05/2007) |
|---|---|---|
| 04/11/2007 | 26 | NOTICE of Attorney Appearance by Andrew Wesley Spangler on behalf of Rembrandt Technologies, LP (Spangler, Andrew) (Entered: 04/11/2007) |
| 04/11/2007 | 27 | NOTICE of Attorney Appearance by Sidney Calvin Capshaw, III on behalf of Rembrandt Technologies, LP (Capshaw, Sidney) (Entered: 04/11/2007) |
| 04/18/2007 | 28 | ORDER - referring case to Magistrate Judge Charles Everingham in accordance with the assignments made by General Order 07-03. The magistrate judge shall conduct pre-trial proceedins pursuant to 28 USC 636. Signed by Judge T. John Ward on 4/18/07. (ch, ) (Entered: 04/18/2007) |
| 04/18/2007 | 29 | NOTICE by Coxcom, Inc., *Notice of Development* (Attachments: # 1 Notice of Hearing)(Gardner, Allen) (Entered: 04/18/2007) |
| 04/19/2007 | 30 | ORDER - REGARDING THE PROTECTIVE ORDER AND DOCUMENT PRODUCTION. Signed by Judge Charles Everingham on 4/19/07. (ch, ) (Entered: 04/19/2007) |
| 04/19/2007 | 31 | DOCKET CONTROL ORDER Respond to Amended Pleadings 11/30/07. Amended Pleadings due by 11/16/2007. Discovery due by 5/14/2008. Joinder of Parties due by 5/3/2007. Claims Construction Hearing set for 2/13/2008 - 2/14/08 9:00 AM before Judge T. John Ward. Motions in limine due by 7/21/2008. Proposed Pretrial Order due by 7/21/2008. Jury Selection set for 8/4/2008 9:00AM before Judge T. John Ward. Pretrial Conference set for 7/24/2008 9:30 AM before Judge T. John Ward. Privilege Logs are to be exchanged by 6/4/07. All other deadlines are set forth herein. Signed by Judge Charles Everingham on 4/19/07. (ch, ) (Entered: 04/19/2007) |
| 04/24/2007 | 32 | NOTICE by Rembrandt Technologies, LP *Of Proposed Protective Order* (Attachments: # 1 Text of Proposed Order Protective Order)(Taylor, Brooke) CORRECTED PROPOSED PROTECTIVE ORDER added on 4/25/2007 (mpv, ). Modified on 4/25/2007 (mpv, ). (Entered: 04/24/2007) |
| 04/24/2007 | 33 | NOTICE by Rembrandt Technologies, LP *Re Electronic Production* (Taylor, Brooke) (Entered: 04/24/2007) |
| 04/25/2007 | | NOTICE re 32 Notice (Other) CORRECTED PROPOSED PROTECTIVE ORDER ADDED BY CLERK (mpv, ) (Entered: 04/25/2007) |
| 04/30/2007 | 34 | Minute Entry for proceedings held before Judge Charles Everingham : Scheduling Conference held on 4/30/2007. (Court Reporter Debbie Latham.)(delat, ) (Entered: 04/30/2007) |
| 05/03/2007 | | TRANSCRIPT of Proceedings Scheduling Conference held on 4/3/07 before Judge Chad Everingham. Court Reporter: Transcriber/Susan Simmons. (lss) (Entered: 05/03/2007) |

| 05/04/2007 | 36 | PROTECTIVE ORDER. Signed by Judge Charles Everingham on 5/4/07. (ehs, ) (Entered: 05/04/2007) |
|---|---|---|
| 05/07/2007 | 37 | NOTICE of Disclosure by Rembrandt Technologies, LP (Berry, Matthew) (Entered: 05/07/2007) |
| 05/07/2007 | 38 | NOTICE of Disclosure by Comcast Corporation, Comcast Cable Communications, LLC (Doan, Jennifer) (Entered: 05/07/2007) |
| 05/23/2007 | 39 | NOTICE of Disclosure by Rembrandt Technologies, LP (Taylor, Brooke) (Entered: 05/23/2007) |
| 06/04/2007 | 40 | Joint MOTION to Amend/Correct *Docket Control Order* by Rembrandt Technologies, LP. (Attachments: # 1 Text of Proposed Order Order Granting Motion to Amend)(Taylor, Brooke) (Entered: 06/04/2007) |
| 06/06/2007 | 41 | ORDER granting 40 Motion to Amend/Correct. Docket Control Order is amended to move date to exchange privilege logs to 7/10/07. Signed by Judge Charles Everingham on 6/5/07. (ch, ) (Entered: 06/06/2007) |
| 06/12/2007 | 42 | NOTICE of Disclosure by Rembrandt Technologies, LP *Regarding Compliance with Paragraph 3(b) of the Discovery Order* (Berry, Matthew) (Entered: 06/12/2007) |
| 06/21/2007 | 43 | NOTICE by Comcast Corporation, Comcast Cable Communications, LLC, Comcast of Plano, LP *Notice of Multi-District Litigation Developments Pursuant to Local Rule CV-42* (Attachments: # 1 Exhibit A)(Doan, Jennifer) (Entered: 06/21/2007) |
| 06/21/2007 | 44 | NOTICE by Comcast Corporation, Comcast Cable Communications, LLC, Comcast of Plano, LP *of Multi-District Litigation Developments Pursuant to Local Rule CV-42* (Attachments: # 1 Exhibit A)(Gardner, Allen) (Entered: 06/21/2007) |
| 06/25/2007 | 45 | Interdistrict transfer to the District of Delaware, Wilmington DE. Pursuant to letter Elizabeth Dinan was notified. Certified copy of Docket Sheet, Complaint, Transfer Order and letter were mailed to the Federal Blding, Lockbox 18,844 N. King Street, Wilmington, DE (ch, ) Additional attachment(s) added on 6/28/2007 (ch, ). Additional attachment(s) added on 6/28/2007 (ch, ). Modified on 6/28/2007 (ch, ). (Entered: 06/27/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/02/2007 13:27:26 | | |
| **PACER Login:** | ud0037 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 2:06-cv-00506-TJW-CE |

| Billable Pages: | 5 | Cost: | 0.40 |
|---|---|---|---|

# SEALED

# DOCUMENT

# SEALED

# DOCUMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2-06CV-506-TJW |
| | § | |
| COMCAST CORPORATION; COMCAST | § | Jury Demand |
| CABLE COMMUNICATIONS, LLC; AND | § | |
| COMCAST OF PLANO, LP | § | |
| | § | |
| Defendant. | § | |

## DEFENDANTS' ANSWER AND COUNTERCLAIMS

Defendants Comcast Corporation and Comcast Cable Communications, LLC ("Comcast Cable") (collectively, "Comcast") answer Plaintiff Rembrandt Technologies, LP's ("Rembrandt") first amended complaint as follows:

1.      Comcast is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2.      Comcast denies the allegations in this paragraph regarding Comcast of Plano, LP. Comcast of Plano no longer exists.  Comcast of Plano was a limited partnership organized under the laws of Delaware, with its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania.  Comcast Corp. and Comcast Cable deny that they regularly conduct and transact business in the Eastern District of Texas.  Comcast admits the remaining allegations in this paragraph.

3.      This paragraph does not require a response.

4.      Comcast denies that it has committed acts of patent infringement in the Eastern District of Texas.  Comcast Corp. and Comcast Cable deny that they are either present or do business in this District and deny that the Court has personal jurisdiction over them.

5.      Comcast denies that it has committed acts of patent infringement in the Eastern District of Texas.  Comcast Corp. and Comcast Cable deny that they are either present or do

business in this District, and also deny that they have minimum contacts with this District. Comcast Corp. and Comcast Cable therefore deny that venue is proper in this judicial district.

6.      This paragraph does not require a response.

7.      Comcast is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding Rembrandt's ownership and right to enforce U.S. Patent No. 5,008,903 ("the '903 patent").

8.      Comcast admits that the United States Patent and Trademark Office issued the '903 patent on April 16, 1991. Comcast is without sufficient knowledge to form a belief as to the truth of whether the '903 patent was "duly and legally issued" because these terms are not defined.

9.      Denied.

10.     Denied.

11.     This paragraph does not require a response.

12.     Comcast is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding Rembrandt's ownership and right to enforce U.S. Patent No. 5,710,761 ("the '761 patent").

13.     Comcast admits that the United States Patent and Trademark Office issued the '761 patent on January 20, 1998. Comcast is without sufficient knowledge to form a belief as to the truth of whether the '761 patent was "duly and legally issued" because these terms are not defined.

14.     Denied.

15.     Denied.

16.     This paragraph does not require a response.

17.     Comcast is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding Rembrandt's ownership and right to enforce U.S. Patent No. 5,778,234 ("the '234 patent").

18.     Comcast admits that the United States Patent and Trademark Office issued the

'234 patent on July 7, 1998.  Comcast is without sufficient knowledge to form a belief as to the truth of whether the '234 patent was "duly and legally issued" because these terms are not defined.

19.     Denied.

20.     Denied.

21.     This paragraph does not require a response.

22.     Comcast is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding Rembrandt's ownership and right to enforce U.S. Patent No. 6,131,159 ("the '159 patent).

23.     Comcast admits that the United States Patent and Trademark Office issued the '159 patent on October 10, 2000.  Comcast is without sufficient knowledge to form a belief as to the truth of whether the '159 patent was "duly and legally issued" because these terms are not defined.

24.     Denied.

25.     Denied.

26.     This paragraph does not require a response.

27.     Comcast is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding Rembrandt's ownership and right to enforce U.S. Patent No. 6,950,444 ("the '444 patent").

28.     Comcast admits that the United States Patent and Trademark Office issued the '444 patent on September 27, 2005.  Comcast is without sufficient knowledge to form a belief as to the truth of whether the '444 patent was "duly and legally issued" because these terms are not defined.

29.     Denied.

30.     Denied.

Except what is specifically admitted here, Comcast denies each and every allegation in the Complaint.

**DEFENDANTS' ANSWER AND COUNTERCLAIMS** – Page 3

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

### Counts I-V

1.     This Court lacks personal jurisdiction over Comcast.

## SECOND AFFIRMATIVE DEFENSE

### (Improper Venue)

### Counts I-V

2.     Venue is improper in this judicial district.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

### Counts I-V

3.     Counts I-V of the Complaint fail to state a claim upon which relief can be granted.

4.     Comcast has not infringed any claim of any of the '903, 159, '761, '234, '444 patents ("Rembrandt's asserted patents").

5.     Comcast has not caused, with knowledge, specific intent, or otherwise, equipment suppliers, service providers, and/or others to infringe any claim of any of Rembrandt's asserted patents.

6.     Rembrandt has not been damaged in any amount, manner, or at all by reason of any act alleged against Comcast and therefore the relief prayed for cannot be granted.

7.     Rembrandt is not entitled to permanent injunctive relief.

## FOURTH AFFIRMATIVE DEFENSE

### (Invalidity)

### Counts I-V

8.     On information and belief, Rembrandt's asserted patents are invalid at least for failure to satisfy one or more of the conditions of Title 35 United States Code, including without limitation, Sections 101, 102, 103, and 112 thereof.

## FIFTH AFFIRMATIVE DEFENSE

### (Misuse)

### Counts I-V

9.      On information and belief, Rembrandt's asserted patents have been misused by Rembrandt by the commencement and maintenance of this action, in bad faith, without probable cause in knowing, or when it should have known, that it had no valid claim of patent infringement against Comcast, and for Rembrandt's enforcement of said patents and demands for royalties and other damages with respect to products not covered by its patents.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

### Counts I-V

10.     Rembrandt's claims are barred, in whole or in part, by the doctrine of laches.

11.     More specifically, and without limiting the generality of the foregoing paragraph, Rembrandt has accused devices that practice one or more of the DOCSIS standards of infringing the patents-in-suit.

12.     Comcast and/or its predecessors in interest have used products or services that comply with one or more of the DOCSIS standards since no later than May of 1998.  Rembrandt knew or reasonably should have known that Comcast and/or its predecessors in interest had used such products or services at that time and since.  However, Rembrandt failed to assert its current claims that Comcast infringes the patents-in-suit until November of 2006.

13.     Rembrandt's delay in filing suit is unreasonable and inexcusable, and has caused Comcast material evidentiary and/or economic prejudice.  Rembrandt's claims are accordingly barred by the doctrine of laches.

## COUNTERCLAIMS

Defendant and Counterclaimant Comcast asserts the following counterclaims against

Rembrandt:

1.      Comcast Corp. is a corporation incorporated under the laws of Pennsylvania, having its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania. Comcast Cable is a corporation incorporated under the laws of Delaware having its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania.

2.      Comcast is informed and believes, and therefore alleges, that Rembrandt is a corporation incorporated under the laws of the State of New Jersey, with its principal place of business in Bala Cynwyd, Pennsylvania.

3.      In its Counterclaims, Comcast seeks declarations of invalidity and non-infringement of Rembrandt's asserted patents.  As such, jurisdiction is proper pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and as arising under the Patent Laws of the United States, Title 35, United States Code.

4.      This Court has personal jurisdiction over Rembrandt.

5.      Venue in this district is proper with regards to this counterclaim under 28 U.S.C. §§ 1391 and 1400.

<u>**FIRST COUNTERCLAIM FOR RELIEF**</u>

<u>**Counterclaim for Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 5,008,903**</u>

6.      Comcast realleges and incorporates by reference Paragraphs 1 through 5 above.

7.      As a result of the charges of infringement against Comcast, an actual controversy exists as to infringement, invalidity, and misuse of U.S. Patent No. 5,008,903.

8.      Comcast realleges and incorporates by reference its responses as set forth under the headings "Answer" and "Affirmative Defenses" herein.

9.      Comcast has not infringed, and is not now infringing, U.S. Patent No. 5,008,903.

10.     Comcast has not caused others to infringe, and is not now causing others to infringe, Rembrandt's asserted patents.

11.     Rembrandt's asserted patents are invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, and 112.

12.     Rembrandt has committed patent misuse by bringing this action with knowledge that Rembrandt's asserted patents are invalid and/or not infringed.

13.     This counterclaim is exceptional under 35 U.S.C. § 285 and Comcast is entitled to an award of its reasonable attorneys' fees.

## SECOND COUNTERCLAIM FOR RELIEF

### Counterclaim for Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 5,710,761

14.     Comcast realleges and incorporates by reference Paragraphs 1 through 13 above.

15.     As a result of the charges of infringement against Comcast, an actual controversy exists as to infringement, invalidity, and misuse of U.S. Patent No. 5,710,761.

16.     Comcast realleges and incorporates by reference its responses as set forth under the headings "Answer" and "Affirmative Defenses" herein.

17.     Comcast has not infringed, and is not now infringing, U.S. Patent No. 5,710,761.

18.     Comcast has not caused others to infringe, and is not now causing others to infringe, Rembrandt's asserted patents.

19.     Rembrandt's asserted patents are invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, and 112.

20.     Rembrandt has committed patent misuse by bringing this action with knowledge that Rembrandt's asserted patents are invalid and/or not infringed.

21.     This counterclaim is exceptional under 35 U.S.C. § 285 and Comcast is entitled to an award of its reasonable attorneys' fees.

## THIRD COUNTERCLAIM FOR RELIEF

### Counterclaim for Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 5,778,234

22.     Comcast realleges and incorporates by reference Paragraphs 1 through 21 above.

23.     As a result of the charges of infringement against Comcast, an actual controversy exists as to infringement, invalidity, and misuse of U.S. Patent No. 5,778,234.

24.     Comcast realleges and incorporates by reference its responses as set forth under the headings "Answer" and "Affirmative Defenses" herein.

25.     Comcast has not infringed, and is not now infringing, U.S. Patent No. 5,5,778,234.

26.     Comcast has not caused others to infringe, and is not now causing others to infringe, Rembrandt's asserted patents.

27.     Rembrandt's asserted patents are invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, and 112.

28.     Rembrandt has committed patent misuse by bringing this action with knowledge that Rembrandt's asserted patents are invalid and/or not infringed.

29.     This counterclaim is exceptional under 35 U.S.C. § 285 and Comcast is entitled to an award of its reasonable attorneys' fees.

## FOURTH COUNTERCLAIM FOR RELIEF

### Counterclaim for Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 6,131,159

30.     Comcast realleges and incorporates by reference Paragraphs 1 through 29 above.

31.     As a result of the charges of infringement against Comcast, an actual controversy exists as to infringement, invalidity, and misuse of U.S. Patent No. 6,131,159.

32.     Comcast realleges and incorporates by reference its responses as set forth under the headings "Answer" and "Affirmative Defenses" herein.

33.     Comcast has not infringed, and is not now infringing, U.S. Patent No. 6,131,159.

34.     Comcast has not caused others to infringe, and is not now causing others to infringe, Rembrandt's asserted patents.

35.     Rembrandt's asserted patents are invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, and 112.

36.     Rembrandt has committed patent misuse by bringing this action with knowledge that Rembrandt's asserted patents are invalid and/or not infringed.

37.     This counterclaim is exceptional under 35 U.S.C. § 285 and Comcast is entitled to an award of its reasonable attorneys' fees.

## FIFTH COUNTERCLAIM FOR RELIEF

### Counterclaim for Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 6,950,444

38.     Comcast realleges and incorporates by reference Paragraphs 1 through 37 above.

39.     As a result of the charges of infringement against Comcast, an actual controversy exists as to infringement, invalidity, and misuse of U.S. Patent No. 6,950,444.

40.     Comcast realleges and incorporates by reference its responses as set forth under the headings "Answer" and "Affirmative Defenses" herein.

41.     Comcast has not infringed, and is not now infringing, U.S. Patent No. 6,950,444.

42.     Comcast has not caused others to infringe, and is not now causing others to infringe, Rembrandt's asserted patents.

43.     Rembrandt's asserted patents are invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, and 112.

44.     Rembrandt has committed patent misuse by bringing this action with knowledge that Rembrandt's asserted patents are invalid and/or not infringed.

45.     This counterclaim is exceptional under 35 U.S.C. § 285 and Comcast is entitled to an award of its reasonable attorneys' fees.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Comcast demands a trial by jury of all issues so triable in this action, including without limitation, those issues raised in the Complaint, Answer, Affirmative Defenses, and Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Comcast prays for judgment against Rembrandt as follows:

A.     For dismissal of Rembrandt's Complaint with prejudice and that the relief requested be denied;

B.     For a judgment declaring that no claim of the Rembrandt patent(s) has been infringed willfully, deliberately, or otherwise by Comcast;

C.     For a judgment declaring that each and every claim of the Rembrandt patent(s) is invalid;

D.     For an award of Comcast's reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

G.     For such other and further relief as the Court may deem just and fair.

Respectfully submitted,


_____/s/ Jennifer Haltom Doan_____

Jennifer Haltom Doan, Esq.
Texas Bar No. 08809050
John P. Perkins, III
Texas Bar No. 24043457
HALTOM & DOAN
6500 N. Summerhill Road, Suite 1A
Texarkana, TX  75503
Telephone:  (903) 255-1000
Facsimile:  (903) 255-0800
Email:  jdoan@haltomdoan.com

Brian L. Ferrall
Leo Lam
Mathew Werdegar
Eric MacMichael
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188
Email:  blf@kvn.com

**Attorneys for Defendants
COMCAST CORPORATION,
COMCAST CABLE COMMUNICATIONS,
LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 21st day of December  2006.

_____/s/_____  Jennifer Haltom Doan_____
Jennifer Haltom Doan

# SEALED

# DOCUMENT

AO 458 (Rev. 10/95)   Appearance

# UNITED STATES DISTRICT COURT

| EASTERN | DISTRICT OF | TEXAS |

### APPEARANCE

REMBRANDT TECHNOLOGIES, LP v. COMCAST CORP. , et. al.     Case Number:  2-06CV-506-TJW

To the Clerk of this court and all parties of record:

Enter my appearance as counsel in this case for

REMBRANDT TECHNOLOGIES, LP

I certify that I am admitted to practice in this court.

| 1/3/2007 | | /s/ Matthew R. Berry | |
| Date | | Signature | |
| | | Matthew R. Berry | 37364 |
| | | Print Name | Bar Number |
| | | 1201 Third Avenue, Suite 3800 | |
| | | Address | |
| | | Seattle | WA | 98101 |
| | | City | State | Zip Code |
| | | (206) 516-3804 | (206) 516-3883 |
| | | Phone Number | Fax Number |

AO 458 (Rev. 10/95)   Appearance

# UNITED STATES DISTRICT COURT

| EASTERN | DISTRICT OF | TEXAS |

### APPEARANCE

REMBRANDT TECHNOLOGIES, LP v. COMCAST CORP. , et. al.      Case Number:  2-06CV-506-TJW

To the Clerk of this court and all parties of record:

Enter my appearance as counsel in this case for

REMBRANDT TECHNOLOGIES, LP

I certify that I am admitted to practice in this court.

| 1/3/2007 | /s/ Brooke A. M. Taylor | |
|---|---|---|
| Date | Signature | |
| | Brooke A. M. Taylor | 33190 |
| | Print Name | Bar Number |
| | 1201 Third Avenue, Suite 3800 | |
| | Address | |
| | Seattle          WA | 98101 |
| | City          State | Zip Code |
| | (206) 516-3804 | (206) 516-3883 |
| | Phone Number | Fax Number |

AO 458 (Rev. 10/95)   Appearance

# UNITED STATES DISTRICT COURT

| EASTERN | DISTRICT OF | TEXAS |
|---|---|---|

## APPEARANCE

Rembrandt Technologies, LP v. Comcast Corp., et. al.

Case Number:  2-06-cv-506-TJW

To the Clerk of this court and all parties of record:

Enter my appearance as counsel in this case for

REMBRANDT TECHNOLOGIES, LP

I certify that I am admitted to practice in this court.

| 1/3/2007 | | /s/ Joseph S. Grinstein | |
|---|---|---|---|
| Date | | Signature | |
| | | Joseph S. Grinstein | 24002188 |
| | | Print Name | Bar Number |
| | | 1000 Louisiana, Suite 5100 | |
| | | Address | |
| | | Houston | TX | 77002-5096 |
| | | City | State | Zip Code |
| | | (713) 653-7823 | (713) 654-3356 |
| | | Phone Number | Fax Number |

AO 458 (Rev. 10/95)  Appearance

# UNITED STATES DISTRICT COURT

EASTERN                    DISTRICT OF                    TEXAS

## APPEARANCE

REMBRANDT TECHNOLOGIES, LP v. COMCAST CORP., et al      Case Number:  2-06CV-506-TJW

To the Clerk of this court and all parties of record:

Enter my appearance as counsel in this case for

REMBRANDT TECHNOLOGIES, LP

I certify that I am admitted to practice in this court.

| 1/8/2007 | |
|---|---|
| Date | Signature |
| | Tibor L. Nagy                    24041562 |
| | Print Name                       Bar Number |
| | 590 Madison Avenue, 8th Floor |
| | Address |
| | New York        NY        10022 |
| | City        State        Zip Code |
| | (212) 336-8330        (212) 336-8340 |
| | Phone Number        Fax Number |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | Case No. 2-06CV-506-TJW |
| v. | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| COMCAST CORPORATION; COMCAST | ) | |
| CABLE COMMUNICATIONS, LLC; | ) | |
| and COMCAST OF PLANO, LP, | ) | |
| | ) | |
| *Defendants* | ) | |

## PLAINTIFF'S REPLY TO DEFENDANTS' COUNTERCLAIMS

Plaintiff Rembrandt Technologies, LP ("Rembrandt") hereby responds to the Counterclaims of Defendants Comcast Corporation ("Comcast Corp."), Comcast Cable Communications, LLC ("Comcast Cable"), and Comcast of Plano, LP ("Comcast Plano") (collectively "Comcast") filed December 21, 2006. All allegations not expressly admitted are denied.

    1.      Admitted.

    2.      Admitted.

    3.      Rembrandt admits that this Court has jurisdiction over Comcast's Counterclaims. The remaining allegations of this paragraph do not require a response.

    4.      Admitted.

    5.      Admitted.

## FIRST COUNTERCLAIM FOR RELIEF

6.      Rembrandt incorporates by reference its responses contained in Paragraphs 1 through 5 above.

7.      Rembrandt admits that an actual controversy exists between the parties regarding U.S. Patent No. 5,008,903.

8.      Paragraphs 1-30 of Comcast's Answer do not require a response.  Rembrandt denies all allegations contained in Comcast's Affirmative Defenses.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

## SECOND COUNTERCLAIM FOR RELIEF

14.     Rembrandt incorporates by reference its responses contained in Paragraphs 1 through 13 above.

15.     Rembrandt admits that an actual controversy exists between the parties regarding U.S. Patent No. 5,710,761.

16.     Paragraphs 1-30 of Comcast's Answer do not require a response.  Rembrandt denies all allegations contained in Comcast's Affirmative Defenses.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

## THIRD COUNTERCLAIM FOR RELIEF

22.     Rembrandt incorporates by reference its responses contained in Paragraphs 1 through 21 above.

23.     Rembrandt admits that an actual controversy exists between the parties regarding U.S. Patent No. 5,778,234.

24.     Paragraphs 1-30 of Comcast's Answer do not require a response.  Rembrandt denies all allegations contained in Comcast's Affirmative Defenses.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

## FOURTH COUNTERCLAIM FOR RELIEF

30.     Rembrandt incorporates by reference its responses contained in Paragraphs 1 through 29 above.

31.     Rembrandt admits that an actual controversy exists between the parties regarding U.S. Patent 6,131,159.

32.     Paragraphs 1-30 of Comcast's Answer do not require a response.  Rembrandt denies all allegations contained in Comcast's Affirmative Defenses.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

## FIFTH COUNTERCLAIM FOR RELIEF

38.     Rembrandt incorporates by reference its responses contained in Paragraphs 1 through 37 above.

39.     Rembrandt admits that an actual controversy exists between the parties regarding U.S. Patent 6,950,444.

40.     Paragraphs 1-30 of Comcast's Answer do not require a response.   Rembrandt denies all allegations contained in Comcast's Affirmative Defenses.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

## JURY DEMAND

This paragraph does not require a response.

## PRAYER FOR RELIEF

Rembrandt denies that Comcast is entitled to any relief.

Dated:  January 9, 2007.                  **SUSMAN GODFREY L.L.P.**


                                          By: /s/ Max L. Tribble, Jr.
                                             Max L. Tribble, Jr.
                                             State Bar No. 20213950
                                             Email: mtribble@susmangodfrey.com
                                             Susman Godfrey L.L.P.
                                             1000 Louisiana Street, Suite 5100
                                             Houston, TX 77002
                                             Telephone:  (713) 651-9366
                                             Facsimile: (713) 654-6666


OF COUNSEL:

Edgar Sargent
WA State Bar No. 28283
Email: esargent@susmangodfrey.com
Susman Godfrey L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883

Brooke A.M. Taylor
WA State Bar No. 33190
Email: btaylor@susmangodfrey.com
Susman Godfrey L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883

Tibor L. Nagy
TX Bar 24041562
Email: tnagy@susmangodfrey.com
Susman Godfrey L.L.P.
590 Madison Ave., 8th Floor
New York, NY 10022
Main Telephone: (212) 336-8330
Main Fax: (212) 336-8340

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served on the following counsel of record, this 9th day of January, 2007, via email and in accordance with the FRCP:

Jennifer Haltom Doan
jdoan@haltomdoan.com
HALTOM AND DOAN LLP
6500 North Summerhill Road
Crown Executive Center, Suite 1 A
Texarkana, TX 75505

Brian L. Ferrall
blf@kvn.com
Leo Lam
Mathew Werdegar
Eric MacMichael
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111-1704
    *Attorneys for Comcast Corporation,*
    *Comcast Cable Communications, LLC and*
    *Comcast of Plano, LP*

/s/ Max L. Tribble, Jr.
Max L. Tribble, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| VS. | § | Civil Case No. 2:06-CV-506 TJW |
| | § | |
| COMCAST CORPORATION; COMCAST | § | JURY TRIAL REQUESTED |
| CABLE COMMUNICATIONS, LLC; | § | |
| and COMCAST OF PLANO, LP | § | |

## NOTICE OF APPEARANCE

Notice is hereby given that the undersigned attorney, Otis Carroll, enters his appearance in

this matter for Plaintiff, Rembrandt Technologies, LP, for purposes of receiving notices and orders

from the Court.

DATED this 15th day of January, 2007.

Respectfully submitted,

BY: /s/ Otis Carroll_____
Otis Carroll
State Bar No. 03895700
Ireland, Carroll & Kelley, PC
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax: (903) 581-1071
Email: Fedserv@icklaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have
consented to electronic service are being served with a copy of this document via the Court's
CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by
facsimile transmission and/or first class mail this 15th day of January, 2007.

/s/ Otis Carroll_____
Otis Carroll

.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| VS. | § | Civil Case No. 2:06-CV-506 TJW |
| | § | |
| COMCAST CORPORATION; COMCAST | § | JURY TRIAL REQUESTED |
| CABLE COMMUNICATIONS, LLC; | § | |
| and COMCAST OF PLANO, LP | § | |

## NOTICE OF APPEARANCE

Notice is hereby given that the undersigned attorney, Collin M. Maloney, enters his appearance in this matter for Plaintiff, Rembrandt Technologies, LP, for purposes of receiving notices and orders from the Court.

DATED this 15th day of January, 2007.

Respectfully submitted,

BY: /s/ Collin M. Maloney
Collin M. Maloney
State Bar No. 00794219
Ireland, Carroll & Kelley, PC
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax: (903) 581-1071
Email: Fedserv@icklaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 15th day of January, 2007.

/s/ Collin Maloney

.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| VS. | § | Civil Case No. 2:06-CV-506 TJW |
| | § | |
| COMCAST CORPORATION; COMCAST | § | JURY TRIAL REQUESTED |
| CABLE COMMUNICATIONS, LLC; | § | |
| and COMCAST OF PLANO, LP | § | |

## NOTICE OF APPEARANCE

Notice is hereby given that the undersigned attorney, Patrick Kelley, enters his appearance

in this matter for Plaintiff, Rembrandt Technologies, LP, for purposes of receiving notices and

orders from the Court.

DATED this 15th day of January, 2007.

Respectfully submitted,

BY: /s/ Patrick Kelley
Patrick Kelley
State Bar No. 11202500
Ireland, Carroll & Kelley, PC
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax: (903) 581-1071
Email: Fedserv@icklaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have
consented to electronic service are being served with a copy of this document via the Court's
CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by
facsimile transmission and/or first class mail this 15th day of January, 2007.

/s/ Patrick Kelley

Revised: 12/3/03

**Appendix K**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION
### APPLICATION TO APPEAR PRO HAC VICE

FILED-CLERK
U.S. DISTRICT COURT

2007 JAN 12 PM 12: 55

TX EASTERN-MARSHALL

BY _____

1 This application is being made for the following: Case #____ 06-CV-506-TJW

Style: Rembrandt Technologies, LP v. Comcast Corp., et. al.

2. Applicant is representing the following party/ies:

Rembrandt Technologies, LP

3. Applicant was admitted to practice in ___ WA ___ (state) on 10/28/1998 _____ (date).

4 Applicant is in good standing and is otherwise eligible to practice law before this court

5. Applicant is not currently suspended or disbarred in any other court

6. Applicant has (has not) had an application for admission to practice before another court denied (please circle appropriate language) If so, give complete information on a separate page

7 Applicant has (has not) ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page

8. Applicant has (has not) been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle) If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:  USDC W.D. of WA
                                                                      USDC E.D. of WA

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d))

14. Applicant understands that (he)/she is being admitted for the limited purpose of appearing in the case specified above only

**Application Oath:**

I, _____ Edgar Sargent _____ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date 1/3/2007 _____          Signature _____

Name (please print) _Edgar Sargent_

State Bar Number _28283_

Firm Name: _Susman Godfrey LLP_

Address/P O Box: _1201 3rd Ave, Ste. 3800_

City/State/Zip: _Seattle, WA 98101_

Telephone #: _200.516.3804_

Fax #: _2010.516.3883_

E-mail Address: _Esargent@susmangodfrey.com_

Secondary E-Mail Address: _Shoutstra@susmangodfrey.com_

Applicant is authorized to enter an appearance as counsel for the party/parties listed above   This application has been approved for the court this _1_ day of _Jan_, 20_07_

David J. Maland, Clerk

U.S District Court, Eastern District of Texas

By _____

Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:05-CV-443-TJW |
| | ) | |
| COMCAST CORPORATION, COMCAST | ) | |
| CABLE COMMUNICATIONS, LLC, | ) | |
| COMCAST OF PLANO, LP, | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-CV-506-TJW |
| | ) | |
| COMCAST CORPORATION, COMCAST | ) | |
| CABLE COMMUNICATIONS, LLC, | ) | |
| COMCAST OF PLANO, LP, | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-CV-047-TJW |
| | ) | |
| SHARP CORPORATION and SHARP | ) | |
| ELECTRONICS CORP. | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

US2000 9828424.1

REMBRANDT TECHNOLOGIES, LP    )
                                     )

    **Plaintiff,**            )

                                     )

**v.**                                  ) **Case No. 2:06-CV-369-TJW**

                                   )

**TIME WARNER CABLE, INC.**    )

                                   )

    **Defendant**           )

_____  )

 

REMBRANDT TECHNOLOGIES, LP    )
                                     )

    **Plaintiff,**            )

                                     )

**v.**                                  ) **Case No. 2:06-CV-224-TJW**

                                   )

**TIME WARNER CABLE, INC.**    )

                                   )

    **Defendant**           )

_____  )

 

REMBRANDT TECHNOLOGIES, LP    )
                                     )

    **Plaintiff,**            )

                                     )

**v.**                                  ) **Case No. 2:06-CV-507-TJW**

                                   )

**CHARTER COMMUNICATIONS, INC.,**  )
**CHARTER COMMUNICATIONS**    )
**OPERATING, LLC, COXCOM,**      )
**INC., CSC HOLDINGS, INC., and**    )
**CABLEVISION**                     )
**SYSTEMS CORPORATION**        )

                                   )

    **Defendants**          )

_____  )

| | |
|---|---|
| **REMBRANDT TECHNOLOGIES, LP** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 2:06-CV-223-TJW** |
| | ) |
| **CHARTER COMMUNICATIONS, INC.,** | ) |
| **CHARTER COMMUNICATIONS** | ) |
| **OPERATING, LLC, COXCOM,** | ) |
| **INC., CSC HOLDINGS, INC., and** | ) |
| **CABLEVISION** | ) |
| **SYSTEMS CORPORATION** | ) |
| | ) |
| **Defendants** | ) |
| _____ | ) |

### NOTICE OF FILING MOTION FOR TRANSFER AND CONSOLIDATION OF REMRBANDT TECHNOLOGIES, LP PATENT LITIGATION PURSUANT TO 28 U.S.C. § 1407

PLEASE TAKE NOTICE that, pursuant to J.P.M.L. Rule 5.2(b), on March 9th, 2007, CoxCom, Inc. filed its Motion for Transfer and Consolidation of the Rembrandt Technologies, LP Patent Litigation Pursuant to 28 U.S.C. § 1407 with the Judicial Panel on Multidistrict Litigation in Washington, D.C. CoxCom, Inc. is a named defendant in both *Rembrandt Technologies, LP v. Charter Communications, Inc., et. al.*; Civil Action No. 2:06-CV-507, and *Rembrandt Technologies, LP v. Charter Communications, Inc., et. al.*; Civil Action No. 2:06-CV-223, both pending before Judge T. John Ward in the Eastern District of Texas. Enclosed with this Notice are copies of the motion for transfer and consolidation and all documents in support thereof.

Dated: March 9th, 2006.

Respectfully Submitted

*Mitchell G. Stockton*

KILPATRICK STOCKTON
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
(404) 815-6500
(404) 815-6555 (facsimile)
Mstockwell@kilpatrickstockton.com
Sgriffin@kilpatrickstockton.com

Mitchell G. Stockton
R. Scott Griffin

Tonya R. Deem
KILPATRICK STOCKTON
1001 West Fourth Street
Winston-Salem, NC 27101-2400
(336) 607-7300
(336) 607-7500 (facsimile)
tdeem@kilpatrickstockton.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
PO Box 359
Tyler, Texas 75710
Telephone: 903-597-8311
Facsimile: 903-593-0846

**ATTORNEYS FOR COXCOM, INC**.

## CERTIFICATE OF SERVICE

The Undersigned certifies that a copy of the NOTICE OF FILING MOTION FOR

TRANSFER AND CONSOLIDATION OF REMBRANDT TECHNOLOGIES, LP

PATENT LITIGATION PURSUANT TO 28 U.S.C. § 1407 was filed electronically in

compliance with local rule CV-5(a) and contemporaneously served by first class mail on all

counsel of record in the above-captioned cases.

Mitchell G. Stockton
KILPATRICK STOCKTON
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
(404) 815-6500
(404) 815-6555 (facsimile)
mstockton@kilpatrickstockton.com

**ATTORNEY FOR COXCOM, INC**.

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In re:

Rembrandt Technologies, LP Patent
Litigation

MDL Docket No.

**CERTIFICATE OF SERVICE**

Mitchell G. Stockwell
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101-2400
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500

**ATTORNEYS FOR COXCOM, INC.**

1

**CERTIFICATE OF SERVICE**

I hereby certify that on 9th day of March, 2007, copies of the following documents:

1. Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407;

2. Memorandum of Law in Support Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407;

3. Exhibits in Support of Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407;

4. Notice of Appearance of Counsel;

5. Corporate Disclosure Statement; and

6. Notice of Filing Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407 [for each party's respective case].

were served by U.S. Mail, postage pre-paid, upon the following parties and counsel on the

attached Service List.

I further certify that on the 9th day of March, 2007, pursuant to Rule 5.2(b) of the

Judicial Panel on Multidistrict Litigation, I caused to be served the following documents by

U.S. Mail, postage pre-paid:

1. Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407;

2. Memorandum of Law in Support Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407;

3. Exhibits in Support of Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407;

4. Notice of Appearance of Counsel;

5. Corporate Disclosure Statement; and

US2000 9814326 1 C8490-331049

6. Notice of Filing Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407 [to District Courts for the following cases:].

<u>U.S. District Court for the Eastern District of Texas</u>
Case No. 02:05-cv-443-TJW; Case No. 02:06-cv-047-TJW; Case No. 02:05-cv-223-TJW; Case No. 02:06-cv-224-TJW; Case No. 02:06-cv-369-TJW; Case No. 02:06-cv-506-TJW; Case No. 02:06-cv-507-TJW

<u>U. S. District Court for the District of Delaware</u>
Case No. 1:06-cv-635-GMS; Case No. 1:06-cv-721-GMS; Case No. 1:06-cv-727-GMS; Case No. 1:06-cv-729-GMS; Case No. 1:06-cv-730-GMS; Case No. 1:06-cv-731-GMS

<u>U. S. District Court for the Southern District of New York</u>
Case No. 1:07-cv-214-WHP

<u>U. S. Bankruptcy Court for the Southern District of New York</u>
Case No. 06-01739-REG

The above documents were filed in electronic format using the CM/ECF system to the following United States District Courts: U.S. District Court for the Eastern District of Texas, Marshall Division; U. S. District Court for the Southern District of New York, Foley Square Division; and U. S. Bankruptcy Court for the Southern District of New York, Manhattan Division.

The above documents were sent in paper format via Federal Express to the Clerk of the Court of for the U. S. District Court for the District of Delaware, Wilmington Division for filing.

3

US2000 9814326 1 C8490-331049

This the 9th day of March 2007.

_Mitchell G. Stockwell_

Mitchell G. Stockwell
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101-2400
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500

**ATTORNEYS FOR COXCOM, INC.**

4

# In re: Rembrandt Technologies, LP Patent Litigation Service List
## Parties Represented by Counsel

Steven J. Balick, Esq.
Lauren E. Maguire, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
lmaguire@@ashby-geddes.com
*Attorneys for Plaintiff and Counter Defendant Rembrandt Technologies LP*
*1:06-cv-00727 (D. Del.); 1:06-cv-00729 (D. Del.); 1:06-cv-00730 (D. Del.);*
*1:06-cv-00731 (D. Del.)*

Samuel Franklin Baxter, Esq.
PO Box O
Marshall, TX 75671
sbaxter@mckoolsmith.com
*Attorney for Plaintiff Rembrandt Technologies, LP*
*2:06-cv-000047 ( E.D. Tex.); 2:06-cv-00224 (E.D. Tex.);*
*Attorney for Plaintiff and Counter Defendant Rembrandt Technologies, LP 2:06-cv-00223 (E.D. Tex.); 2:05-cv-443 (E.D. Tex.)*

David J. Beck, Esq.
Beck Redden & Secrest
1221 McKinney Street, Suite 4500
One Huston Center
Houston, TX 77010
dbeck@brsfirm.com
ggannaway@brsfirm.com
*Attorney for Plaintiff Rembrandt Technologies, LP 2:05-cv-443 (E.D. Tex.)*

Denis Ticak, Esq.
Benesch Friedlander Coplan & Aronoff-Cleveland
2300 BP Tower
200 Public Square
Cleveland, OH 44114
dticak@bfca.com
*Attorney for Plaintiff Rembrandt Technologies, LP 2:05-cv-443 (E.D. Tex.)*

Elizabeth L. DeRieux, Esq.
Sidney Calvin Capshaw, III, Esq.
Andrew Wesley Spangler, Esq.
Brown Carroll - Longview
1127 Judson Road, Suite 220
PO Box 3999
Longview, TX 75606
ederieux@mailbmc.com
ccapshaw@mailbmc.com
aspangler@mailbmc.com
*Attorneys for Plaintiff Rembrandt Technologies, LP*
*2:05-cv-443 (E.D. Tex.); 2:06-cv-00224 (E.D. Tex.); 2:06-cv-00507 (E.D. Tex.) 2:06-cv-00506 (E.D. Tex.)*

Gerald Levy, Esq.
Richard H. Brown, Esq.
Yukio Kashiba, Esq.
Day Pitney LLP
7 Times Square
New York, NY 10036-7311
glevy@pitneyhardin.com
rbrown@pitneyhardin.com
ykashiba@pitneyhardin.com
*Attorneys for Defendant and Counter Claimant Sharp Electronics Corp.*
*2:06-cv-000047 ( E.D. Tex.)*

Robert W. Faulkner, Esq.
JAMS
8401 North Central Expressway, Suite 610
Dallas, TX 75225
rfaulkner@jamsadr.com
*Mediator 2:05-cv-443 (E.D. Tex.)*

Amanda J. Tessar, Esq.
David A. Segal, Esq.
Gibson Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Email: atessar@gibsondunn.com
Email: dsegal@gibsondunn.com
*Attorneys for Defendants and Counter Claimants Cablevision Systems Corporation and CSC Holdings Inc. 1:06-cv-00635 (D. Del.)*

Harry Lee Gillam, Jr., Esq.
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
gil@gillamsmithlaw.com
*Attorney for Defendants Comcast Corporation, Comcast Cable Communications, LLC and Comcast of Plano, LP*
*2:05-cv-443 (E.D. Tex.)*

Jennifer Haltom Doan, Esq.
Haltom and Doan LLP
6500 North Summerhill Road
Crown Executive Center Suite 1A
PO Box 6227
Texarkana, TX 75505
jdoan@haltomdoan.com
*Attorney for Defendants and Counter Claimants Comcast Corporation, Comcast Cable Communications, LLC, Comcast of Plano, LP, , 2:05-cv-443 (E.D. Tex.);*
*Attorney for Defendants and Counter Claimants Comcast Corporation, Comcast Cable Communications, LLC and Comcast of Plano, LP 2:06-cv-00506 (E.D. Tex.)*

# In re: Rembrandt Technologies, LP Patent Litigation Service List
## Parties Represented by Counsel

Otis W. Carroll, Jr., Esq.
Collin Michael Maloney, Esq.
James Patrick Kelley, Esq.
Ireland Carroll & Kelley
6101 S. Broadway, Suite 500
Tyler, TX 75703
fedserv@icklaw.com
patkelley@icklaw.com
*Attorneys for Plaintiff Rembrandt Technologies, LP 2:05-cv-443 (E.D. Tex.); 2:06-cv-00506 (E.D. Tex.); 2:06-cv-00224 (E.D. Tex.); 2:06-cv-00507 (E.D. Tex.)*

Franklin Jones, Jr., Esq.
Jones & Jones – Marshall
201 W Houston St
PO Drawer 1249
Marshall, TX 75670
maizieh@millerfirm.com
*Attorneys for Plaintiff Rembrandt Technologies, LP 2:05-cv-443 (E.D. Tex.); 2:06-cv-00506 (E.D. Tex.); 2:06-cv-00224 (E.D. Tex.); 2:06-cv-00223 (E.D. Tex.); 2:06-cv-00507 (E.D. Tex.)*

David S. Benyacar, Esq.
Michael A. Rogoff, Esq.
Kaye Scholer – New York
425 Park Avenue
New York, NY 10022
dbenyacar@kayescholer.com
mrogoff@kayescholer.com
*Attorneys for Defendant Time Warner Cable Inc. 2:06-cv-00224 (E.D. Tex.)*
*Attorneys for Movant Time Warner Cable, Inc. 2:05-cv-443 (E.D. Tex.)*

Daralyn J. Durie, Esq.
Leo L. Lam, Esq.
Matthias Andreas Kamber, Esq.
Steven K. Yoda, Esq.
Asim M. Bhansali, Esq.
Brian L. Ferrall, Esq.
Eric MacMichael, Esq.
Matthew M. Werdegar, Esq.
Keker & Van Nest
710 Sansome St
San Francisco, CA 94111
ddurie@kvn.com
llam@kvn.com
mkamber@kvn.com
syoda@kvn.com
abhansali@svn.com
bferrall@kvn.com
emacmichael@kvn.com
mwerdegar@kvn.com
*Attorneys for Defendant and Counter Claimant Comcast Corporation Defendant and Counter Claimant Comcast Cable Communications, LLC, Defendant and Counter Claimant Comcast of Plano, LP 2:05-cv-443 (E.D. Tex.)*

Candice C. Decaire, Esq.
Leroy M. Toliver, Esq.
Mitchell G. Stockwell, Esq.
R. Scott Griffin, Esq.
Kilpatrick Stockton LLP – Atlanta
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309-4530
cdecaire@kilpatrickstockton.com
btoliver@kilpatrickstockton.com
mstockwell@kilpatrickstockton.com
sgriffin@kilpatrickstockton.com
*Attorneys for Defendant Coxcom, Inc. 2:06-cv-00223 (E.D. Tex.); 2:06-cv-00507 (E.D. Tex.)*
*Attorneys for Plaintiff Coxcom Inc. 1:06-cv-00721 (D. Del.)*

Tonya R. Deem, Esq.
Kilpatrick Stockton LLP
1001 W. Fourth Street
Winston-Salem, NC 27101
tdeem@kilpatrickstockton.com
*Attorney for Defendant Coxcom, Inc. 2:06-cv-00223 (E.D. Tex.); 2:06-cv-00507 (E.D. Tex.)*
*Attorney for Plaintiff Coxcom, Inc. 1:06-cv-00721 (D. Del)*

Bradford P. Lyerla, Esq.
Charles Edward Juister, Esq.
Gregory E. Stanton, Esq.
Jon-Thomas Bloch, Esq.
Kevin D. Hogg, Esq.
Margaret Lynn Begalle, Esq.
Paul Bryan Stephens, Esq.
William Joseph Kramer, Esq.
Marshall Gerstein & Borun
233 S. Wacker Dr.
6300 Sears Tower
Chicago, IL 60606-6357
blyerla@marshallip.com
cjuister@marshallip.com
gstanton@marshallip.com
jbloch@marshallip.com
khogg@marshallip.com
mbegalle@marshallip.com
pstephens@marshallip.com
wkramer@marshallip.com
*Attorneys for Defendants Charter Communications, Inc. and Charter Communications Operating, LLC 2:06-cv-00223 (E.D. Tex.); 2:06-cv-00507 (E.D. Tex.)*

2

# In re: Rembrandt Technologies, LP Patent Litigation Service List
## Parties Represented by Counsel

David Sochia, Esq.
Douglas A. Cawley, Esq.
Bradley Wayne Caldwell, Esq.
Jeffrey A. Carter, Esq.
McKool Smith- Dallas
300 Crescent Court, Suite 1500
Dallas, TX 75201
dcawley@mckoolsmith.com
dsochia@mckoolsmith.com
bcaldwell@mckoolsmith.com
jcarter@mckoolsmith.com
*Attorneys for Plaintiff and Counter Defendant Rembrandt Technologies, LP 2:06-cv-000047 ( E.D. Tex.)*
*Attorneys for Plaintiff Rembrandt Technologies, LP 2:05-cv-443 (E.D. Tex.); 2:06-cv-00224 (E.D. Tex.); 2:06-cv-00223 (E.D. Tex.)*

John Franklin Garvish, II, Esq.
Travis Gordon White, Esq.
McKool Smith – Austin
300 W. 6th St
Ste 1700
Austin, TX 78701
jgarvish@mckoolsmith.com
gwhite@mckoolsmith.com
*Attorneys for Plaintiff Rembrandt Technologies, LP 2:05-cv-443 (E.D. Tex.); 2:06-cv-00224 (E.D. Tex.); 2:06-cv-00223 (E.D. Tex.)*

Rodger Dallery Smith, II, Esq.
Leslie A. Polizoti, Esq.
Jack B. Blumenfeld, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
rdsefiling@mnat.com
lpolizoti@mnat.com
jbbefiling@mnat.com
*Attorneys for Plaintiff Coxcom Inc. 1:06-cv-00721 (D. Del)*
*Attorneys for Defendant Rembrandt Technologies LP 1:06-cv-00721 (D. Del)*
*Attorneys for Defendant and Counter Claimant CBS Corporation 1:06-cv-00727 (D. Del.)*
*Attorneys for Defendant and Counter Claimant NBC Universal Inc.1:06-cv-00729 (D. Del.)*
*Attorneys for Defendant and Counter Claimant ABC Inc.1:06-cv-00730 (D. Del.)*

William L. Anthony, Esq.
William W. Oxley, Esq.
Orrick Herrington & Sutcliff LLP
1000 Marsh Road
Menlo Park, CA 94025
wanthony@orrick.com
woxley@orrick.com
*Attorneys for Defendants and Counter Claimants Fox Entertainment Group, Inc and Fox Broadcasting Company 1:06-cv-00731 (D. Del.)*

Charles Ainsworth, Esq.

Robert Christopher Bunt, Esq.
Robert M. Parker, Esq.
Parker Bunt & Ainsworth., P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
charlie@pbatyler.com
rcbunt@pbatyler.com
mparker@pbatyler.com
*Attorneys for Plaintiff and Counter Defendant Rembrandt Technologies, LP 2:06-cv-000047 ( E.D. Tex.) 2:06-cv-00224 (E.D. Tex.); 2:06-cv-00223 (E.D. Tex.); 2:05-cv-443 (E.D. Tex.)*
*Attorneys for Plaintiff Rembrandt Technologies, LP 2:06-cv-00506 (E.D. Tex.); 2:06-cv-00507 (E.D. Tex.)*

Allen Franklin Gardner, Esq.
Michael Edwin Jones, Esq.
Diane DeVasto, Esq.
Potter Minton, P.C.
110 N. College Street, Suite 500
Tyler, TX 75702
allengardner@potterminton.com
mikesjones@potterminton.com
dianedevasto@pottterminton.com
*Attorneys for Defendant and Counter Claimant Time Warner Cable Inc.*
*2:06-cv-00224 (E.D. Tex.); 2:06-cv-00369 (E.D. Tex.)*
*Attorney for Movant Time Warner Cable, Inc.2:05-cv-443 (E.D. Tex.)*
*Attorneys for Defendant Coxcom, Inc.2:06-cv-00223 (E.D. Tex.); LLC 2:06-cv-00507 (E.D. Tex.)*
*Attorneys for Counter Claimant Charter Communications, Inc. and Counter Claimant Charter Communications Operating, LLC 2:06-cv-00223 (E.D. Tex.)*
*Defendant Charter Communications, Inc. and Defendant Charter Communications Operating, LLC 2:06-cv-00507 (E.D. Tex.)*

Richard L. Horowitz, Esq.
David Ellis Moore, Esq.
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Defendants and Counter Claimants Fox Entertainment Group Inc. and Fox Broadcasting Company 1:06-cv-00731 (D. Del.)*

3

# In re: Rembrandt Technologies, LP Patent Litigation Service List
## Parties Represented by Counsel

Walter Thomas Henson, Esq.
Ramey & Flock
100 E. Ferguson, Suite 500
Tyler, TX 75702-0629
thenson@rameyflock.com
*Attorney for Defendant and Counter Claimant Sharp
Corporation; Defendant and Counter Claimant Sharp
Electronics Corp. 2:06-cv-000047 ( E.D. Tex.)*

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
cottrell@rlf.com
farnam@rlf.com
*Attorneys for Defendants and Counter Claimants
Cablevision Systems Corporation and CSC Holdings
Inc.1:06-cv-00635 (D. Del.)*

Max Lalon Tribble, Jr., Esq.
Joseph Samuel Grinstein, Esq.
Tibor L. Nagy, Esq.
Susman Godfrey LLP - Houston
1000 Louisiana Ave, Ste 5100
Houston, TX 77002-5096
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com
tangy@susmangodfrey.com
*Attorneys for Plaintiff and Counter Defendant Rembrandt
Technologies, LP 2:06-cv-00369 (E.D. Tex.) 2:06-cv-00506
(E.D. Tex.) LP 2:06-cv-00507 (E.D. Tex.)
Attorneys for Plaintiff Rembrandt Technologies, LP
Adversary Proceeding 06-01739 (S.D .N. Y)*

Brooke Ashley-May Taylor, Esq.
Edgar G. Sargent, Esq.
Matthew R. Berry, Esq.
Susman Godfrey, LLP – Seattle
1201 Third Avenue, Suite 3100
Seattle, WA 98101
btaylor@susmangodfrey.com
esargent@susmangodfrey.com
mberry@susmangodfrey.com
*Attorneys for Plaintiff and Counter Defendant Rembrandt
Technologies, LP 2:06-cv-00506 (E.D. Tex.); 2:06-cv-
00369 (E.D. Tex.);
Attorneys for Plaintiff Rembrandt Technologies, LP 2:06-
cv-00507 (E.D. Tex.); Adversary Proceeding 06-01739
(S.D .N. Y)*

Vineet Bhatia, Esq.
James L. Garrity, Jr.
Susman Godfrey LLP
590 Madison Ave., 8th Floor
New York, NY 10022
*Attorneys for Plaintiff Rembrandt Technologies, LP 1:07-
cv-00214 (S.D.N.Y.); Attorney for Plaintiff and Counter
Defendant Rembrandt Technologies, LP Adversary
Proceeding 06-01739 (S.D .N. Y)*

Shellley C. Chapman, Esq.
Willkie Farr & Gallagher, LLP
787 Seventh Avenue
New York, NY 10019-6099
maosbny@willkie.com
*Attorney for Defendants and Counter Claimants Adelphia
Communications Corporation, Century-TCI California
Communications, LP, Century-TCI Distribution Company,
LLC, Century-TCI Holdings, LLC, Parnassos
Communications, LP, Parnassos Distribution Company I,
LLC, Parnassos Distribution II, LLC, Parnassos Holdings,
LLC, Parnassos, L.P., Western NY Cablevision, LP
Adversary Proceeding 06-01739 (S.D .N. Y)*

Kevin M. Baird, Esq.
James Michael Lennon, Esq.
Womble Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue
Suite 1501
Wilmington, DE 19801
kbaird@wcsr.com
jlennon@wcsr.com
*Attorneys for Plaintiff Rembrandt Technologies LP 1:06-
cv-00635 (D. Del.)
Attorneys for Defendant Rembrandt Technologies LP 1:06-
cv-00721 (D. Del)*

US2000 9820049 1 C8490-331049

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re: | ) |
| | ) |
| Rembrandt Technologies, LP Patent Litigation | )     MDL Docket No. |
| | ) |
| | ) |

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Rule 5.3 of the Rules of Procedure of the Judicial Panel for Multidistrict Litigation, Defendant Coxcom, Inc., through its attorneys, declares that Coxcom, Inc. is a wholly owned subsidiary of Cox Enterprises, Inc., a privately owned company.

Dated: March 9th, 2006.

By:    _Mitchell G. Stockton_
          Mitchell G. Stockton
          KILPATRICK STOCKTON
          1100 Peachtree Street
          Suite 2800
          Atlanta, Georgia 30309
          (404) 815-6500
          (404) 815-6555

          **Attorney For Defendant:**
          **COXCOM, INC**.

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re: | |
| | MDL Docket No. |
| Rembrandt Technologies, LP Patent Litigation | |

**EXHIBITS IN SUPPORT OF MOTION FOR TRANSFER AND CONSOLIDATION OF REMBRANDT TECHNOLOGIES PATENT LITIGATION PURSUANT TO 28 U.S.C. § 1407**

Mitchell G. Stockwell
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101-2400
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500

US2000 9814009.1 C8490-331049

In compliance with Rule 7.1(g) of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation (the "Panel"), Defendant CoxCom, Inc. ("CoxCom")[1] herwith

submits copies of the following referenced exhibits in support of its Motion For Transfer and

Consolidation of Rembrandt Technologies Patent Litigation, file concurrently:

| Exhibit 1 | Plaintiff Rembrandt Technologies, LP Complaint, filed on February 3, 2006, in the matter of *Rembrandt Technologies, LP v. Sharp Corporation and Sharp Electronics Corporation,* No. 2:06-cv-047 (E.D. Tex.) |
| Exhibit 2 | Docket Report in the matter of *Rembrandt Technologies, LP v. Sharp Corporation and Sharp Electronics Corporation,* No. 2:06-cv-047 (E.D. Tex). |
| Exhibit 3 | Plaintiff Rembrandt Technologies, LP Complaint for Patent Infringement, filed on September 16, 2005, in the matter of *Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP*, No. 2:05-cv-443 (E.D. Tex.) |
| Exhibit 4 | Docket sheet in the matter of *Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP*, No. 2:05-cv-443 (E.D. Tex.) |
| Exhibit 5 | Memorandum Opinion and Order of Judge Ward filed February 8, 2007 Granting Motion to disqualify counsel Fish & Richardson in the matter of *Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP*, No. 2:05-cv-443 (E.D. Tex.) |
| Exhibit 6 | Order of Judge Ward filed February 8, 2007 Granting Motion to suspend all deadlines pending appointment of new counsel for plaintiff in the matter of *Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP*, No. 2:05-cv-443 (E.D. Tex.) |
| Exhibit 7 | Plaintiff Rembrandt Technologies, LP First Amended Complaint, filed on December 21, 2006, in the matter of *Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP*, No. 2:06-cv-506 (E.D. Tex.) |
| Exhibit 8 | Docket sheet in the matter of *Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano,* |

---

[1] CoxCom is a defendant in the recently filed cases of *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, No. 2:06-CV-223-TJW (E.D. Tex.) (Marshall Division) and *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, No. 2:06-CV-507-TJW (E.D. Tex.) (Marshall Division). CoxCom is also a plaintiff in the recently filed declaratory judgment action of *CoxCom, Inc. v. Rembrandt Technologies, L.P.*, No. 06-721-GMS (D. Del.).

| | *LP*, No. 2:06-cv-506 (E.D. Tex.) |
|---|---|
| Exhibit 9 | Plaintiff Rembrandt Technologies, LP Complaint filed on June 1, 2006 in the matter of *Rembrandt Technologies, LP v. Time Warner Cable, Inc.,* No. 2:06-cv-224 (E.D. Tex.) |
| Exhibit 10 | Docket sheet in the matter of *Rembrandt Technologies, LP v. Time Warner Cable, Inc.,* No. 2:06-cv-224 (E.D. Tex.) |
| Exhibit 11 | Plaintiff Rembrandt Technologies, LP First Amended Complaint filed on February 23, 2007 in the matter of *Rembrandt Technologies, LP v. Time Warner Cable, Inc.,* No. 2:06-cv-369 (E.D. Tex.) |
| Exhibit 12 | Docket sheet in the matter of *Rembrandt Technologies, LP v. Time Warner Cable, Inc.,* No. 2:06-cv-369 (E.D. Tex.) |
| Exhibit 13 | Plaintiff Rembrandt Technologies, LP Complaint for Patent Infringement filed on June 1, 2006 in the matter of *Rembrandt Technologies, LP v. Charter Communications, Inc.; Charter Communications Operating, LLC; Cox Communications, Inc., Cox Enterprises, Inc.; CoxCom, Inc.; CSC Holdings, Inc., and Cablevision Systems Corporation*, No. 2:06-cv-223 (E.D. Tex.) |
| Exhibit 14 | Docket sheet in the matter *Rembrandt Technologies, LP v. Charter Communications, Inc.; Charter Communications Operating, LLC; Cox Communications, Inc., Cox Enterprises, Inc.; CoxCom, Inc.; CSC Holdings, Inc., and Cablevision Systems Corporation*, No. 2:06-cv-223 (E.D. Tex.) |
| Exhibit 15 | Plaintiff Rembrandt Technologies, LP First Amended Complaint filed December 1, 2006 in the matter of *Rembrandt Technologies, LP v. Charter Communications, Inc., Charter Communications Operating, LLC, and CoxCom, Inc.,* No. 2:06-cv-507 (E.D. Tex.) |
| Exhibit 16 | Docket Sheet in the matter of *Rembrandt Technologies, LP v. Charter Communications, Inc., Charter Communications Operating, LLC, and CoxCom, Inc.,* No. 2:06-cv-507 (E.D. Tex.) |
| Exhibit 17 | Plaintiff Rembrandt Technologies, LP Complaint for Patent Infringement filed on October 13, 2006 in the matter of *Rembrandt Technologies, LP v. Cablevision Systems Corporation and CSC Holdings, Inc.*, No. 1:06-cv-635 (D. Del.) |
| Exhibit 18 | Docket sheet in the matter of *Rembrandt Technologies, LP v. Cablevision Systems Corporation and CSC Holdings, Inc.*, No. 1:06-cv-635 (D. Del.) |
| Exhibit 19 | Joint Status Report filed on February 9, 2007 in the matter of *Rembrandt Technologies, LP v. Cablevision Systems Corporation and CSC Holdings, Inc.*, No. 1:06-cv-635 (D. Del.) |
| Exhibit 20 | Plaintiff CoxCom, Inc. Complaint for Declaratory Judgment filed on November 30, 2006 in the matter of *CoxCom, Inc. v. Rembrandt Technologies, LP*, No. 1:06-cv-721 (D. Del.) |
| Exhibit 21 | Docket sheet in the matter of *CoxCom, Inc. v. Rembrandt Technologies, LP*, No. 1:06-cv-721 (D. Del.) |
| Exhibit 22 | Plaintiff Rembrandt Technologies, Inc. Complaint for Patent Infringement and Demand for Jury Trial filed on December 1, 2006 in the matter of |

3

| | *Rembrandt Technologies, LP v. CBS Corporation*, No. 1:06-cv-727 (D. Del.) |
|---|---|
| Exhibit 23 | Docket sheet in the matter of *Rembrandt Technologies, LP v. CBS Corporation*, No. 1:06-cv-727 (D. Del.) |
| Exhibit 24 | Plaintiff Rembrandt Technologies, LP Complaint for Patent Infringement and Demand for Jury trial filed on December 1, 2006 in the matter of *Rembrandt Technologies, LP v. NBC Universal, Inc.*, No. 1:06-cv-729 (D. Del.) |
| Exhibit 25 | Docket sheet in the matter of *Rembrandt Technologies, LP v. NBC Universal, Inc.*, No. 1:06-cv-729 (D. Del.) |
| Exhibit 26 | Plaintiff Rembrandt Technologies, LP Complaint for Patent Infringement and Demand for Jury trial filed on December 1, 2006 in the matter of *Rembrandt Technologies, LP v. ABC. Inc.*, No. 1:06-cv-730 (D. Del.) |
| Exhibit 27 | Docket sheet in the matter of *Rembrandt Technologies, LP v. ABC. Inc.*, No. 1:06-cv-730 (D. Del.) |
| Exhibit 28 | Plaintiff Rembrandt Technologies, LP Complaint for Patent Infringement and Demand for Jury trial filed on December 1, 2006 in the matter of *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc. and Fox Broadcasting Company*, No. 1:06-cv-731 (D. Del.) |
| Exhibit 29 | Docket sheet in the matter of *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc. and Fox Broadcasting Company*, No. 1:06-cv-731 (D. Del.) |
| Exhibit 30 | Plaintiff Rembrandt Technologies, LP's Motion to Withdraw the Reference to the Bankruptcy Court filed on January 11, 2007 in the matter of *In Re Adelphia Communication Corp. Rembrandt Technologies, LP v. Adelphia Communications Corp. Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century-TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP*, No. 1:07-cv-214 (S.D. New York). |
| Exhibit 31 | Docket sheet in the matter of *In Re Adelphia Communication Corp. Rembrandt Technologies, LP v. Adelphia Communications Corp. Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century- TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP,* No. 1:07-cv-214 (S.D. New York). |
| Exhibit 32 | Preliminary Expert Report of Kevin C. Almeroth dated November 13, 2006 in the matter of *In Re Adelphia Communication Corp. Rembrandt Technologies, LP v. Adelphia Communications Corp. Corporation, Century- TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century- TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP,* No. 1:07-cv-214 (S.D. New York). |

4

| Exhibit 33 | Plaintiff Rembrandt Technologies, LP's Complaint for Post-Petition Patent Infringement filed on September 13, 2006 in the matter of *In Re Adelphia Communication Corp. Rembrandt Technologies, LP v. Adelphia Communications Corp. Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century-TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP*, Adversary Proceeding No. 06-1739 (S.D. New York). |
|---|---|
| Exhibit 34 | Docket sheet in the matter of *In Re Adelphia Communication Corp. Rembrandt Technologies, LP v. Adelphia Communications Corp. Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century- TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP*, Adversary Proceeding No. 06-1739 (S.D. New York). |
| Exhibit 35 | Transfer Order filed on February 16, 2005, I*n Re Pharmastem Therapeutics, Inc., Patent Litigation,* Judicial Panel on Multidistrict Litigation Case No. 1:05-md-01660. |
| Exhibit 36 | 2005 Annual Report of the Administrative Office of the United States Courts Table C: U.S. District Courts- Civil Cases Commenced, Terminated and Pending During the 12-month Periods Ending Marcy 31, 2005 and 2006. |
| Exhibit 37 | U.S. District Court Judicial Caseload Profile for the District of Delaware. |
| Exhibit 38 | Docket List of Pending Patent Cases in the District of Delaware before Judge Sleet. |
| Exhibit 39 | U.S. District Court Judicial Caseload Profile for the Eastern District of Texas. |
| Exhibit 40 | U.S. District Court Judicial Caseload Profile for the Southern District of New York. |
| Exhibit 41 | Declaration of Brian Ferrall |
| Exhibit 42 | February 14, 2007 Letter to counsel for Cox Communication, Inc. from Rembrandt |
| Exhibit 43 | Declaration of Eilish M. Cahalan in Support of Defendants' Memorandum in Opposition to Plaintiff's Motion to Withdraw the Reference to the Bankruptcy Court filed March 2, 2007 in the matter of *In Re Adelphia Communication Corp. Rembrandt Technologies, LP v. Adelphia Communications Corp. Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century-TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP,* No. 1:07-cv-214 (S.D. New York). |

5

This the 9th day of March 2007.

_____
Mitchell G. Stockwell
R. Scott Griffin
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101-2400
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500

US2000 9814009.1 C8490-331049

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: | ) |
| | ) |
| Rembrandt Technologies, LP Patent | )     MDL Docket No. |
| Litigation | ) |
| | ) |

### MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO TRANSFER AND CONSOLIDATION OF
### REMBRANDT TECHNOLOGIES, LP PATENT LITIGATON
### PURSUANT TO 28 U.S.C. § 1407

Mitchell G. Stockwell
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone: (336) 607-7300
Facsimile: (336) 607-7500

**Attorneys For COXCOM, INC.**

# TABLE OF CONTENTS

I.    BACKGROUND OF THE LITIGATION ....................................................................... 1

III.   ARGUMENT ....................................................................................................... 9

      A.    The Actions Present Many Common Questions of Fact ..................................... 9

      A.    Number of Related Cases And Parties Pending in Delaware ........................... 16

      B.    Judge Sleet is Familiar with Patents ............................................................ 17

      C.    Delaware Docket is Less Congested ............................................................ 18

      D.    Delaware is Home Jurisdiction ................................................................... 19

      E.    Policy Considerations Favor Transfer to Delaware ....................................... 19

IV.   CONCLUSION .................................................................................................... 20

US2000 9807131.4 C8490-331049

# TABLE OF ABBREVIATIONS

| Full Name | Abbreviation |
|---|---|
| CoxCom, Inc. | CoxCom |
| Rembrandt Technologies, LP | Rembrandt |
| Sharp Corporation and Sharp Electronics Corporation | Sharp |
| Time Warner Cable, Inc. | Time Warner |
| Charter Communications, Inc. and Charter Communications Operating, LLC, | Charter |
| Cablevision Systems Corporation and CSC Holdings, Inc. | Cablevision |
| Adelphia Communications Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century- TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP | Adelphia |
| Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano LP | Comcast |
| CBS Corporation | CBS |
| NBC Universal, Inc. | NBC |
| ABC, Inc. | ABC |
| Fox Entertainment Group, Inc. and Fox Broadcasting Company | Fox |
| Rembrandt I Patents: | Rembrandt I Patents: |
| U.S. Patent No. 5,243,627 | '627 Patent |
| U.S. Patent No. 5,852,631 | '631 Patent |
| U.S. Patent No. 5,719,858 | '858 Patent |
| U.S. Patent No. 4,937,819 | '819 Patent |
| Litigation initiated by Rembrandt in 2005 and 2006 involving the '627, '631, '858, and '819 patents. | Rembrandt I litigation |
| Rembrandt II Patents: | Rembrandt II Patents: |
| U.S. Patent No. 5,008,903 | '903 Patent |
| U.S. Patent No. 5,710,761 | '761 Patent |
| U.S. Patent No. 5,778,234 | '234 Patent |

US2000 9807131.4 C8490-331049

| U.S. Patent No. 6,131,159 | '159 Patent |
| U.S. Patent No. 6,950,444 | '444 Patent |
| Litigation initiated by Rembrandt in 2006 involving the '903, '761, '234, '159, and '444 patents. | Rembrandt II litigation |
| Data-Over-Cable Service Interface Specifications | DOCSIS |
| Advanced Television System Committee | ATSC |
| United States District Court for the Eastern District of Texas | E.D. Tex. |
| United States District Court for the District of Delaware | D. Del. |
| United States District Court for the Southern District of New York | S.D.N.Y. |

**BRIEF IN SUPPORT OF MOTION FOR TRANSFER AND CONSOLIDATION FOR COORDINATED PRETRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. §1407 and Rule 7.2 of the Rules of Procedure of the Judicial

Panel on Multidistrict Litigation, Defendant CoxCom[1] submits this Memorandum of Law in

Support of its Motion for Transfer and Consolidation of the Rembrandt Technologies, LP

Patent Litigation pursuant to 28 U.S.C. §1407. CoxCom moves the Panel for an Order

transferring and consolidating fourteen (14) related patent infringement actions filed by or

against Rembrandt, as well as any actions that may subsequently be filed by or against

Rembrandt, asserting similar or related claims to the District of Delaware.[2]

## I.    BACKGROUND OF THE LITIGATION

This Motion seeks transfer and consolidation of fourteen related actions for alleged

patent infringement filed by or against Rembrandt in three District Courts, ten of which were

filed within the last six months (collectively, the "Actions"). Nine of the Actions allege

infringement of numerous overlapping patents relating to the provision of high speed internet

services through the use of DOCSIS-compliant equipment. *See, e.g.*, Ex. 13 ¶¶ 19-36[3]; Ex.

---

[1] CoxCom is a defendant in the recently filed cases of *Rembrandt v. Charter, et al.*, No. 2:06-CV-223-TJW (E.D. Tex.) and *Rembrandt v. Charter, et al.*, No. 2:06-CV-507-TJW (E.D. Tex.). CoxCom is also a plaintiff in the recently filed declaratory judgment action of *CoxCom v. Rembrandt*, No. 06-721-GMS (D. Del.).

[2] CoxCom moves the Panel for consolidation of all 14 related patent infringement actions, but suggests that, because of the illogical way in which the claims are grouped in the 14 cases, the most convenient, just and efficient administration of these actions would be achieved if the transferee court severed from the consolidated action the claims of the '627 patent for separate treatment and conduct. Rembrandt asserts the claims of the '627 patent against completely different technology and activity (receipt and transmission of broadcast television signals through ATSC-compliant equipment) than the rest of the patent claims (which are asserted against high speed internet services through DOCSIS-compliant equipment).

[3] Except as otherwise indicted, references to Exhibits 1-42 refer to the Exhibits in Support of Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation filed concurrently herewith. References to Exhibits A-B refer to the exhibits attached to the Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation.

15 ¶¶ 8-32.  Of these nine actions, four also allege infringement of a separate and distinct patent, the '627 patent, relating to the receipt and transmission over the cable television systems of digital terrestrial broadcast signals that comply with the ATSC Digital Television Standard.  *See, e.g.*, Ex.13 ¶¶ 13-18.  The five remaining actions allege infringement solely of the '627 patent.  *See, e.g.*, Ex. 22 ¶¶ 6-12.  Pursuant to Rule 7.2(a)(ii) of the Rules of the Panel, a schedule of the fourteen Actions is attached as Exhibit A to the Motion.

Due to the large number of overlapping patents asserted in the Actions and the fact that Rembrandt contends that industry standards infringe the patents in suit, the Actions present numerous common issues of fact and law regarding such matters as the technology underlying the patents, the prior art, the construction of the patent claims, the validity, enforceability and the alleged infringement of the patents, and the extent to which the doctrine of prosecution history estoppel precludes any finding of infringement under the doctrine of equivalents.  Accordingly, if the Actions are not transferred and consolidated, needless expense and waste of judicial resources will be incurred as fourteen actions go forward on separate tracks.  Moreover, without transfer and consolidation, there is a serious risk of inconsistent pre-trial rulings (especially on the critical issues of claim construction and prosecution history estoppel) and, thus, the distinct possibility of inconsistent judgments on the merits.  Because the Actions assert infringement based on compliance with industry standards, the effect of having inconsistent rulings regarding industry standards would be significant and deleterious.

By contrast, consolidation in a single district, will conserve judicial resources, reduce costs, prevent duplicative discovery and protect against inconsistent pre-trial rulings and

contradictory results.  Presumable for these reasons, even Rembrandt believes that transfer and consolidation under 28 U.S.C. § 1407 is desirable.  Ex. 43 at Ex. C at 13:16-14:10.

## II.     FACTUAL BACKGROUND

### A.     Rembrandt

Rembrandt is a New Jersey limited partnership with its principal place of business in Bala Cynwyd, Pennsylvania.  Ex. 20 ¶ 2.  Rembrandt is a non-practicing entity ("NPE")—a firm that invests in patents for the purpose of litigating patent infringement and obtaining royalties and licenses, but does not practice the patents.  *Id.* ¶¶ 7, 9.  According to its website, Rembrandt "shoulders the legal, financial, and business risks associated with pursuing patent pirates and provides the capital and expertise required to litigate complex patent infringements."  *Id.* ¶ 8.  To pursue such patent infringement litigation, Rembrandt maintains a "staff of in-house professionals and outside consultants" that "includes scientists, inventors, financial analysts, lawyers, and researchers who are expert at identifying the validity and market value of patents and Intellectual Property (IP), and securing revenue for these inventors and companies as well as Rembrandt's investors."  *Id.*  In fact, Rembrandt distinguishes itself from other NPEs by emphasizing its willingness and "ability to pursue patent infringement."  *Id.*  Rembrandt claims to have raised $150 million "to acquire patents and litigate patent infringement."  *Id.*

Rembrandt filed the Actions in two waves, apparently as it became the assignee of the various patents in suit.  As a result, the Actions were not broken out in a logical fashion.  Instead, four of the actions assert two separate and unrelated sets of patents and accuse two separate and unrelated industry standards.  Despite this timing issue, the two waves of litigation ("Rembrandt I" and "Rembrandt II") overlap significantly with regard to the

-3-

alleged infringers and the accused activities as they relate to those patents implicating the

DOCSIS industry standard. Those cases asserting the '627 patent (implicating the ATSC

industry standard) also overlap with respect to the accused activities.

### B. The Present Actions

| NAME OF ACTION | DISTRICT COURT | CIVIL ACTION NUMBER |
|---|---|---|
| *Rembrandt I Litigation* | | |
| *Rembrandt Technologies, LP v. Sharp Corp., et al.* | E.D. Tex. | 2:06-cv-047 |
| *Rembrandt Technologies, LP v. Comcast Corp., et al.* | E.D. Tex. | 2:05-cv-443 |
| *Rembrandt Technologies, LP v. Time Warner Cable, Inc.* | E.D. Tex. | 2:06-cv-224 |
| *Rembrandt Technologies, LP v. Charter Commc'n, et al.* | E.D. Tex. | 2:06-cv-223 |
| *Rembrandt Technologies, LP v. Cablevision Sys., et al.* | D. Del. | 1:06-cv-635 |
| *Rembrandt Technologies, LP v. CBS Corp.* | D. Del. | 1:06-cv-727 |
| *Rembrandt Technologies, LP v. NBC Universal, Inc.* | D. Del. | 1:06-cv-729 |
| *Rembrandt Technologies, LP v. ABC, Inc.* | D. Del. | 1:06-cv-730 |
| *Rembrandt Technologies, LP v. Fox Entm't Group, Inc., et al.* | D. Del. | 1:06-cv-731 |
| | | |
| *Rembrandt II Litigation* | | |
| *Rembrandt Technologies, LP v. Comcast Corp., et al.* | E.D. Tex. | 2:06-cv-506 |
| *Rembrandt Technologies, LP v. Time Warner Cable, Inc.* | E.D. Tex. | 2:06-cv-369 |
| *Rembrandt Technologies, LP v. Charter Commc'n, et al.* | E.D. Tex. | 2:06-cv-507 |
| *CoxCom, Inc. v. Rembrandt Technologies, LP* | D. Del. | 1:06-cv-721 |
| *Rembrandt Technologies, LP v. Adelphia Commc'n Corp., et al.* | S.D.N.Y. | 1:07-cv-214 |

The Rembrandt I litigation includes nine cases against fifteen current defendants

spanning three industries (cable, television broadcast, and manufacturing) and asserts

infringement of up to five patents. One of the five patents asserted in the Rembrandt I

litigation, the '627 patent, is asserted against each of the fifteen current Rembrandt I

defendants. Rembrandt contends that the '627 patent covers the receipt and transmission of

ATSC-compliant television broadcast signals. *See, e.g.*, Ex. 13 ¶¶ 13-18. The remaining

four patents asserted in the Rembrandt I litigation do not relate to the transmission of

-4-

television signals.  Instead, Rembrandt asserts the remaining four patents against the

provision of high speed internet service through the use of DOCSIS-compliant cable modems

and related equipment.  Ex. 13 ¶¶ 19-36; *see also* Ex 19 at 1-3.

The Rembrandt II litigation includes three cases filed by Rembrandt in the E.D. Tex.

against seven cable service providers (all of whom are also defendants in the Rembrandt I

litigation), a declaratory judgment action filed by CoxCom in the D. Del., and an action filed

in the S.D.N.Y against Adelphia.[4]  In the Rembrandt II litigation, Rembrandt alleges

infringement of five patents based on the Defendants' provision of high speed internet

service and accuses the same DOCSIS-compliant equipment that is accused in the

Rembrandt I litigation.[5]  *See, e.g.*, Ex. 15 ¶¶ 8-32; *see also* Ex. 32 ¶¶ 20-28.

But for the claim of infringement based on the '627 patent, all of the infringement

claims in the Rembrandt I and Rembrandt II actions relate to the provision of high speed

internet and related services using DOCSIS-compliant cable modems and related equipment.

Because of the illogical way in which these actions were filed, it is necessary to consolidate

not only all of those cases asserting patents implicating the DOCSIS industry standard, but

also those cases asserting the '627 patent implicating the ATSC industry standard.

### 1.    The Rembrandt I Litigation.

#### a.    *Rembrandt v. Sharp, No. 2:06-cv-047 (E.D. Tex.).*

Rembrandt filed the *Sharp* action on February 3, 2006, in the E.D. Tex., asserting the

'627 patent.  *See* Ex. 1 ¶¶ 6-10.  As of March 6, 2007, the defendants have answered and

---

[4]  The lawsuit against Adelphia was initiated as an adversary proceeding filed in Adelphia's bankruptcy matter.  *See* Ex. 33.

[5] For the Panel's convenience, a table identifying the asserted patents, the actions in which they have been asserted and the industry standards which are accused is attached to the Motion as Exhibit B.

-5-

filed counterclaims, which also have been answered.  No discovery has been taken and no substantive orders have been issued.  *See* Ex. 2.  In fact, the court just presided over the initial case management conference on February 20, 2007.  *Id.*

### b.      *Rembrandt v. Comcast, et al., No. 2:05-cv-443 (E.D. Tex.).*

Rembrandt filed the first *Comcast* complaint on September 16, 2005 in the E.D. Tex., asserting the '627 patent against the ATSC standard and three other patents ('631, '819, and '858) against DOCSIS.  *See* Ex. 3 ¶¶ 13-30.   There have been no substantive orders issued. *See* Ex. 4.  A claim construction hearing was to be held on February 8, 2007.  However, after granting a motion to disqualify Rembrandt's counsel, the court canceled the hearing, suspended all deadlines and ordered the parties to submit a proposed schedule after plaintiff retained new counsel and such counsel appeared in the case.  Ex. 5; Ex. 6.  No new schedule has yet been proposed to or issued by the court.  Ex. 4.

### c.      *Rembrandt v. Time Warner, No. 2:06-cv-224 (E.D. Tex.)* **and** *Rembrandt v. Charter, et al., No. 2:06-cv-223 (E.D. Tex.).*

On June 1, 2006, Rembrandt filed actions in the E.D. Tex. against Time Warner, Charter, CoxCom and their respective related entities, asserting the same patents ('627, '631, '819, '858) Rembrandt asserted in the *Comcast* case.  *See* Ex. 9 ¶¶ 6-29; Ex. 13 ¶¶ 13-36.  As of March 6, 2007, the defendants have answered and filed counterclaims, which have been answered.  *See* Ex. 10; Ex. 14.  CoxCom moved to dismiss for lack of personal jurisdiction. *Id.*  No discovery has been taken and no substantive orders have been issued.  *Id.*; Ex. 10.

### d.      *Rembrandt v. Cablevision, No. 1:06-cv-635 (D. Del.).*

On October 13, 2006, Rembrandt filed an action against Cablevision in the D. Del., asserting the same four patents ('627, '631, '819, '858) Rembrandt asserted in the prior E.D.

-6-

Tex. cases, and an additional patent (the '903 patent) against DOCSIS.  *See* Ex. 17 ¶¶ 8-37.

As of March 6, 2007, the defendants have answered and filed counterclaims, which also have

been answered.  *See* Ex. 18.  Within the last month, defendants have served written discovery

requests and their mandatory disclosures required by Rule 26(a) of the Federal Rules of Civil

Procedure.  *Id.*  No substantive orders have issued.  *Id.*

> **e.      Rembrandt v. CBS, No. 1:06-cv-727 (D. Del.); Rembrandt v. NBC, No. 1:06-cv-729 (D. Del.); Rembrandt v. ABC, No. 1:06-cv-730 (D. Del.), and Rembrandt v. Fox, No. 1:06-cv-731 (D. Del.).**

On December 1, 2006, Rembrandt filed in the D. Del. four separate actions against

CBS, NBC, ABC and Fox broadcasting companies asserting the '627 patent.  *See* Ex. 22 ¶¶

6-12; Ex. 24 ¶¶ 6-12; Ex. 26 ¶¶ 6-12; Ex. 28 ¶¶ 7-13.  As of March 6, 2007, the defendants

have answered and filed counterclaims, which also have been answered.  *See* Ex. 23; Ex. 25;

Ex. 27; Ex. 29.  No discovery has been taken and no substantive orders have been issued.  *Id.*

## 2.      The Rembrandt II Litigation.

### a.      Rembrandt v. Time Warner, No. 2:06-cv-369 (E.D. Tex.).

On September 13, 2006, Rembrandt initiated a new wave of litigation against the

cable service providers with an action against Time Warner filed in the E.D. Tex., asserting

five additional patents against DOCSIS.  *See* Ex. 11 ¶¶ 11-35.  Specifically, Rembrandt's

complaint asserts infringement of the '761, '234, '159, '444 and '903 patents.  *Id.*  Time

Warner has answered and filed counterclaims, which have been answered.  *See* Ex. 12.  On

February 23, 2007, Rembrandt moved for leave to amend its complaint.  *Id.*  No discovery

has been taken and no substantive orders have been issued.  *Id.*

US2000 9807131.4

**b.** ***Rembrandt v. Comcast, No. 2:06-cv-506 (E.D. Tex.)* and
*Rembrandt v. Charter, et al., No. 2:06-cv-507 (E.D. Tex.).***

On November 30, 2006, Rembrandt filed two more actions against cable companies

Comcast, Charter, CoxCom, and their respective related entities, asserting infringement of

the same five additional patents ('761, '234, '159, '444 and '903) against DOCSIS.  *See* Ex.

7 ¶¶ 6-30;  Ex. 15 ¶¶ 8-32.  As of March 6, 2007, the defendants have answered and filed

counterclaims, which have been answered.  *See* Ex. 8; Ex. 16.  CoxCom has moved for

dismissal or, in the alternative, to transfer to the D. Del.  *Id.*   No discovery has been taken

and no substantive orders have been issued.  *Id.*; Ex. 16.

**c.** ***CoxCom  v. Rembrandt, No. 1:06-cv-721 (D. Del.).***

CoxCom filed a declaratory judgment action in the D. Del. on November 30, 2006,

seeking declarations as to the noninfringement and invalidity as to the '903 patent.  *See* Ex.

20 ¶¶ 18-22.  The declaratory judgment action was filed four hours before Rembrandt filed

suit against CoxCom in the E.D. Tex.  Rembrandt has moved to dismiss the action.  *See* Ex.

21.  No discovery has been taken and no substantive orders have been issued.  *Id.*

**d.** ***Rembrandt v. Adelphia, No. 1:07-cv-214 (S.D.N.Y.).***

On September 13, 2006, Rembrandt filed an adversary proceeding in the Adelphia

bankruptcy action pending in the S.D.N.Y., asserting four of the DOCSIS patents asserted

against the other cable companies (the '761, '234, '159, and '444 patents).  *See* Ex. 33 ¶¶ 18-

37.  On January 10, 2007, Rembrandt moved to withdraw the reference to the bankruptcy

court so that the litigation would proceed in the district court.  *See* Ex. 30.  Adelphia has filed

an opposition to the motion.  *See Id.*.  The motion has not yet been resolved.  *Id.*

-8-

III.    __ARGUMENT__

Under 28 U.S.C. § 1407(a), civil actions "involving one or more common questions of fact," pending in different federal districts may be transferred to a single district for coordinated or consolidated pretrial proceedings.  Transfers are appropriate if the Panel determines that "transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."  *Id.*  The Actions involved in this litigation easily satisfy each of these requirements.

A.    **The Actions Present Many Common Questions of Fact.**

The Panel has recognized that actions involving overlapping patents are particularly well-suited for consolidation under 28 U.S.C. §1407 because they, by their very nature, present many common questions of fact.  For example, in *In re Acacia Media Techs. Corp. Patent Litg.*, the Panel recognized that when overlapping patents are asserted in multiple actions, "[a]ll actions . . . can be expected to share factual and legal questions concerning such matters as the technology underlying the patents, prior art, claim construction and/or issues of infringement involving the patents."  360 F. Supp. 2d 1377, 1379 (J.P.M.L. 2005); *accord In re PharmaStem Therapeutics, Inc., Patent Litig.*, 360 F. Supp. 2d 1362, 1364 (J.P.M.L. 2005) (consolidating five actions asserting overlapping patents with a related unfair competition action); *In re MLR, LLC, Patent Litig.*, 269 F. Supp. 2d 1380 (ordering consolidation of three actions dealing with cellular phone and/or modem products, on the basis that overlapping complex patents, "can thus be expected to share factual and legal questions concerning such matters as patent validity, prior art, obviousness and interpretation if various claims of the patents.").

-9-

Here, Rembrandt has asserted many overlapping patents in each of the Actions. Specifically, as shown in Exhibit B attached to the Motion:

- Four (4) patents ('761, '234, '159 and '444) have been asserted in four actions;
- Three (3) patents ('631, '858, and '819) have been asserted in four actions;
- One (1) patent ('903) has been asserted in five actions; and
- One (1) patent ('627) has been asserted in nine actions.

 Due to the large number of overlapping patents asserted by Rembrandt in the Actions, this litigation involves many common questions of fact.  Each of the Actions involve allegations of infringement, invalidity and enforceability issues common to the overlapping patents.  The Actions, therefore, can be expected to share factual and legal questions concerning such matters as the technology underlying the patents, the scope and content of the prior art, claim construction, the prosecution histories of the asserted patents and any inequitable conduct and/or unreasonable delays (prosecution laches) committed during their prosecution, and/or issues of infringement involving the patents.

The Panel has routinely recognized that the issue of infringement are likely to raise common questions of fact in multidistrict patent litigation actions.  *See In re Acacia Media Techs. Corp. Patent Litg.*, 360 F. Supp. 2d 1377, 1379 (J.P.M.L. 2005) (where overlapping patents are asserted in multiple actions it can be expected that they share factual and legal questions concerning issues such as infringement involving the patents); *In re Mirtazapine Patent Litig.*, 199 F. Supp. 2d 1380, 1381 (J.P.M.L. 2002) (ordering consolidation of six actions involving common infringement and invalidity contentions).  Furthermore, when actions involve the same underlying technology, as these do here, claims of infringement as to each defendant will necessarily involve common questions of fact.

-10-

All of the Actions involve the same underlying technologies and industry standards—the provision of high speed internet services by virtue of DOCSIS-compliant modems and related equipment; or, in the case of the '627 patent, the receipt and transmission of ATSC-compliant television broadcast signals. Because the accused systems in each of the Actions is DOCSIS-compliant or ATSC-compliant, claims of infringement as to each defendant will necessarily involve common questions of fact, therefore making them appropriate for consolidation. *See* Ex. 43 at Ex. C at 5:22-7:20 (arguing that the DOCSIS standard infringes and, thus, any services that comply with the standard also infringe); *see also In re FMC Corp. Patent Litig.*, 422 F.Supp. 1163, 1165 (J.P.M.L. 1976) (finding that because all the defendants used the same product, common factual questions concerning the infringement issues were also present). In fact, Rembrandt recently acknowledged that the alleged infringing activity of any specific defendant is not unique. Instead, it is the defendants' compliance with the industry standards that is accused. *See* Ex. 43 at Ex. C at 5:22-7:9.

Further, the question of damages will present many other common issues of fact among the Actions. Because Rembrandt is not a competitor of the defendants, Rembrandt is expected to seek damages in the form of a reasonable royalties *see, e.g.*, Ex. 42, which involves consideration of multiple factors as set forth in the seminal case of *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified and aff'd*, 446 F.2d 295 (2d Cir. 1971). Because many of these factors relate to the specific patent or patent owner involved in the case, each patent for which Rembrandt seeks damages will present numerous common factual issues. Also, Rembrandt has offered to license the '627 patent under reasonable terms and conditions on a non-discriminatory, non-exclusive basis. *See* Ex. 42. Thus, the terms and conditions of any such licenses will be common to all

-11-

of the defendants against whom the '627 patent has been asserted. Moreover, because the claims relating to the provision of high speed internet services straddle both Rembrandt I and Rembrandt II actions, because the claims accuse the same equipment, and because seven of the cable service provider defendants have been sued in both the Rembrandt I and Rembrandt II actions, there is a risk that Rembrandt may receive overlapping damages for the same activity at issue in the Rembrandt I and Rembrandt II actions

The Actions all involve common questions of fact; thus, transfer and consolidation would serve the convenience of the parties and witness and would promote the just and efficient conduct of the Actions. Because of these common questions, centralization would eliminate duplicative discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

**B.     Transfer and Consolidation Would Serve the Convenience of the Parties.**

There can be no question that consolidation and transfer to a single district would serve the convenience of the parties. The claims relating to the provision of high speed internet and related services accuse the same DOCSIS-compliant equipment—cable modems and related equipment used by the defendants to provide high speed internet service. However, because some of these claims are asserted in the Rembrandt I actions while other, related claims are asserted in the Rembrandt II actions and because many of the cable service provider defendants have been sued in both the Rembrandt I and Rembrandt II actions, it is expected that the cable service provider defendants and the third parties who supply and manufacture the accused equipment will be subjected to burdensome and inefficient discovery as they are forced to respond to overlapping and duplicative discovery requested in the separate actions. For example, in *Rembrandt v. Comcast*, No. 2:05-CV-443 (E.D. Tex.),

-12-

Rembrandt has already served subpoenas on over forty (40) third party vendors seeking identical discovery information regarding the accused DOCSIS-compliant devices supplied to the defendants. *See* Ex. 41. Because the defendants in both Rembrandt I and Rembrandt II rely on the same group of vendors and manufacturers to supply them with the accused equipment, it is expected that Rembrandt will pursue the same information from each of the third party vendors in each Action, resulting in unnecessary, duplicative discovery.

Unnecessary, duplicative discovery is exactly what 28 U.S.C. § 1407 was designed to avoid. *In re Multidistrict Litig. Involving Frost Patent*, 316 F. Supp. 977, 979 (J.P.M.L. 1970) ("Section 1407 was intended to provide a procedure which would insure that repetitious and duplicative discovery is avoided by providing that all related actions be assigned to a single judge). Coordination of discovery in this case, however, would eliminate this possibility. It would reduce the burden of both the defendants and plaintiff in pursuing discovery on the many common issues. It will also benefit the third party vendors and manufacturers, who may possess information relevant to each action, by avoiding the possibility of having to engage in identical discovery efforts for each of the fourteen Actions. Thus, it is clear that consolidation and transfer to a single district would serve the convenience of the parties by avoiding costly and unnecessarily duplicative discovery.

## C. Transfer and Consolidation Would Promote Just and Efficient Conduct of the Actions.

As Rembrandt recently agreed during a hearing held in the Adelphia matter, transfer and consolidation would also promote just and efficient conduct of the Actions. *See* Ex. 43 at Ex. C at 13:16-13:23. Without consolidation, the Actions would likely proceed in a manner that is contrary to the meaning of judicial economy. If allowed to proceed

-13-

separately, these Actions will follow a costly and inefficient path, resulting in wasteful, duplicative discovery and create the potential for inconsistent pretrial rulings. By ordering consolidation, however, the Panel will ensure that the resources of the party and judiciary are used in their most judicious manner, avoiding the potential for conflicting rulings and inconsistent claim constructions.

Under *Markman v. Westview Instuments, Inc.*, it is the obligation of each district court to construe the claims of a patent as a matter of law. 517 U.S. 370, 388-91 (1996). While the prior claim constructions of other courts are relevant and persuasive authority, each district court must make its own judgment as to claim construction. *Texas Instruments, Inc. v. Linear Tech. Corp.*, 182 F. Supp. 2d 580, 589 (E.D. Tex. 2002). Here, given the large number of Actions asserting overlapping, complex patents in at least three different courts, the parties face the untenable prospect of several different claim constructions on identical claim terms. Such varying claim constructions could result in contradictory determinations on the core issues of infringement and invalidity. Consolidation is therefore necessary to ensure uniform application of the patent claims across all the Actions. *See In re Columbia Univ. Patent Litig.*, 313 F. Supp. 2d 1383, 1385 (J.P.M.L. 2004) ("Centralization . . . is necessary in order to . . . prevent inconsistent pretrial rulings, especially with respect to time-consuming and complex matters of claim construction . . . ."); *see also In re Mosaid Tech., Inc. Patent Litig.*, 283 F. Supp. 2d 1359, 1360 (J.P.M.L. 2003) (same).

As noted above, Rembrandt's assertion of so many overlapping patents means that the defendants will all pursue much of the same discovery to elicit facts to support their defenses. For example, all defendants can be expected to pursue documents and depositions supporting the defense of invalidity based on anticipation or obviousness, including

-14-

documents and depositions relating to the same prior inventions, prior printed publications, prior commercial sales and prior uses. *See* 35 U.S.C. §§ 102, 103. All defendants are also likely to see discovery relating to the enforceability of the asserted patents, including any inequitable conduct during their prosecution and/or unreasonable prosecution delays, which would result in a finding of prosecution laches. *See, e.g. Symbol Techs., Inc. v. Lemelson Med. Edu. & Research Found., L.P.*, 422 F.3d 1378, 1384-85, *amended on other grounds by* 429 F.3d 1051 (Fed. Cir. 2005). Furthermore, the defendants will also seek the same damages discovery relating to reasonable royalty factors, thereby resulting in duplicative and wasteful discovery efforts. Consolidation and coordination of the Actions for pretrial proceedings would therefore promote the just and efficient conduct of the Actions by avoiding wasteful and duplicative discovery efforts as well as inconsistent pretrial rulings.

Finally, but for the claim of infringement of the '627 patent, all of Rembrandt's infringement claims relate to the provision of high speed internet and related services by virtue of DOCSIS-compliant cable modems and related equipment. By consolidating all of the Actions in one forum, the transferee court will, at its discretion, be able to sever out and consolidate those claims relating to the '627 patent/ATSC standard, while preserving the consolidation of all the actions involving patents implicating the DOCSIS industry standard.

## III. THE DISTRICT COURT OF DELAWARE IS THE APPROPRIATE TRANSFEREE DISTRICT.

Consolidation and transfer to the District of Delaware, before Judge Gregory M. Sleet, is the most appropriate action. Factors considered by the Panel when selecting a particular transferee forum include: (1) the pendency in that district of a number of the actions; (2) the court's familiarity with the issues; (3) the district or judge's willingness to

-15-

accept responsibility for conducting coordinated or consolidated pretrial proceedings; and (4) the favorable status of the civil docket. *In re PharmaStem Therapeutics, Inc. Patent Litig.*, 360 F. Supp. 2d 1362, 1364 (J.P.M.L. 2005) (transfer to judge who was already familiar with the technology involved and who had related cases pending within his district); *In re Mirtazapine Patent Litig.*, 199 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003) (Panel gave weight to the judge's familiarity with the patents at issue, the pendency of 5 of the 6 actions within that district, and the judge's favorable caseload); *In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976) (transfer to judge who is more familiar with patents involved and related cases were in a more advanced stage of discovery); *In re Ampicillin Antitrust Litig.*, 315 F. Supp. 317, 319 (J.P.M.L. 1970) (stating that "availability of an experienced and capable judge familiar with the litigation is one of the more important factors in selecting a transferee forum"). The Panel also considers public and judicial policies when determining whether and where to consolidate separate proceedings pursuant to 28 U.S.C. § 1407.

### A.    Number of Related Cases and Parties Pending in Delaware.

Of the fourteen actions currently at issue, at least six of the actions are currently pending before Judge Sleet in the District of Delaware. In situations where there are actions currently pending in a district, the Panel has expressed "a strong policy favoring the litigation of related claims in the same tribunal." *In re Koratron*, 302 F. Supp. 239, 243 (J.P.M.L. 1969); *see also In re Mirtazapine Patent Litig.*, 199 F. Supp. 2d 1380 (J.P.M.L. 2002); *In re CBS Color Tube Patent Litig.*, 329 F. Supp. 540 (J.P.M.L. 1971). Given the Panel's strong policy favoring transfer to forums where related cases are currently pending and given that a number of the actions are currently proceeding before Judge Sleet in the District of Delaware, transfer and consolidation in the District of Delaware is appropriate.

-16-

## B.    Judge Sleet is Familiar with the Patents.

More importantly, however, Judge Sleet is familiar with and has some understanding of the complex technology at issue in the Actions.  The Panel has repeatedly recognized that "the availability of an experienced and capable judge familiar with the litigation is one of the more important factors in selecting a transferee forum . . . ."  *In re Ampicillin Antitrust Litig.*, 315 F. Supp. 317, 319 (J.P.M.L. 1970).  This is especially true when dealing with patent litigation involving complex technologies.  *In re PharmaStem Therapeutics, Inc. Patent Litig.*, 360 F. Supp. 2d 1362 (J.P.M.L. 2005) (transfer to district judge who was familiar with technologies involved); *In re Mirtazapine Patent Litig.*, 199 F. Supp. 2d 1380 (J.P.M.L. 2002) (ordering transfer to district judge who is familiar with the underlying issues); *In re Panty Hose Seaming Patent Litig.*, 402 F. Supp. 1401 (J.P.M.L. 1975) (judge's familiarity with patents in suit cited as only reason for transfer).

Here, each of the six actions currently pending before Judge Sleet assert claims relating to five of the nine patents at issue the Actions.  Moreover, the actions pending before Judge Sleet implicate both of the industry standards at issue—ATSC and DOCSIS.  As such, Judge Sleet has the opportunity to gain familiarity with a number of the patents at issue in the Actions.  Furthermore, Judge Sleet, having presided over a number of complex patent litigation cases in the past, including a multidistrict litigation matter *see* Ex. 35, has demonstrated an understanding and ability to effectively administer this type of complex patent litigation.  In fact, Judge Sleet has already indicated an interest in at least coordinating the six Rembrandt actions pending in Delaware.  *See* Ex. 19 at 3-4.  Thus, consolidation and transfer before Judge Sleet in the District of Delaware is most appropriate.

-17-

US2000 9807131.4

### C.      The Delaware Docket is Less Congested.

Of the three districts in which actions are currently pending, Delaware is the least congested, making it the logical choice for transfer.  The Panel often considers the congestion of the proposed docket when determining the appropriate transferee forum pursuant to 28 U.S.C. § 1407.  *In re Laughlin Prods., Inc. Patent Litig.*, 240 F. Supp. 2d 1358, 1359 (J.P.M.L. 2003) (transfer to a district that "enjoys general caseload conditions . . . with the present resources to devote time to pretrial matters" is preferable);  *In re Compensation of Managerial, Professional & Technical Employees Antitrust Litig.*, 206 F. Supp. 2d 1374 (J.P.M.L. 2002) (transfer to district not already burdened with a complex docket was appropriate).  According to the *2005 Annual Report of the Administrative Office of the United States Courts*, the number of civil cases pending in the D. Del. has decreased more than twelve percent from 2005 to 2006.  *2005 Annual Report of the Administrative Office of the United States Courts*, Table C.[6]  There has also been a corresponding 17.3% decrease in the number of pending cases in the D. Del. in 2006, dropping from 1,733 cases in 2005 to 1,433 cases in 2006.  *Federal Judicial Caseload Statistics*, March 31, 2006, Administrative Office of the United States Courts.[7]   Furthermore, based on the Federal Docket reports, Judge Sleet currently has 64 patent cases pending, demonstrating his familiarity with patent issues.[8]  Overall, it appears that the District of Delaware is less

---

[6]  The *2005 Annual Report of the Administrative Office of the United States Courts*, Table C provides statistics for the 24-month period ending on March 31, 2006.   A copy of which is attached as Exhibit 36.

[7]  A copy of which is attached as Exhibit 37.

[8]  A copy of the docket for all patent cases pending before Judge Sleet is attached as Exhibit 38.

-18-

congested than either the E.D. Tex. or the S.D.N.Y.[9]  Thus, it is clear that Judge Sleet in the

has the docket, availability and resources necessary to handle this complex patent litigation.

### D. Delaware is Home Jurisdiction to Many Defendants.

CoxCom, like most of the defendants involved in the Actions,[10] is incorporated in

Delaware.  As the home jurisdiction for most of the defendants, the D. Del. would be

convenient for parties, witnesses and discovery.  CoxCom and the other Delaware

corporations would be subject to jurisdiction in Delaware, therefore making venue and

jurisdiction proper, eliminating the possibility for expensive and time-consuming motions

practice.  Accordingly, the D. Del. is an appropriate venue for transfer and consolidation.

### E. Policy Considerations Favor Transfer to Delaware.

Policy considerations also support consolidation in the D. Del.  The purpose behind

28 U.S.C. § 1407 is "'to promote the just and efficient conduct' of multidistrict actions, in

part, by 'eliminating the potential for conflicting contemporaneous rulings by coordinate

district and appellate courts.'"  *In re Air Crash off Long Island, New York*, 965 F. Supp. 5, 7

(S.D.N.Y. 1997) (quoting *In re Korean Air Lines Disaster*, 829 F.2d 1171, 1179 (D.C. Cir.

1987)).  Cases moving forward in many different courts could subject the parties to differing

pre-trial judgments and rulings that could affect the final outcomes of the cases.  This could

---

[9] *See* the 2006 Federal Judicial Caseload Statistics for the United States District Court for the District of Delaware, Eastern District of Texas and Southern District of New York, attached as Exhibits 37, 39, & 40, respectively.

[10] The following defendants are incorporated in Delaware: Comcast of Plano, LP; Time Warner Cable, Inc.; Charter Communications, Inc.; Charter Communications Operating, LLC; CSC Holdings, Inc.; Cablevision Systems Corp.; CBS Corporation; NBC Universal, Inc.; Fox Entertainment Group, Inc.; Fox Broadcasting Company; Adelphia Communications Corporation; Century-TCI California, LP, Century-TCI California Communications, LP; Century-TCI Distribution Company, LLC; Century-TCI Holdings, LLC; Parnassos Communications, LP; Parnassos Distribution Company I, LLC; Parnassos Distribution Company II, LLC; Parnassos Holdings, LLC; Parnassos, LP; and Western NY Cablevision, LP.

-19-

result in inconsistent claim constructions and evidentiary rulings for identical claims, technology, and systems, which is contrary to the very purposes for which the multidistrict transfer and consolidation statute was created. As such, consolidation in Delaware before Judge Sleet, is preferable as it would serve to promote the interests of judicial economy and efficiency for which the statute was created by eliminating the possibility of inconsistent claim construction, pretrial rulings and duplicative discovery.

## IV.    CONCLUSION

For the foregoing reasons, and the reasons to be stated in any reply brief and any oral argument on this matter, CoxCom respectfully requests that the Panel grant its Motion for Transfer and Consolidation and order that the Actions be consolidated and transferred to United States District Court for the District of Delaware before Judge Sleet for coordinated pretrial proceedings.

Respectfully submitted, this the 9th day of March 2007.

Mitchell G. Stockwell
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA  30309
Telephone: (404) 815-6500
Facsimile:  (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101-2400
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500

**Attorneys for COXCOM, INC.**

-20-

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re:<br><br>Rembrandt Technologies, LP Patent Litigation | MDL Docket No. |

**MOTION FOR TRANSFER AND CONSOLIDATION OF REMBRANDT TECHNOLOGIES PATENT LITIGATION PURSUANT TO 28 U.S.C. § 1407**

Mitchell G. Stockwell
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101-2400
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500

**Attorneys For COXCOM, INC.**

Pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure of the Judicial

Panel on Multidistrict Litigation (the "Panel"), Defendant CoxCom, Inc. ("CoxCom")[1]

moves the Panel for an Order:  (1) transferring fourteen (14) related patent infringement

actions filed by or against Rembrandt Technologies, LP ("Rembrandt") (the "Actions"), as

well as any actions that may subsequently be filed by or against Rembrandt, asserting similar

or related claims to the District of Delaware.[2]

In support of this Motion, CoxCom states the following, as more fully explained in

the accompanying Memorandum of Law:

1.     This Motion seeks the transfer and consolidation of fourteen related actions for

patent infringement filed by Rembrandt against twenty-nine defendants[3] (the "Actions"),  ten

of which were filed within the last six months.  The Actions have been filed in three judicial

districts:  the Eastern District of Texas; the District of Delaware; and the Southern District of

New York.

---

[1]  CoxCom is a defendant in the recently filed cases of *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, No. 2:06-CV-223-TJW (E.D. Tex.) (Marshall Division) and *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, No. 2:06-CV-507-TJW (E.D. Tex.) (Marshall Division).  CoxCom is also a plaintiff in the recently filed declaratory judgment action of *CoxCom, Inc. v. Rembrandt Technologies, L.P.*, No. 06-721-GMS (D. Del.).

[2]  As explained more fully in the accompanying Memorandum of Law, CoxCom moves for consolidation of all 14 related patent infringement actions, but suggests that, because of the illogical way in which the claims were grouped in the 14 cases, the most convenient, just and efficient administration of these actions would be achieved if the transferee court severed from the consolidated action those claims asserting the '627 patent for separate treatment and conduct. Claims relating to the '627 patent implicate completely different technology and activity (receipt and transmission of broadcast television signals through ATSC-compliant equipment) than the rest of the claims (which implicate high speed internet services through DOCSIS-compliant equipment).

[3]  The Actions were initially filed against twenty-nine defendants, but claims asserted against Cox Communications, Inc. and Cox Enterprises, Inc. were voluntarily dismissed.  See *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, No. 2:06-CV-223-TJW (E.D. Tex.).

2.      Pursuant to Rule 7.2(a)(ii) of the Rules of the Panel, a schedule of the Actions is attached hereto as Exhibit A.

3.      Plaintiff Rembrandt is a limited partnership organized under the laws of the State of New Jersey with its principal place of business in Bala Cynwyd, Pennsylvania. Rembrandt is a company that invests in patents, but does not practice them.  Instead, it acquires rights to patents and sues entities it believes infringe upon those patents.

4.      Rembrandt has initiated two waves of patent litigation relating to:  (a) the receipt and transmission over the cable television systems of digital terrestrial broadcast signals that comply with the ATSC[4] Digital Television Standard; and (b) the provision of high speed internet services through the use of DOCSIS[5]-compliant equipment.

5.      Rembrandt filed the Actions in two waves, apparently as it became the assignee of the various patents in suit.  The first wave of litigation (the "Rembrandt I" litigation) includes nine cases against fifteen current defendants spanning three industries (cable, television broadcast, and manufacturing) and asserts infringement of up to five patents.  One of the five patents asserted in the Rembrandt I litigation, U.S. Patent No. 5,243,627 (the "'627 patent"), is asserted against each of the Rembrandt I defendants.  The '627 patent relates to the receipt and transmission of ATSC-compliant television broadcast signals.  The remaining four patents asserted in the Rembrandt I litigation do not relate to the transmission of television signals.  Instead, the remaining four patents relate to the provision of high speed internet service through the use of DOCSIS-compliant cable modems and related equipment.  The second wave of litigation (the "Rembrandt II" litigation) includes

---

[4]      "Advanced Television System Committee"
[5]      "Data-Over-Cable Service Interface Specifications"

3

three cases filed by Rembrandt in the Eastern District of Texas against seven cable service providers (all of whom are also defendants in the Rembrandt I litigation), a declaratory judgment action filed by CoxCom in the District of Delaware, and an action filed in the Southern District of New York. The Rembrandt II litigation asserts infringement of five patents relating to the provision of high speed internet service and accuses the same DOCSIS-compliant equipment that is accused in the Rembrandt I litigation.

6.      But for the claim of infringement of the '627 patent, all of the claims in the Rembrandt I and Rembrandt II actions relate to the provision of high speed internet and related services through the use of DOCSIS-compliant cable modems and related equipment.

7.      For the Panel's convenience, a table identifying the asserted patents, the actions in which they have been asserted and the industry standards that are accused is attached to the Motion as Exhibit B.

8.      There have been no substantive orders issued in any of the Actions and no claim construction hearings have been held.

9.      In each of the Actions, defendants already have asserted, or may be expected to assert, overlapping defenses that some or all of the various asserted patent claims are not valid and/or not enforceable (i.e., void for inequitable conduct and/or prosecution laches) under the patent laws.

10.     In each of the Actions, Rembrandt alleges that the defendants infringe its patents by virtue of their compliance with industry standards, either the ATSC standard with respect to the '627 patent or the DOCSIS standard with respect to the other patents in suit. Therefore, the Actions involve identical infringement allegations regarding the patents and the defendants may be expected to assert overlapping non-infringement defenses.

4

11.    Transfer and consolidation of these Actions is necessary to:  (a) eliminate the
potential for inconsistent rulings on critical pretrial motions, including but not limited to,
claim construction rulings; (b) eliminate the burden of duplicative discovery on common
issues; (c) prevent inconsistent pretrial rulings; (d) avoid the unnecessary use of judicial
resources; and (e) reduce the overall costs and burdens for all of the parties.  Moreover,
because the Actions assert infringement based on compliance with industry standards, the
effect of having inconsistent rulings regarding industry standards would be significant and
deleterious.

12.    Due to the many overlapping patents, the Actions in this litigation involve
common questions of fact.  Each of the Actions involves allegations of infringement,
invalidity and enforceability issues common to the overlapping patents.  All the Actions can
be expected to share factual and legal questions concerning such matters as the technology
underlying the patents, the scope and content of the prior art, claim construction, the
prosecution histories of the asserted patents and any inequitable conduct and/or unreasonable
delays (prosecution laches) committed during their prosecution, and/or issues of
infringement involving the patents.

13.    The claims relating to the provision of high speed internet service and related
services accuse the same DOCSIS-compliant equipment—cable modems and related
equipment used by the cable service provider defendants in providing high speed internet
service.  However, because some of these claims are asserted in the Rembrandt I actions
while others are asserted in the Rembrandt II actions and because seven of the cable service
provider defendants have been sued in both the Rembrandt I and Rembrandt II actions, it is
expected that the cable service provider defendants and the third parties who supply and

5

manufacture the accused equipment will be subjected to burdensome and inefficient discovery as they are forced to respond to overlapping and duplicative discovery requested in the separate actions.

14.     Further, the question of damages will present many other common issues of fact among the Actions.  Because Rembrandt is not a competitor of the defendants, Rembrandt can be expected to seek damages in the form of a reasonable royalty, which involves consideration of multiple factors as set forth in the seminal case of *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified and aff'd*, 446 F.2d 295 (2d Cir. 1971).  Because many of these factors relate to the specific patent or patent owner involved in the case, each patent for which Rembrandt seeks damages will present numerous common factual issues.  Moreover, because the claims relating to the provision of high speed internet services straddle both Rembrandt I and Rembrandt II actions, because the claims accuse the same equipment, and because seven of the cable service provider defendants have been sued in both the Rembrandt I and Rembrandt II actions, there is a risk that Rembrandt may receive inflated damages.

15.     Of the fourteen actions currently at issue, at least six are pending before Judge Gregory Sleet in the District of Delaware.  These six actions assert five of the nine patents at issue in the Actions and implicate both of the accused industry standards.  As such, Judge Sleet has the opportunity to gain familiarity with the patents, technology and industry standards at issue.

16.     Judge Sleet has presided over a number of complex patent litigation cases in the past and has demonstrated an understanding and ability to effectively administer this type

6

of complex litigation. Moreover, Judge Sleet has already indicated an interest in at least coordinating the six actions pending in Delaware.

17. Consolidation and transfer before Judge Sleet in the District of Delaware is appropriate.

WHEREFORE CoxCom requests that this Panel enter an order transferring the Actions, as well as any actions that may subsequently be filed by or against Rembrandt asserting similar or related claims to the District of Delaware and consolidating those actions for coordinated pretrial proceedings.

This the 9th day of March 2007.

Respectfully Submitted:

_Mitchell G. Stockwell_
Mitchell G. Stockwell
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone: (336) 607-7300
Facsimile: (336) 607-7500

**Attorneys for COXCOM, INC.**

US2000 9823191.1

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Rembrandt Technologies, LP Patent | ) | MDL Docket No. |
| Litigation | ) | |
| | ) | |

**NOTICE OF APPEARANCE OF COUNSEL**
**REPRESENTING DEFENDANT COXCOM, INC.**

In compliance with Rule 5.2(c), R.P.J.P.M.L., 199 F.R.D. 425, 431 (2001), the

following designated attorney is authorized to receive service of all pleadings, notices,

orders, and other papers relating to practice before the Judicial Panel on Multidistrict

Litigation on behalf of defendant CoxCom, Inc.  I am aware that only one attorney can be

designated for each party.

Dated:  March 9th, 2007.

By:  _Mitchell G. Stockwell_
      Mitchell G. Stockwell
      KILPATRICK STOCKTON
      1100 Peachtree Street
      Suite 2800
      Atlanta, Georgia 30309
      (404) 815-6214
      (404) 541-3403 (facsimile)

      **Attorney for Defendant COXCOM,**
      **INC**.

US2000 9824814.1

**Exhibit A**
**SCHEDULE OF ACTIONS**

| NO. | NAME OF ACTION | DISTRICT COURT/ DIVISION | DATE ACTION FILED | CIVIL ACTION NUMBER | JUDGE ASSIGNED |
|---|---|---|---|---|---|
| 1. | Rembrandt Technologies, LP v. Sharp Corporation and Sharp Electronics Corporation | U.S.D.C., Eastern District of Texas/Marshall Division | 02/03/06 | 2:06-cv-047 | T. John Ward |
| 2. | Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP | U.S.D.C., Eastern District of Texas/Marshall Division | 09/16/05 | 2:05-cv-443 | T. John Ward |
| 3. | Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP | U.S.D.C., Eastern District of Texas/Marshall Division | 11/30/06 | 2:06-cv-506 | T. John Ward |
| 4. | Rembrandt Technologies, LP v. Time Warner Cable, Inc. | U.S.D.C., Eastern District of Texas/Marshall Division | 06/01/06 | 2:06-cv-224 | T. John Ward |
| 5. | Rembrandt Technologies, LP v. Time Warner Cable, Inc. | U.S.D.C., Eastern District of Texas/Marshall Division | 09/13/06 | 2:06-cv-369 | T. John Ward |
| 6. | Rembrandt Technologies, LP v. Charter Communications, Inc.; Charter Communications Operating, LLC; Cox Communications, Inc., Cox Enterprises, Inc.; CoxCom, Inc.; CSC Holdings, Inc., and Cablevision Systems Corporation | U.S.D.C., Eastern District of Texas/Marshall Division | 06/01/06 | 2:06-cv-223 | T. John Ward |
| 7. | Rembrandt Technologies, LP v. Charter Communications, Inc.; Charter Communications Operating, LLC, and CoxCom, Inc. | U.S.D.C., Eastern District of Texas/Marshall Division | 11/30/06 | 2:06-cv-507 | T. John Ward |

| NO. | NAME OF ACTION | DISTRICT COURT/ DIVISION | DATE ACTION FILED | CIVIL ACTION NUMBER | JUDGE ASSIGNED |
|---|---|---|---|---|---|
| 8. | Rembrandt Technologies, LP v. Cablevision Systems Corporation and CSC Holdings, Inc. | U.S.D.C., District of Delaware | 10/13/06 | 1:06-cv-635 | Gregory M. Sleet |
| 9. | CoxCom, Inc.  v. Rembrandt Technologies, LP | U.S.D.C., District of Delaware | 11/30/06 | 1:06-cv-721 | Gregory M. Sleet |
| 10 | Rembrandt Technologies, LP v. CBS Corporation | U.S.D.C., District of Delaware | 12/01/06 | 1:06-cv-727 | Gregory M. Sleet |
| 11 | Rembrandt Technologies, LP v. NBC Universal, Inc. | U.S.D.C., District of Delaware | 12/01/06 | 1:06-cv-729 | Gregory M. Sleet |
| 12 | Rembrandt Technologies, LP v. ABC, Inc. | U.S.D.C., District of Delaware | 12/01/06 | 1:06-cv-730 | Gregory M. Sleet |
| 13 | Rembrandt Technologies, LP v. Fox Entertainment Group, Inc. and Fox Broadcasting Company | U.S.D.C., District of Delaware | 12/01/06 | 1:06-cv-731 | Gregory M. Sleet |
| 14 | In Re Adelphia Communication Corp. Rembrandt Technologies, LP v. Adelphia Communications Corp. Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century- TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP | U.S. Bankr. Court and U.S.D.C., Southern District of New York | 01/11/07 | Bankr: 02-41729 U.S.D.C.: 1:07-cv-214 | Bankr: Robert E. Gerber U.S.D.C.: William H. Pauley III |

**EXHIBIT B**
**Rembrandt Litigation**

| Patent | Rembrandt v. Sharp (2:06-cv-047-TJW) | Rembrandt v. Comcast (2:05-cv-443-TJW) | Rembrandt v. Comcast (2:06-cv-506-TJW) | Rembrandt v. Time Warner (2:06-cv-224-TJW) | Rembrandt v. Time Warner (2:06-cv-369-TJW) | Rembrandt v. Charter, *et al.* (2:06-cv-223-TJW) | Rembrandt v. Charter, *et al.* (2:06-cv-507-TJW) | Rembrandt v. Cablevision (1:06-cv-635-GMS) | CoxCom v. Rembrandt (1:06-cv-721-GMS) | Rembrandt v. CBS (1:06-cv-727-GMS) | Rembrandt v. NBC (1:06-cv-729-GMS) | Rembrandt v. ABC (1:06-cv-730-GMS) | Rembrandt v. Fox (1:06-cv-731-GMS) | Rembrandt v. Adelphia *et al.* (1:07-cv-214-WHP) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| '627 (5,243,627) | XXX | XXX | | XXX | | XXX | | XXX | | XXX | XXX | XXX | XXX | |
| '631 (5,852,631) | | XXX | | XXX | | XXX | | XXX | | | | | | |
| '858 (5,719,858) | | XXX | | XXX | | XXX | | XXX | | | | | | |
| '819 (4,937,819) | | XXX | | XXX | | XXX | | XXX | | | | | | |
| '761 (5,710,761) | | | XXX | | XXX | | XXX | | | | | | | XXX |
| '234 (5,778,234) | | | XXX | | XXX | | XXX | | | | | | | XXX |
| '159 (6,131,159) | | | XXX | | XXX | | XXX | | | | | | | XXX |
| '444 (6,950,444) | | | XXX | | XXX | | XXX | | | | | | | XXX |
| '903 (5,008,903) | | | XXX | | XXX | | XXX | XXX | XXX | | | | | |

**Legend:**
Blue cases are pending in the E.D. Tex.
Gold cases are pending in the D. Del.
Purple case is pending in the S.D.N.Y.
Green patents implicate the ATSC industry standard.
Red patents implicate the DOCSIS industry standard.
Shaded columns indicate the Rembrandt I cases.
Clear columns indicate the Rembrandt II cases.