CLOSED, DISCMAG, JURY, PATENT

# U.S. District Court [LIVE]
## Eastern District of TEXAS LIVE (Marshall)
## CIVIL DOCKET FOR CASE #: 2:06-cv-00506-TJW-CE

| | |
|---|---|
| Rembrandt Technologies, LP v. Comcast Corporation et al | Date Filed: 11/30/2006 |
| Assigned to: Judge T. John Ward | Jury Demand: Both |
| Referred to: Magistrate Judge Charles Everingham | Nature of Suit: 830 Patent |
| Cause: 35:271 Patent Infringement | Jurisdiction: Federal Question |

**Plaintiff**

**Rembrandt Technologies, LP**     represented by     **Max Lalon Tribble, Jr**
Susman Godfrey LLP
1000 Louisiana Street
Ste 5100
Houston, TX 77002-5096
713/651-9366
Fax: 17136546666
Email: mtribble@susmangodfrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Wesley Spangler**
Brown McCarroll - Longview
1127 Judson Rd - Ste 220
PO Box 3999
Longview, TX 75606-3999
903-236-9800
Fax: 19032368787
Email: aspangler@mailbmc.com
*ATTORNEY TO BE NOTICED*

**Brooke Ashley-May Taylor**
Susman Godfrey, LLP - Seattle
1201 Third Avenue
Suite 3800
Seattle, WA 98101
206/516-3880
Fax: 206/516-3883
Email: btaylor@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Charles Ainsworth**
Parker Bunt & Ainsworth
100 E Ferguson
Suite 1114
Tyler, TX 75702
US

903/531-3535
Fax: 903/533-9687
Email: charley@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Collin Michael Maloney**
Ireland Carroll & Kelley
6101 S Broadway
Suite 500
Tyler, TX 75703
903/561-1600
Fax: 9035811071
Email: fedserv@icklaw.com
*ATTORNEY TO BE NOTICED*

**Edgar G Sargent**
Susman Godfrey, LLP - Seattle
1201 Third Avenue
Suite 3800
Seattle, WA 98101
206/516-3804
Fax: 206/516-3883
Email: esargent@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Elizabeth L DeRieux**
Brown McCarroll
1127 Judson Rd - Ste 220
PO Box 3999
Longview, TX 75606-3999
903/236-9800
Fax: 9032368787
Email: ederieux@mailbmc.com
*ATTORNEY TO BE NOTICED*

**Franklin Jones, Jr**
Jones & Jones - Marshall
201 W Houston St
PO Drawer 1249
Marshall, TX 75670
903/938-4395
Fax: 9039383360
Email: maizieh@millerfirm.com
*ATTORNEY TO BE NOTICED*

**James Patrick Kelley**
Ireland Carroll & Kelley
6101 S Broadway
Suite 500
Tyler, TX 75703

903/561-1600
Fax: 9035811071
Email: patkelley@icklaw.com
*ATTORNEY TO BE NOTICED*

**Joseph Samuel Grinstein**
Susman Godfrey - Houston
1000 Louisiana Street
Ste 5100
Houston, TX 77002-5096
713/651-9366
Fax: 7136546666
Email: jgrinstein@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Matthew R Berry**
Susman Godfrey, LLP - Seattle
1201 Third Avenue
Suite 3800
Seattle, WA 98101
206/373-7394
Fax: 206/516-3883
Email: mberry@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Otis W Carroll, Jr**
Ireland Carroll & Kelley
6101 S Broadway
Suite 500
Tyler, TX 75703
903/561-1600
Fax: 9035811071
Email: Fedserv@icklaw.com
*ATTORNEY TO BE NOTICED*

**Robert Christopher Bunt**
Parker, Bunt & Ainsworth, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
903/531-3535
Fax: 903/533-9687
Email: rcbunt@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Robert M Parker**
Parker, Bunt & Ainsworth, P.C.
100 E Ferguson
Suite 1114
Tyler, TX 75702
903/531-3535

Fax: 9035339687
Email: rmparker@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Sidney Calvin Capshaw, III**
Brown McCarroll - Longview
1127 Judson Rd - Ste 220
PO Box 3999
Longview, TX 75606-3999
903/236-9800
Fax: 19032368787
Email: ccapshaw@mailbmc.com
*ATTORNEY TO BE NOTICED*

**Tibor L. Nagy**
Susman Godfrey - Houston
1000 Louisiana Street
Ste 5100
Houston, TX 77002-5096
713/653-7850
Fax: 713/654-6102
Email: tnagy@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Comcast Corporation**

**Defendant**

**Comcast Cable Communications, LLC**

**Defendant**

**Comcast of Plano, LP**

**Movant**

**Coxcom, Inc.,**

**Counter Claimant**

**Comcast Corporation**      represented by    **Jennifer Haltom Doan**
Haltom and Doan LLP
6500 North Summerhill Road
Crown Executive Center Suite 1 A
P O Box 6227
Texarkana, Tx 75505
903/255-1000
Fax: 903/255-0800
Email: jdoan@haltomdoan.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Comcast Cable Communications,**
**LLC**

represented by **Jennifer Haltom Doan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Comcast of Plano, LP**

represented by **Jennifer Haltom Doan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Rembrandt Technologies, LP**

represented by **Brooke Ashley-May Taylor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph Samuel Grinstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew R Berry**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/30/2006 | 1 | COMPLAINT with JURY DEMAND against Comcast Corporation, Comcast Cable Communications, LLC, Comcast of Plano, LP (Filing fee $ 350.) , filed by Rembrandt Technologies, LP. (Attachments: # 1 # 2 # 3 # 4 # 5 Civil Cover Sheet)(ehs, ) (Entered: 12/01/2006) |
| 11/30/2006 | 2 | CORPORATE DISCLOSURE STATEMENT filed by Rembrandt Technologies, LP (ehs, ) (Entered: 12/01/2006) |
| 11/30/2006 | 3 | Form mailed to Commissioner of Patents and Trademarks. (ehs, ) (Entered: 12/01/2006) |
| 11/30/2006 | | E-GOV SEALED SUMMONS Issued as to Comcast Corporation, Comcast Cable Communications, LLC, Comcast of Plano, LP. (ehs, ) (Entered: 12/01/2006) |
| 12/01/2006 | 4 | AMENDED COMPLAINT *(First Amended Complaint)* against all defendants, filed by Rembrandt Technologies, LP. (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C# (4) Exhibit D# (5) Exhibit E) |

|  |  |  |
|---|---|---|
|  |  | (DeRieux, Elizabeth) Additional attachment(s) added on 12/1/2006 (ehs, ). (Entered: 12/01/2006) |
| 12/04/2006 |  | Filing fee: $ 350.00, receipt number 2-1-2127 (ch, ) (Entered: 12/05/2006) |
| 12/07/2006 | 5 | NOTICE of Attorney Appearance by Robert M Parker on behalf of Rembrandt Technologies, LP (Parker, Robert) (Entered: 12/07/2006) |
| 12/07/2006 | 6 | NOTICE of Attorney Appearance by Robert Christopher Bunt on behalf of Rembrandt Technologies, LP (Bunt, Robert) (Entered: 12/07/2006) |
| 12/07/2006 | 7 | NOTICE of Attorney Appearance by Charles Ainsworth on behalf of Rembrandt Technologies, LP (Ainsworth, Charles) (Entered: 12/07/2006) |
| 12/12/2006 | 8 | NOTICE of Attorney Appearance by Franklin Jones, Jr on behalf of Rembrandt Technologies, LP (Jones, Franklin) (Entered: 12/12/2006) |
| 12/12/2006 | 9 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Comcast Cable Communications, LLC served on 12/4/2006, answer due 12/26/2006. (ehs, ) (Entered: 12/15/2006) |
| 12/12/2006 | 10 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Comcast Corporation served on 12/4/2006, answer due 12/26/2006. (ehs, ) (Entered: 12/15/2006) |
| 12/21/2006 | 11 | ANSWER to Amended Complaint, COUNTERCLAIM against Rembrandt Technologies, LP by Comcast Corporation, Comcast Cable Communications, LLC, Comcast of Plano, LP.(Doan, Jennifer) (Entered: 12/21/2006) |
| 12/26/2006 | 12 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Comcast of Plano, LP served on 12/13/2006, answer due 1/2/2007. (ehs, ) (Entered: 12/27/2006) |
| 01/03/2007 | 13 | NOTICE of Attorney Appearance by Matthew R. Berry on behalf of Rembrandt Technologies, LP, Rembrandt Technologies, LP (Berry, Matthew) (Entered: 01/03/2007) |
| 01/03/2007 | 14 | NOTICE of Attorney Appearance by Brooke Ashley-May Taylor on behalf of Rembrandt Technologies, LP, Rembrandt Technologies, LP (Taylor, Brooke) (Entered: 01/03/2007) |
| 01/03/2007 | 15 | NOTICE of Attorney Appearance by Joseph Samuel Grinstein on behalf of Rembrandt Technologies, LP, Rembrandt Technologies, LP (Grinstein, Joseph) (Entered: 01/03/2007) |
| 01/09/2007 | 16 | NOTICE of Attorney Appearance by Tibor L. Nagy on behalf of Rembrandt Technologies, LP (Nagy, Tibor) (Entered: 01/09/2007) |
| 01/09/2007 | 17 | *Plaintiff's* ANSWER to Counterclaim by Rembrandt Technologies, LP. (Tribble, Max) (Entered: 01/09/2007) |
| 01/12/2007 | 21 | APPLICATION to Appear Pro Hac Vice by Attorney Edgar G Sargent for Rembrandt Technologies, LP. (ch, ) (Entered: 01/19/2007) |

| | | |
|---|---|---|
| 01/12/2007 | | Pro Hac Vice Filing fee paid by Sargent; Fee: $25, receipt number: 2-1-2206 (ch, ) (Entered: 01/19/2007) |
| 01/15/2007 | 18 | NOTICE of Attorney Appearance by Otis W Carroll, Jr on behalf of Rembrandt Technologies, LP (Carroll, Otis) (Entered: 01/15/2007) |
| 01/15/2007 | 19 | NOTICE of Attorney Appearance by Collin Michael Maloney on behalf of Rembrandt Technologies, LP (Maloney, Collin) (Entered: 01/15/2007) |
| 01/15/2007 | 20 | NOTICE of Attorney Appearance by James Patrick Kelley on behalf of Rembrandt Technologies, LP (Kelley, James) (Entered: 01/15/2007) |
| 03/09/2007 | 22 | NOTICE by Coxcom, Inc., *of Filing Motion for Transfer and Consolidation of Rembrandt Technologies, LP Patent Litigation Pursuant to 28 U.S.C. 1407* (Attachments: # 1 MDL Motion for Transfer and Consolidation# 2 Motion Ex. A# 3 Motion Ex. B# 4 MDL Memorandum# 5 MDL Exhibit List# 6 MLD Notice of Appearance# 7 MDL Corporate Disclosure# 8 MDL Certificate of Service)(Stockwell, Mitchell) (Entered: 03/09/2007) |
| 03/09/2007 | 23 | Additional Attachments to Main Document: 22 Notice (Other), Notice (Other).. (Attachments: # 1 MDL Ex. 1# 2 MDL Ex. 2# 3 MDL Ex. 3# 4 MDL Ex. 4# 5 MDL Ex. 5# 6 MDL Ex. 6# 7 MDL Ex. 7# 8 MDL Ex. 8# 9 MDL Ex. 9# 10 MDL Ex. 10# 11 MDL Ex. 11# 12 MDL Ex. 12# 13 MDL Ex. 13# 14 MDL Ex. 14# 15 MDL Ex. 15# 16 MDL Ex. 16# 17 MDL Ex. 17# 18 MDL Ex. 18# 19 MDL Ex. 19# 20 MDL Ex. 20# 21 MDL Ex. 21# 22 MDL Ex. 22# 23 MDL Ex. 23# 24 MDL Ex. 24# 25 MDL Ex. 25# 26 MDL Ex. 26# 27 MDL Ex. 27# 28 MDL Ex. 28# 29 MDL Ex. 29# 30 MDL Ex. 30# 31 MDL Ex. 31# 32 MDL Ex. 32# 33 MDL Ex. 33# 34 MDL Ex. 34# 35 MDL Ex. 35# 36 MDL Ex. 35# 37 MDL Ex. 37# 38 MDL Ex. 38# 39 MDL Ex. 39# 40 MDL Ex. 40# 41 MDL Ex. 41# 42 MDL Ex. 42# 43 MDL Ex. 43)(Stockwell, Mitchell) (Entered: 03/09/2007) |
| 03/30/2007 | 24 | NOTICE by Rembrandt Technologies, LP *Joint Notice of Conference Regarding Proposed Discovery Order and Docket Control Order* (Attachments: # 1 Exhibit Discovery Order and Docket Control Order) (Taylor, Brooke) (Entered: 03/30/2007) |
| 04/05/2007 | 25 | NOTICE by Rembrandt Technologies, LP re 23 Additional Attachments to Main Document,,,, 22 Notice (Other), Notice (Other) *Notice of Filing Opposition to CoxComs Motion for Transfer and Consolidation* (Attachments: # 1 Exhibit Rembrandts Brief in Opposition# 2 Exhibit Exhibit list# 3 Exhibit Opposition Brief Exh 1# 4 Exhibit Opposition Brief Exh 2# 5 Exhibit Opposition Brief Exh 3# 6 Exhibit Opposition Brief Exh 4# 7 Exhibit Opposition Brief Exh 5# 8 Exhibit Opposition Brief Exh 6# 9 Exhibit Opposition Brief Exh 7# 10 Exhibit Opposition Brief Exh 8# 11 Exhibit Opposition Brief Exh 9# 12 Exhibit Opposition Brief Exh 10# 13 Exhibit Opposition Brief Exh 11# 14 Exhibit Opposition Brief Exh 12# 15 Exhibit Opposition Brief Exh 13# 16 Exhibit Response to CoxComs Motion# 17 Exhibit Reason Why Oral Argument Should Be Heard# 18 Exhibit Proof of Service)(Taylor, |

| | | |
|---|---|---|
| | | Brooke) (Entered: 04/05/2007) |
| 04/11/2007 | 26 | NOTICE of Attorney Appearance by Andrew Wesley Spangler on behalf of Rembrandt Technologies, LP (Spangler, Andrew) (Entered: 04/11/2007) |
| 04/11/2007 | 27 | NOTICE of Attorney Appearance by Sidney Calvin Capshaw, III on behalf of Rembrandt Technologies, LP (Capshaw, Sidney) (Entered: 04/11/2007) |
| 04/18/2007 | 28 | ORDER - referring case to Magistrate Judge Charles Everingham in accordance with the assignments made by General Order 07-03. The magistrate judge shall conduct pre-trial proceedins pursuant to 28 USC 636. Signed by Judge T. John Ward on 4/18/07. (ch, ) (Entered: 04/18/2007) |
| 04/18/2007 | 29 | NOTICE by Coxcom, Inc., *Notice of Development* (Attachments: # 1 Notice of Hearing)(Gardner, Allen) (Entered: 04/18/2007) |
| 04/19/2007 | 30 | ORDER - REGARDING THE PROTECTIVE ORDER AND DOCUMENT PRODUCTION. Signed by Judge Charles Everingham on 4/19/07. (ch, ) (Entered: 04/19/2007) |
| 04/19/2007 | 31 | DOCKET CONTROL ORDER Respond to Amended Pleadings 11/30/07. Amended Pleadings due by 11/16/2007. Discovery due by 5/14/2008. Joinder of Parties due by 5/3/2007. Claims Construction Hearing set for 2/13/2008 - 2/14/08 9:00 AM before Judge T. John Ward. Motions in limine due by 7/21/2008. Proposed Pretrial Order due by 7/21/2008. Jury Selection set for 8/4/2008 9:00AM before Judge T. John Ward. Pretrial Conference set for 7/24/2008 9:30 AM before Judge T. John Ward. Privilege Logs are to be exchanged by 6/4/07. All other deadlines are set forth herein. Signed by Judge Charles Everingham on 4/19/07. (ch, ) (Entered: 04/19/2007) |
| 04/24/2007 | 32 | NOTICE by Rembrandt Technologies, LP *Of Proposed Protective Order* (Attachments: # 1 Text of Proposed Order Protective Order)(Taylor, Brooke) CORRECTED PROPOSED PROTECTIVE ORDER added on 4/25/2007 (mpv, ). Modified on 4/25/2007 (mpv, ). (Entered: 04/24/2007) |
| 04/24/2007 | 33 | NOTICE by Rembrandt Technologies, LP *Re Electronic Production* (Taylor, Brooke) (Entered: 04/24/2007) |
| 04/25/2007 | | NOTICE re 32 Notice (Other) CORRECTED PROPOSED PROTECTIVE ORDER ADDED BY CLERK (mpv, ) (Entered: 04/25/2007) |
| 04/30/2007 | 34 | Minute Entry for proceedings held before Judge Charles Everingham : Scheduling Conference held on 4/30/2007. (Court Reporter Debbie Latham.)(delat, ) (Entered: 04/30/2007) |
| 05/03/2007 | | TRANSCRIPT of Proceedings Scheduling Conference held on 4/3/07 before Judge Chad Everingham. Court Reporter: Transcriber/Susan Simmons. (lss) (Entered: 05/03/2007) |

| 05/04/2007 | 36 | PROTECTIVE ORDER. Signed by Judge Charles Everingham on 5/4/07. (ehs, ) (Entered: 05/04/2007) |
| 05/07/2007 | 37 | NOTICE of Disclosure by Rembrandt Technologies, LP (Berry, Matthew) (Entered: 05/07/2007) |
| 05/07/2007 | 38 | NOTICE of Disclosure by Comcast Corporation, Comcast Cable Communications, LLC (Doan, Jennifer) (Entered: 05/07/2007) |
| 05/23/2007 | 39 | NOTICE of Disclosure by Rembrandt Technologies, LP (Taylor, Brooke) (Entered: 05/23/2007) |
| 06/04/2007 | 40 | Joint MOTION to Amend/Correct *Docket Control Order* by Rembrandt Technologies, LP. (Attachments: # 1 Text of Proposed Order Order Granting Motion to Amend)(Taylor, Brooke) (Entered: 06/04/2007) |
| 06/06/2007 | 41 | ORDER granting 40 Motion to Amend/Correct. Docket Control Order is amended to move date to exchange privilege logs to 7/10/07. Signed by Judge Charles Everingham on 6/5/07. (ch, ) (Entered: 06/06/2007) |
| 06/12/2007 | 42 | NOTICE of Disclosure by Rembrandt Technologies, LP *Regarding Compliance with Paragraph 3(b) of the Discovery Order* (Berry, Matthew) (Entered: 06/12/2007) |
| 06/21/2007 | 43 | NOTICE by Comcast Corporation, Comcast Cable Communications, LLC, Comcast of Plano, LP *Notice of Multi-District Litigation Developments Pursuant to Local Rule CV-42* (Attachments: # 1 Exhibit A)(Doan, Jennifer) (Entered: 06/21/2007) |
| 06/21/2007 | 44 | NOTICE by Comcast Corporation, Comcast Cable Communications, LLC, Comcast of Plano, LP *of Multi-District Litigation Developments Pursuant to Local Rule CV-42* (Attachments: # 1 Exhibit A)(Gardner, Allen) (Entered: 06/21/2007) |
| 06/25/2007 | 45 | Interdistrict transfer to the District of Delaware, Wilmington DE. Pursuant to letter Elizabeth Dinan was notified. Certified copy of Docket Sheet, Complaint, Transfer Order and letter were mailed to the Federal Blding, Lockbox 18,844 N. King Street, Wilmington, DE (ch, ) Additional attachment(s) added on 6/28/2007 (ch, ). Additional attachment(s) added on 6/28/2007 (ch, ). Modified on 6/28/2007 (ch, ). (Entered: 06/27/2007) |

| **PACER Service Center** | | | |
| **Transaction Receipt** | | | |
| 07/02/2007 13:27:26 | | | |
| **PACER Login:** | ud0037 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:06-cv-00506-TJW-CE |

| Billable Pages: | 5 | Cost: | 0.40 |
|---|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 2:06-CV-506 (TJW) |
| | § | |
| COMCAST CORPORATION, ET AL | § | JURY |
| | § | |
| Defendants | § | |

## NOTICE OF APPEARANCE

Notice is hereby given that the undersigned attorney, Andrew W. Spangler, enters his appearance in this matter as counsel for Plaintiff, Rembrandt Technologies, LP, for the purpose of receiving notices and orders from the Court.

DATED this 11th day of April, 2007.

Respectfully submitted,


By:  /s/ Andrew W. Spangler
Andrew W. Spangler
State Bar No. 24041960
BROWN McCARROLL,  LLP
1127 Judson Road, Suite 220
Longview, TX 75601-5157
P.O. Box 3999
Longview, TX 75606-3999
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail: aspangler@mailbmc.com
ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 11th day of April, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Andrew W. Spangler
Andrew W. Spangler

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 2:06-CV-506 (TJW) |
| | § | |
| COMCAST CORPORATION, ET AL | § | JURY |
| | § | |
| Defendants | § | |

## **NOTICE OF APPEARANCE**

Notice is hereby given that the undersigned attorney, S. Calvin Capshaw, enters his appearance in this matter as counsel for Plaintiff, Rembrandt Technologies, LP, for the purpose of receiving notices and orders from the Court.

DATED this 11th day of April, 2007.

Respectfully submitted,


By: /s/ S. Calvin Capshaw
S. Calvin Capshaw
State Bar No. 03783900
BROWN McCARROLL, LLP
1127 Judson Road, Suite 220
Longview, TX 75601-5157
P.O. Box 3999
Longview, TX 75606-3999
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail: ccapshaw@mailbmc.com
ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 11th day of April, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ S. Calvin Capshaw
S. Calvin Capshaw

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | NO. 2:06cv506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL | § | |

## ORDER

This case is referred to United States Magistrate Judge Chad Everingham in accordance with the assignments made by General Order 07-03. The magistrate judge shall conduct pre-trial proceedings pursuant to 28 U.S.C. § 636.

The referral magistrate judge is designated to hear and determine all pre-trial matters and motions in connection with such suits except those motions excepted in 28 U.S.C. § 636(b)(1)(A). The magistrate judge is designated to conduct hearings, including evidentiary hearings, and to submit to the presiding judge findings of fact and recommendations for the disposition of all matters excepted under 28 U.S.C. § 636 (b)(1)(A).  SIGNED this 18th day of April, 2007.

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:05-CV-443-TJW |
| | ) | |
| COMCAST CORPORATION, ET AL. | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-CV-506-TJW |
| | ) | |
| COMCAST CORPORATION, ET AL. | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-CV-369-TJW |
| | ) | |
| TIME WARNER CABLE, INC. | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-CV-224-TJW |
| | ) | |
| TIME WARNER CABLE, INC. | ) | |

|                                        |   |
|----------------------------------------|---|
|                                        | ) |
| Defendant.                             | ) |
| _____ | ) |
|                                        |   |
| REMBRANDT TECHNOLOGIES, LP             | ) |
|                                        | ) |
|     Plaintiff,     | ) |
|                                        | ) |
| v.                                     | ) |
|                                        | ) |
| CHARTER COMMUNICATIONS, INC.,          | ) |
| ET AL.                                 | ) |
|                                        | ) |
|     Defendants.    | ) |
| _____ | ) |

Case No. 2:06-CV-507-TJW

REMBRANDT TECHNOLOGIES, LP )
    Plaintiff, )
v. )
CHARTER COMMUNICATIONS, INC.,
ET AL.
    Defendants.

Case No. 2:06-CV-223-TJW

### <u>NOTICE OF DEVELOPMENT</u>

Defendants Charter Communications, Inc., Charter Communications Operating, LLC.,

CoxCom, Inc., and Time Warner Cable, Inc. provide this notice of development.  Attached is a

Notice of Hearing issued by the Judicial Panel on Multidistrict Litigation, calendaring for

hearing on May 31, 2007, the motion of CoxCom, Inc. for transfer and consolidation of the

Rembrandt Technologies, LP, patent litigation pursuant to 28 U.S.C. §1407.

Dated: April 18th, 2007.

Respectfully Submitted

*/s/ Allen F. Gardner*
Michael E. Jones
Texas State Bar No. 10929400
mikejones@potterminton.com
Diane V. DeVasto
Texas State Bar No. 05784100
dianedevasto@potterminton.com
Allen F. Gardner
Texas State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON, P.C.
110 North College
500 Plaza Tower
Tyler, Texas 75702
Telephone:     (903) 597-8311
Facsimile:     (903) 593-0846

**ATTORNEYS FOR CHARTER
COMMUNICATIONS, INC., LLP,
CHARTER COMMUNICATIONS
OPERATING, LLC, COXCOM, INC.,
AND TIME WARNER CABLE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served this 18th day of April, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by first class mail on this same date.

*/s/ Allen F. Gardner*
Allen F. Gardner

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888

http://www.jpml.uscourts.gov

April 12, 2007

### NOTICE OF HEARING SESSION

Dear Counsel:

Pursuant to the order of the Judicial Panel on Multidistrict Litigation filed today, you are hereby notified that a hearing session has been scheduled to consider various matters pursuant to 28 U.S.C. § 1407.

DATE OF HEARING SESSION:          May 31, 2007

LOCATION OF HEARING SESSION:          Lloyd D. George United States Courthouse
                                                                 Courtroom 7C, 7th Floor
                                                                 333 Las Vegas Boulevard South
                                                                 Las Vegas, Nevada  89101

TIME OF HEARING SESSION:  In those matters designated for oral argument, counsel presenting oral argument must be present at **8:30 a.m.** in order for the Panel to allocate the amount of time for oral argument.  Oral argument will commence at **9:30 a.m.**

Please direct your attention to the enclosed Hearing Session Order and Schedule of Matters for Hearing Session for a listing of the matters scheduled for consideration at this hearing session.

- Section A of this Schedule lists the matters designated for oral argument.
- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument,** pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001).

For those matters listed on Section A of the Schedule, the enclosed blue "Notice of Presentation or Waiver of Oral Argument" must be returned to this office no later than **May 14, 2007.**  Note the procedures governing Panel oral argument which are outlined on the enclosed "Procedures for Oral Argument before the Judicial Panel on Multidistrict Litigation."  These procedures are strictly adhered to and your cooperation is appreciated.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

c:  Clerk, U.S. District Court for the District of Nevada

| JUDICIAL PANEL ON |
| MULTIDISTRICT LITIGATION |
| FILED |
| **APRIL 12, 2007** |
| JEFFERY N. LÜTHI |
| CLERK OF THE PANEL |

# *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

## HEARING SESSION ORDER

IT IS ORDERED that on May 31, 2007, a hearing session will be held in Las Vegas, Nevada, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that at said hearing session the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that at said hearing session the matters listed on Section A of the attached Schedule shall be designated for oral argument.

IT IS FURTHER ORDERED that at said hearing session the matters listed on Section B of the attached Schedule shall be considered without oral argument, pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 16.1(b), to issue a subsequent notice designating any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

SCHEDULE OF MATTERS FOR HEARING SESSION
May 31, 2007 -- Las Vegas, Nevada

## SECTION A
## MATTERS DESIGNATED FOR ORAL ARGUMENT

MDL-1835 -- In re Brian L. Roberts Litigation

Motion of plaintiff Brian L. Roberts for centralization of the following actions in the
United States District Court for the Southern District of New York:

Southern District of New York

*Brian L. Roberts v. Sony Corp., et al.*, C.A. No. 1:06-6337

District of Utah

*Brian L. Roberts v. Sony, et al.*, C.A. No. 2:04-673

MDL-1836 -- In re Mirapex Products Liability Litigation

Motion of defendants Boehringer Ingelheim Pharmaceuticals, Inc., and Pfizer Inc. for
centralization of the following actions in the United States District Court for the Southern
District of New York or, in the alternative, the United States District Court for the District of
Connecticut or other suitable United States district court:

Northern District of California

*Therese Bottiglieri v. Pfizer Inc., et al.*, C.A. No. 3:06-3248

District of Maryland

*William David Livingston, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
C.A. No. 1:06-1887

District of Minnesota

*Gary Selinsky, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
C.A. No. 0:06-873
*Robert M. Zwayer, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
C.A. No. 0:06-874

MDL-1836 (Continued)


District of Minnesota (Continued)

*Michael A. Dubaich, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-875
*Donald J. Nelsen v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-876
*Larry Webb, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-898
*Timothy Harms v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,* C.A. No. 0:06-899
*Timothy L. Estep v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-900
*Mary Conway v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,* C.A. No. 0:06-901
*Dennis M. Scharpen, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-1206
*Gary E. Charbonneau, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-1215
*Todd R. Cain v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,* C.A. No. 0:06-1582
*Manuel A. Quintela, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-1675
*Thaddeus R. Fayard v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-2144
*Hylton H. Dodd v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-2145
*Michael W. Averitt, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-2194
*William F. Courtney, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-2546
*Richard I. Bloom, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-2577
*Joyce A. Anderson v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-2578
*Kathleen R. Frye, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-2662
*Cynthia Harris, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3009

Schedule of Matters for Hearing Session, Section A                                    p. 3
Las Vegas, Nevada


MDL-1836 (Continued)


                                  `

                    District of Minnesota (Continued)


*Daniel M. Hayward, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-3180
*Daniel F. Neal v. Boehringer Ingelheim Pharmaceuticals, Inc., et al., C.A. No. 0:06-3182*
*Peggy J. Bronson v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-3254
*Theresa R. Seaman, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-3255
*Madeline J. Vingers v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-3284
*Irene M. Conejo v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-3519
*Melody S. Erickson v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-3526
*Alan Kite, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-3527
*George P. Wagner v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-3537
*Gordon J. Haughey, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-3539
*Stella C. Rush, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-3544
*Carl M. Milam, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-3778
*Floyd Wayne Kanuch v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-3839
*Rick James Berger v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-4358
*Mark Mayer v. Boehringer Ingelheim Pharmaceuticals, Inc., et al., C.A. No. 0:06-4366*
*Resa King, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-4502
*George Konrad v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-4699
*Steven Purser, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-4783

Schedule of Matters for Hearing Session, Section A                    p. 4
Las Vegas, Nevada


MDL-1836 (Continued)


### District of Minnesota (Continued)

*Barbara Goldman, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-4784
*James Holmes, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-4785
*Florene D. Saracco v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-4827
*Greg Stutz v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,* C.A. No. 0:06-4828
*Thomas M. Celorie v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-4868
*Maryann J. Deleo, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-4869
*William Chamberlain, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-4870
*Ronald P. Markel, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-4871
*Hilarie Pearce v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,* C.A. No. 0:06-4944
*Linda Michels, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-4945
*David Emery, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-4946
*Richard Scott Brown v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-4947
*William Gage, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-4948
*Carolyn Paulette Shows, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-4949
*Michele C. Glancy, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:06-5123
*Tza Ping Aliya Lee, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
    C.A. No. 0:07-39

Schedule of Matters for Hearing Session, Section A                    p. 5
Las Vegas, Nevada


MDL-1836 (Continued)


### Western District of Missouri

*Wayne Jackson, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
   C.A. No. 4:06-969

### Western District of Washington

*Matthew Andresen, et al. v. Pfizer Inc., et al.*, C.A. No. 2:06-1413


## MDL-1837 -- In re BMW Subframe Marketing and Sales Practices Litigation

Motion of plaintiff Scott Halperin for centralization of the following actions in the United States District Court for the District of New Jersey:

### Central District of California

*Eric Bacca, et al. v. BMW of North America, LLC*, C.A. No. 2:06-6753

### Middle District of Florida

*Frances Perrone v. BMW of North America, LLC*, C.A. No. 8:06-2045

### Southern District of Mississippi

*Jaime Moore v. BMW of North America, LLC*, C.A. No. 4:06-139

### District of New Jersey

*Lyndsay Alpert, et al. v. BMW of North America, LLC*, C.A. No. 2:06-5198

MDL-1838 -- In re TJX Companies, Inc., Customer Data Security Breach Litigation

Motion of plaintiffs Julie Buckley, et al., for centralization of the following actions in the United States District Court for the District of Massachusetts:

### Northern District of Alabama

*Jo Wood, et al. v. TJX, Inc., et al.*, C.A. No. 2:07-147

### District of Massachusetts

*Paula G. Mace v. TJX Companies, Inc.*, C.A. No. 1:07-10162
*Amerifirst Bank v. TJX Companies, Inc., et al.*, C.A. No. 1:07-10169
*Julie Buckley, et al. v. TJX Companies, Inc.*, C.A. No. 1:07-10209
*Thomas J. Gaydos v. TJX Companies, Inc., et al.*, C.A. No. 1:07-10217

### District of Puerto Rico

*Patricia Miranda, et al. v. TJX, Inc., et al.*, C.A. No. 3:07-1075

MDL-1839 -- In re Pro Tem Partners, Inc., and Semico Research Corp. Contract Litigation

Motion of Pro Tem Partners, Inc., for centralization of the following actions in the United States District Court for the District of Massachusetts:

### District of Arizona

*Semico Research Corp. v. Jan-Charles Fine, et al.*, C.A. No. 2:06-2475

### District of Massachusetts

*Pro Tem Partners, Inc. v. Semico Research Corp.*, C.A. No. 1:05-11822

MDL-1840 -- In re Motor Fuel Temperature Sales Practices Litigation

Motion of defendants Exxon Mobil Corp.; Hess Corp.; and Motiva Enterprises LLC for centralization of the following actions in the United States District Court for the District of New Jersey:

### Northern District of California

*Mark Rushing, et al. v. Alon USA, Inc., et al.*, C.A. No. 3:06-7621

### District of Kansas

*Zachary Wilson, et al. v. Ampride, Inc., et al.*, C.A. No. 2:06-2582
*American Fiber & Cabling LLC., et al. v. BP Corp. North America, Inc., et al.*,
  C.A. No. 2:07-2053

### Western District of Kentucky

*Keen Exploration, LLC, et al. v. Amoco Oil Co., et al.*, C.A. No. 5:07-14

### Western District of Missouri

*Victor VanDyne v. Murphy Oil USA, Inc., et al.*, C.A. No. 2:06-4302
*Ditzfeld Transfer, Inc. v. Pilot Travel Centers, LLC., et al.*, C.A. No. 2:07-4025
*James Vanderbilt v. BP Corp. North America, Inc., et al.*, C.A. No. 4:06-1052
*Brent Donaldson, et al. v. BP Corp. North America, Inc., et al.*, C.A. No. 4:07-93

### District of New Jersey

*Richard Galauski, et al. v. Amerada Hess Corp., et al.*, C.A. No. 3:06-6005

### Western District of Oklahoma

*Craig Massey, et al. v. BP Corp. North America, Inc., et al.*, C.A. No. 5:07-102
*Cynthia J. Cary, et al. v. BP Corp. North America, Inc., et al.*, C.A. No. 5:07-155

### Western District of Tennessee

*Diane Foster, et al. v. BP North America Petroleum, Inc., et al.*, C.A. No. 2:07-2059

MDL-1841 -- In re Wells Fargo Loan Processor Overtime Pay Litigation

Motion of defendant Wells Fargo Home Mortgage for centralization of the following actions in the United States District Court for the District of Kansas:

Northern District of California

*Mary Basore, et al. v. Wells Fargo Home Mortgage, et al.*, C.A. No. 3:07-461

District of Kansas

*Trudy Bowne, et al. v. Wells Fargo Home Mortgage*, C.A. No. 2:06-2020

MDL-1842 -- In re Kugel Mesh Hernia Patch Products Liability Litigation

Motion of plaintiffs Sonia Montiel, et al., for centralization of certain of the following actions in the United States District Court for the District of Rhode Island and motion of plaintiffs Lilyan Kathleen Hall, et al., for centralization of the following actions in the United States District Court for the Northern District of Alabama:

Northern District of Alabama

*Lilyan Kathleen Hall, et al. v. Davol, Inc., et al.*, C.A. No. 3:07-480

Eastern District of Arkansas

*Carolene Jean Carter v. Davol, Inc., et al.*, C.A. No. 4:06-1012

Western District of Arkansas

*Mary Jane Campbell v. Davol, Inc., et al.*, C.A. No. 5:06-5154

Eastern District of California

*Daniel Poston, et al. v. Davol, Inc.*, C.A. No. 2:07-32

Northern District of Florida

*Jane R. Wilson v. Davol, Inc., et al.*, C.A. No. 3:06-541

MDL-1842 (Continued)

### Central District of Illinois

*James Daniel Mathien v. Davol, Inc., et al.*, C.A. No. 2:07-2031

### Eastern District of Missouri

*Timothy J. Edgar v. Davol, Inc.*, C.A. No. 4:06-1471

### District of New Jersey

*Jenine Von Essen v. C.R. Bard, Inc., et al.*, C.A. No. 2:06-4786

### Eastern District of New York

*Thomas D. Hyland, et al. v. Davol, Inc., et al.*, C.A. No. 2:07-1054

### Southern District of New York

*Sophia Katechis, et al. v. Davol, Inc., et al.*, C.A. No. 1:07-2098

### Northern District of Ohio

*Richard H. Sayler, et al. v. Davol, Inc., et al.*, C.A. No. 1:07-765

### District of Rhode Island

*Sonia Montiel, et al. v. Davol, Inc., et al.*, C.A. No. 1:07-64

### Middle District of Tennessee

*George Andrew Luffman v. C.R. Bard, Inc., et al.*, C.A. No. 3:07-243

Schedule of Matters for Hearing Session, Section A                    p. 10
Las Vegas, Nevada


MDL-1843 -- In re Schering Marketing and Sales Practices Litigation

Motion of plaintiff United American Insurance Company for centralization of the following actions in the United States District Court for the Eastern District of Pennsylvania:

District of New Jersey

*International Brotherhood of Teamsters Local No. 331 Health & Welfare Trust Fund v. Schering-Plough Corp.*, C.A. No. 2:06-5774

Eastern District of Pennsylvania

*Blue Cross & Blue Shield of Alabama v. Schering-Plough Corp., et al.*,
   C.A. No. 2:07-568
*United American Insurance Co. v. Schering-Plough Corp., et al.*, C.A. No. 2:07-702


MDL-1844 -- In re Air Crash Near Peixoto de Azeveda, Brazil, on September 29, 2006

Motion of plaintiff Zita Swensson de Mattos for centralization of the following actions in a single United States district court:

Central District of California

*Maria Jose Miranda Bermudes Abreu, et al. v. ExcelAire Service, Inc., et al.*,
   C.A. No. 2:07-1296

Middle District of Florida

*Suely de Castro Alves Miranda, etc. v. Joseph Lepore, et al.*, C.A. No. 6:07-283

Eastern District of Missouri

*Bianca Pi Hancock, etc. v. ExcelAire Services, Inc., et al.*, C.A. No. 4:07-372

Eastern District of New York

*Patricia Abrahim Barbosa Garcia, et al. v. ExcelAire Service, Inc., et al.*,
   C.A. No. 1:06-5964
*Mario De Abreu Lleras, et al. v. ExcelAire Service, Inc., et al.*, C.A. No. 2:06-6083

Schedule of Matters for Hearing Session, Section A                    p. 11
Las Vegas, Nevada


MDL-1844 (Continued)


<u>Southern District of New York</u>

*Zita Swensson de Mattos, etc. v. ExcelAire Services, Inc., et al.*, C.A. No. 1:07-948


MDL-1845 -- In re ConAgra Peanut Butter Products Liability Litigation

      Motion of plaintiffs Grady Ware, et al., for centralization of certain of the following actions in the United States District Court for the Northern District of Georgia; motion of plaintiffs Thomas B. Price, Annie Blackwell, and Jamie S. Jeffords for centralization of certain of the following actions in the United States District Court for the District of South Carolina; and motion of plaintiff Pamela Gateley, etc., for centralization of certain of the following actions in a single United States district court:

<u>Middle District of Florida</u>

*Marion Caldarera v. ConAgra Foods, Inc., et al.*, C.A. No. 8:07-384

<u>Southern District of Florida</u>

*Charles Stafford v. ConAgra Foods, Inc.*, C.A. No. 9:07-80178

<u>Middle District of Georgia</u>

*Karen Klepsig, et al. v. ConAgra Foods, Inc.*, C.A. No. 1:07-37
*Geoffrey Midler v. ConAgra Foods, Inc.*, C.A. No. 1:07-42

<u>Northern District of Georgia</u>

*Anne Cease, et al. v. ConAgra Foods, Inc.*, C.A. No. 1:07-425
*John Harper v. ConAgra Foods, Inc.*, C.A. No. 1:07-538
*Grady Ware, et al. v. ConAgra Foods, Inc.*, C.A. No. 4:07-40

<u>Northern District of Mississippi</u>

*Pamela Gateley, etc. v. ConAgra Foods, Inc.*, C.A. No. 2:07-35

Schedule of Matters for Hearing Session, Section A                    p. 12
Las Vegas, Nevada


MDL-1845 (Continued)


                    Western District of Missouri

    *Brian Cox, et al. v. ConAgra Foods, Inc.*, C.A. No. 5:07-6027

                    Western District of New York

    *Mark Avalone, et al. v. ConAgra Foods, Inc.*, C.A. No. 6:07-6084

                    Eastern District of Oklahoma

    *Irene Clandord v. ConAgra Foods, Inc.*, C.A. No. 6:07-56

                    Eastern District of Pennsylvania

    *Lucille A. Knight v. ConAgra Foods, Inc.*, C.A. No. 2:07-818

                    Middle District of Pennsylvania

    *Kathleen Nieves, et al. v. ConAgra Foods, Inc.*, C.A. No. 3:07-327

                    District of South Carolina

    *Annie Blackwell v. ConAgra Foods, Inc.*, C.A. No. 0:07-529
    *Thomas B. Price v. ConAgra Foods, Inc.*, C.A. No. 3:07-536
    *Jerry Shawn Medford v. ConAgra Foods, Inc.*, C.A. No. 3:07-611
    *Jamie S. Jeffords v. ConAgra Foods, Inc.*, C.A. No. 4:07-530
    *Jennifer Ann Hoey, et al. v. ConAgra Foods, Inc.*, C.A. No. 7:07-544

                    Eastern District of Tennessee

    *Cynthia Woodlee, et al. v. ConAgra Foods, Inc.*, C.A. No. 4:07-15

                    Western District of Washington

    *James Winston Daniels, II, et al. v. ConAgra, Inc.*, C.A. No. 2:07-259

Schedule of Matters for Hearing Session, Section A          p. 13
Las Vegas, Nevada


MDL-1846 -- In re Trade Partners, Inc., Investors Litigation

        Motion of defendants Macatawa Bank Corp. and Macatawa Bank for centralization of the
following actions in the United States District Court for the Western District of Michigan or, in
the alternative, the United States District Court for the Western District of Oklahoma:

                Central District of California

        *James Lee, et al. v. Macatawa Bank Corp., et al.*, C.A. No. 2:06-8009

                Western District of Michigan

        *Forrest W. Jenkins, et al. v. Macatawa Bank Corp., et al.*, C.A. No. 1:03-321

                Western District of Oklahoma

        *Steven M. Adamson, et al. v. Macatawa Bank Corp., et al.*, C.A. No. 5:06-1267
        *Eddie Elkins, et al. v. Macatawa Bank Corp.*, C.A. No. 5:07-109

                Northern District of Texas

        *Frank V. Bailey, et al. v. Macatawa Bank Corp.*, C.A. No. 3:06-2193


MDL-1847 -- In re Tayssoun Transportation, Inc., and Dallas & Mavis Specialized Carrier Co.,
                LLC, Contract Litigation

        Motion of plaintiff Tayssoun Transportation, Inc., for centralization of the following
actions in the United States District Court for the Southern District of Texas:

                Northern District of Texas

        *Dallas & Mavis Specialized Carrier Co., LLC v. Pacific Motor Transport Co., et al.*,
        C.A. No. 3:06-1922

                Southern District of Texas

        *Tayssoun Transportation, Inc. v. Dallas & Mavis Specialized Carrier Co., LLC*,
        C.A. No. 4:06-3463

MDL-1848 -- In re Rembrandt Technologies, LP, Patent Litigation

Motion of defendant CoxCom, Inc., for centralization of the following actions in the United States District Court for the District of Delaware:

District of Delaware

*Rembrandt Technologies, LP v. Cablevision Systems Corp., et al.*, C.A. No. 1:06-635
*Coxcom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721
*Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727
*Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-729
*Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730
*Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731

Southern District of New York

*Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*,
   Bky. Advy. No. 1:06-1739
*Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214

Eastern District of Texas

*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443
*Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-223
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369
*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507

MDL-1849 -- In re C.H. Robinson Worldwide, Inc., Overtime Pay Litigation

Motion of plaintiffs for centralization of the following actions in the United States District Court for the Northern District of Illinois or, in the alternative, the United States District Court for the District of Minnesota:

Northern District of Alabama

*Donna Eddy, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 2:06-4926

Schedule of Matters for Hearing Session, Section A                    p. 15
Las Vegas, Nevada


MDL-1849 (Continued)


### Central District of California

*Mimi Vuong v. C.H. Robinson Worldwide, Inc.*, C.A. No. 2:07-1428
*Nancy Austin, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 8:07-301

### Eastern District of California

*Gladys Garcia, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:07-157

### Northern District of California

*Kimberly Elam, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 4:07-475

### Northern District of Georgia

*Terri Kuvach, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:07-328

### Northern District of Illinois

*Evelyn Sparks, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6461
*Cheryl D. Braithwaite, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6462
*Lynn A. Amorose, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6463
*Angela L. Jacobson v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6465
*Scott D. Hyder, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6503
*Anne K. Ciaglia, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6507
*Joann M. McGill, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6510
*Richard Cahn, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6512
*Jason K. Bergquist, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6515
*Craig Bowen, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6516
*Christopher L. Sims, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6520
*Shannon D. Anderson, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6527
*Nora Hageman, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6530
*Brenda Mitchell, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6538
*Lynette DiNova, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6545
*Joanna Elke, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6552

MDL-1849 (Continued)

### Northern District of Illinois (Continued)

*Roy Rogenic, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6553
*LaToya R. McCants, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6556
*Michael Blackburn v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6563
*Sharon K. Dodson-McDonald, et al. v. C.H. Robinson Worldwide, Inc.*,
   C.A. No. 1:06-6564
*Patricia A. Parrish, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6568
*Brendan M. Clarke, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6581
*Amber Vandersommen, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6582
*Leslie Nemelka, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6623
*Kari S. Johnson, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6629
*Ariel B. Crotty, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6630
*Wendy L. Ferger, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6632
*Laura J. Jeneault, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6634
*Heidi Michelle Poepsel v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6664

### Southern District of Indiana

*Catherine A. Wilcox v. C.H. Robinson Worldwide, Inc.*, C.A. No. 3:06-197

### District of Kansas

*Kimberly K. Bethel, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 2:07-2129
*Lisa M. Quigley, et al v. C.H. Robinson Worldwide, Inc.*, C.A. No. 6:07-1063

### Eastern District of Louisiana

*Morgan J. Wood, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 2:07-1269

### Eastern District of Michigan

*Carla M. Strugala v. C.H. Robinson Worldwide, Inc.*, C.A. No. 5:07-10767

Schedule of Matters for Hearing Session, Section A                    p. 17
Las Vegas, Nevada


MDL-1849 (Continued)


### District of Minnesota

*Jamie L. Benner, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4640
*Justin Accola, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4643
*Jeffrey Cichosz, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4644
*William F. Holmberg, Jr. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4645
*Elizabeth Marianne Buck, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4646
*Penny M. Cantazaro, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4647
*Kathy Cota, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4648
*Jill K. East, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4649
*Kathleen L. Hambleton, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4650
*Elizabeth Hopp v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4651
*Joann F. Larson v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4652
*Kelley S. Lyons, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4653
*Kimberly M. Martineau, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4654
*Sandra Steinmetz, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4655
*John Gino Giovannoni v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4960
*Sally J. Dowden, et al., C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-89
*Amelia M. Alfaro, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-90
*Jennifer L. Alfano, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-251
*Claudia Alicia Martinez, et al. v.C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-542
*Jennifer N. Mcinnis v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-544
*Beth Shaw, et al v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-595
*Shannon Davis v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-1119
*Esther Nevarez, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-1563


### Eastern District of Missouri

*Heather Lee Markle, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 4:07-428


### Northern District of Ohio

*Julie Gallagher, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 5:07-846

Schedule of Matters for Hearing Session, Section A                     p. 18
Las Vegas, Nevada


MDL-1849 (Continued)


        Western District of Oklahoma

*Timothy J. Bumgarner, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 5:07-278

        District of Oregon

*Allison M. Cassie, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 3:07-333

        District of South Carolina

*Rodney Brewer, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 3:06-3595

        District of South Dakota

*Angela K. Smoot v. C.H. Robinson Worldwide, Inc.*, C.A. No. 4:07-4038

        Eastern District of Tennessee

*Carolyn Baker Hall, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 3:07-46

        Eastern District of Texas

*Aaron Smith, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 4:07-1

        Northern District of Texas

*Stephanie Smith, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 3:07-409

        Western District of Texas

*Adelita Dickson, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 5:07-186

        Eastern District of Wisconsin

*Kelly K. Hoell v. C.H. Robinson Worldwide, Inc.*, C.A. No. 2:07-267

MDL-1850 -- In re Pet Food Products Liability Litigation

Motion of plaintiff Shirley Sexton for centralization of certain of the following actions in the United States District Court for the Central District of California; motion of plaintiff Christina Troiano for centralization of certain of the following actions in the United States District Court for the Southern District of Florida; and motion of plaintiffs Tom Whaley; Stacey Heller, et al.; Audrey Kornelius, et al.; Suzanne E. Johnson, et al.; and Michele Suggett, et al., for centralization of the following actions in the United States District Court for the Western District of Washington:

Western District of Arkansas

*Charles Ray Sims, et al. v. Menu Foods Income Fund, et al.,* C.A. No. 5:07-5053
*Richard Scott Widen, et al. v. Menu Foods, Inc., et al.,* C.A. No. 5:07-5055

Central District of California

*Shirley Sexton v. Menu Foods Income Fund, et al.,* C.A. No. 2:07-1958

District of Connecticut

*Lauri A. Osborne v. Menu Foods, Inc.,* C.A. No. 3:07-469

Southern District of Florida

*Christina Troiano v. Menu Foods, Inc., et al.,* C.A. No. 0:07-60428

Northern District of Illinois

*Dawn Majerczyk v. Menu Foods, Inc.,* C.A. No. 1:07-1543

District of New Jersey

*Jared Workman, et al. v. Menu Foods Ltd., et al.,* C.A. No. 1:07-1338

Eastern District of Tennessee

*Lizajean Holt v. Menu Foods, Inc.,* C.A. No. 3:07-94

Schedule of Matters for Hearing Session, Section A                    p. 20
Las Vegas, Nevada

MDL-1850 (Continued)

### Western District of Washington

*Tom Whaley v. Menu Foods, Inc., et al.*, C.A. No. 2:07-411
*Stacey Heller, et al. v. Menu Foods*, C.A. No. 2:07-453
*Audrey Kornelius, et al. v. Menu Foods*, C.A. No. 2:07-454
*Suzanne E. Johnson, et al. v. Menu Foods*, C.A. No. 2:07-455
*Michele Suggett, et al. v. Menu Foods, et al.*, C.A. No. 2:07-457

## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

Oppositions of plaintiffs and defendant Rowan Companies, Inc., to transfer of their respective following actions to the United States District Court for the Eastern District of Pennsylvania:

Western District of Arkansas

*Eddie Joe Wooten, et al. v. CertainTeed Corp., et al.*, C.A. No. 2:07-2004

Northern District of California

*Carla Groce, et al. v. Todd Shipyards Corp., et al.*, C.A. No. 3:07-241
*Geraldine Burton, et al. v. A.W. Chesterton Co., et al.*, C.A. No. 3:07-702

Southern District of Illinois

*Jack Franklin v. CSX Transportation, Inc.*, C.A. No. 3:06-1058

Eastern District of Louisiana

*Melvin Raymond v. Borden, Inc., et al.*, C.A. No. 2:06-11140

Middle District of Louisiana

*Teressa Bell, etc. v. Rowan Companies, Inc., et al.*, C.A. No. 3:06-785
*Aurelie Breau Waguespack, et al. v. Anco Insulations, Inc., et al.*, C.A. No. 3:06-965

Western District of Louisiana

*Daniel Jarrell v. Franks Petroleum, Inc., et al.*, C.A. No. 6:06-2190

Schedule of Matters for Hearing Session, Section B                    p. 22
Las Vegas, Nevada


MDL-875 (Continued)


### District of Maryland

*Linda Hudson, et al. v. Rapid-American Corp., et al.*, C.A. No. 1:06-3319

### Southern District of New York

*Talbot P. Frawley, et al. v. General Electric Co., et al.*, C.A. No. 1:06-15395


## MDL-1335 -- In re Tyco International, Ltd., Securities, Derivative & "ERISA" Litigation

Opposition of plaintiffs Scott Davis, et al., to transfer of the following action to the United States District Court for the District of New Hampshire:

### Northern District of Illinois

*Scott Davis, et al. v. Dennis Kozlowski, et al.*, C.A. No. 1:07-227


## MDL-1373 -- In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation

Opposition of plaintiff Leonie Moise, etc., to transfer of the following action to the United States District Court for the Southern District of Indiana:

### Middle District of Florida

*Leonie Moise, etc. v. Bridgestone/Firestone North American Tire, LLC*,
   C.A. No. 2:06-675

MDL-1373 (Continued)

Oppositions of defendants Bridgestone Firestone North American Tire, LLC and Ford Motor Company to remand, under 28 U.S.C. § 1407(a), of the following action to the United States District Court for the Western District of Arkansas:

Southern District of Indiana

*Susan Janssen, etc. v. Bridgestone/Firestone North American Tire, LLC, et al.*, C.A. No. 1:04-5811 (W.D. Arkansas, C.A. No. 2:04-2164)

MDL-1409 -- In re Currency Conversion Fee Antitrust Litigation

Opposition of plaintiff Kyle Sandera to transfer of the following action to the United States District Court for the Southern District of New York:

Northern District of California

*Kyle Sandera v. Bank of America Corp., et al.*, C.A. No. 3:07-34

MDL-1456 -- In re Pharmaceutical Industry Average Wholesale Price Litigation

Opposition of plaintiff The State of Idaho to transfer of the following action to the United States District Court for the District of Massachusetts:

District of Idaho

*State of Idaho v. Abbott Laboratories*, C.A. No. 1:07-93

MDL-1566 -- In re Western States Wholesale Natural Gas Antitrust Litigation

Motion of defendant Reliant Energy Services, Inc., to transfer the following action to the United States District Court for the District of Nevada:

Western District of Wisconsin

*Arandell Corp., et al. v. Xcel Energy, Inc., et al.*, C.A. No. 3:07-76

MDL-1596 -- In re Zyprexa Products Liability Litigation

Motions of defendant Eli Lilly & Company to transfer the following actions to the United States District Court for the Eastern District of New York:

District of South Carolina

*Samuel Davis v. Eli Lilly & Co.*, C.A. No. 3:06-2312
*Kimberly J. Johnson, et al. v. Ricardo Jose Fermo, M.D., et al.*, C.A. No. 4:06-2994

MDL-1604 -- In re Ocwen Federal Bank FSB Mortgage Servicing Litigation

Oppositions of plaintiffs Mary Brown; Linda Fleshman; David Waters, Sr., et al.; Donald Moden, et al.; Annette Miranda; and Stanley C. Beardslee, et al., to transfer of their respective following actions to the United States District Court for the Northern District of Illinois:

Eastern District of Texas

*Mary Brown v. Ocwen Loan Servicing, LLC, et al.*, C.A. No. 1:07-92

Northern District of Texas

*Linda Fleshman v. Ocwen Loan Servicing, LLC, et al.*, C.A. No. 4:07-108

Western District of Texas

*David Waters, Sr., et al. v. Ocwen Financial Corp., et al.*, C.A. No. 1:07-61
*Donald Moden, et al. v. Ocwen Financial Corp., et al.*, C.A. No. 1:07-62

MDL-1604 (Continued)

### Western District of Texas (Continued)

*Annette Miranda v. Ocwen Financial Corp., et al.*, C.A. No. 5:07-34
*Stanley C. Beardslee, et al. v. Ocwen Loan Servicing, LLC, et al.*, C.A. No. 5:07-137

### MDL-1626 -- In re Accutane Products Liability Litigation

Opposition of defendant Hoffman-La Roche, Inc., to transfer of the following action to the United States District Court for the Middle District of Florida:

### Eastern District of Pennsylvania

*Darrell W. Borum, Jr. v. Hoffmann-La Roche, Inc., et al.*, C.A. No. 2:07-94

### MDL-1657 -- In re Vioxx Marketing, Sales Practices and Products Liability Litigation

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Eastern District of Louisiana:

### Central District of California

*Ruby Lois Moore Estate, etc. v. Merck & Co., Inc.*, C.A. No. 2:06-7548

### Eastern District of California

*Mosetta Bernstine v. Merck & Co., Inc., et al.*, C.A. No. 2:07-34
*Katherine Harrison v. Merck & Co., Inc., et al.*, C.A. No. 2:07-42
*James Daniels, Jr. v. Merck & Co., Inc., et al.*, C.A. No. 2:07-48
*Barbara Ford-Daniels v. Merck & Co., Inc., et al.*, C.A. No. 2:07-51
*Lynn Franklin v. Merck & Co., Inc., et al.*, C.A. No. 2:07-57
*Irma Franklin v. Merck & Co., Inc., et al.*, C.A. No. 2:07-58
*Carolyn Lee Wilson v. Merck & Co., Inc., et al.*, C.A. No. 2:07-61
*Mary Ann Harris v. Merck & Co., Inc., et al.*, C.A. No. 2:07-67
*John Wilson v. Merck & Co., Inc., et al.*, C.A. No. 2:07-68

Schedule of Matters for Hearing Session, Section B                    p. 26
Las Vegas, Nevada


MDL-1657 (Continued)


### Eastern District of California (Continued)

*Ishmael Haqq v. Merck & Co., Inc., et al.*, C.A. No. 2:07-73
*David Tenn, etc. v. Merck & Co., Inc., et al.*, C.A. No. 2:07-75
*Estate of Juanita Battle v. Merck & Co., Inc., et al.*, C.A. No. 2:07-77
*Denise Denison v. Merck & Co., Inc., et al.*, C.A. No. 2:07-79


### Northern District of California

*Dorothy Shanks v. Merck & Co., Inc., et al.*, C.A. No. 3:07-65
*Stanford Johnson v. Merck & Co., Inc., et al.*, C.A. No. 3:07-67
*Estate of Robert Badke, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:07-69
*Fred Hardin v. Merck & Co., Inc., et al.*, C.A. No. 3:07-75
*Jeffrey Nielsen v. Merck & Co., Inc., et al.*, C.A. No. 3:07-76
*Juliana Nielsen v. Merck & Co., Inc., et al.*, C.A. No. 3:07-77
*Jacquelyn Johnson v. Merck & Co., Inc., et al.*, C.A. No. 3:07-78
*Arthur Shanks v. Merck & Co., Inc., et al.*, C.A. No. 4:07-68
*Earnestine Hardin v. Merck & Co., Inc., et al.*, C.A. No. 4:07-70
*Shahla Jaferian v. Merck & Co., Inc., et al.*, C.A. No. 5:07-66
*Estate of Sandra Ellis v. Merck & Co., Inc.*, C.A. No. 5:07-74
*Nader Jaferian v. Merck & Co., Inc., et al.*, C.A. No. 5:07-79
*Randolph Dossett v. Merck & Co., Inc., et al.*, C.A. No. 5:07-80
*Suzanne Dante v. Merck & Co., Inc., et al.*, C.A. No. 5:07-81


### Southern District of California

*Genevieve Tadman v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2151
*Del Rorer v. Merck & Co., Inc., et al.*, C.A. No. 3:07-10
*Carol Krepp v. Merck & Co., Inc., et al.*, C.A. No. 3:07-11
*Charles Krepp v. Merck & Co., Inc., et al.*, C.A. No. 3:07-12
*Teresa Rorer v. Merck & Co., Inc., et al.*, C.A. No. 3:07-14
*Arlene Purvis v. Merck & Co., Inc., et al.*, C.A. No. 3:07-15


### Northern District of West Virginia

*Helen Jean Anderson, etc. v. Merck & Co., Inc., et al.*, C.A. No. 5:06-151

MDL-1657 (Continued)


### Southern District of West Virginia

*Paul Noe, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1004
*Leota Faye Dickens v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1005
*Madonna Armentrout, etc. v. Rite Aid of West Virginia, Inc.*, C.A. No. 3:06-1058


MDL-1657 -- In re Vioxx Marketing, Sales Practices and Products Liability Litigation
MDL-1699 -- In re Bextra and Celebrex Marketing, Sales Practices and Products Liability
          Litigation

Oppositions of plaintiffs to transfer of their respective following actions to the United
States District Court for the Eastern District of Louisiana in MDL-1657 and to the United States
District Court for the Northern District of California in MDL-1699:

### Northern District of Alabama

*William D. McCluskey, etc. v. Merck & Co., Inc., et al.*, C.A. No. 2:07-232

### Eastern District of California

*Carol Ann Davies, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2768
*Lois Hornsby, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2776
*Bertha Townsend, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2780
*Arthur Bluett, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2787
*Lisa Mathews, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2807
*Geneva Styles, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2812
*Ali Muhilddine, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2814
*Elizabeth A. Cochran v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2817
*Kevin L. Chaney v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2826
*Wendel Vantine, etc. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2851
*Barry Dohner, etc. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2853
*Jerry Strange v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2875

### Southern District of Illinois

*Robert J. Smith, Jr., etc. v. Merck & Co., Inc., et al.*, C.A. No. 3:06-964
*Wilburn Williamson, etc. v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1023

## MDL-1700 -- In re FedEx Ground Package System, Inc., Employment Practices Litigation (No. II)

Opposition of plaintiff Carlos Quintin Gonzalez to transfer of the following action to the United States District Court for the Northern District of Indiana:

### Southern District of Florida

*Carlos Quintin Gonzalez v. FedEx Home Delivery, et al.*, C.A. No. 1:06-22964

## MDL-1708 -- In re Guidant Corp. Implantable Defibrillators Products Liability Litigation

Oppositions of plaintiffs Mary Alice Miller, etc., and Estefana Silva, et al., to transfer of their respective following actions to the United States District Court for the District of Minnesota:

### Middle District of Florida

*Mary Alice Miller, etc. v. Guidant Corp., et al.*, C.A. No. 3:07-41

### Southern District of Texas

*Estefana Silva, et al. v. Guidant Corp., et al.*, C.A. No. 7:07-2

## MDL-1715 -- In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation

Oppositions of plaintiffs Rodney S. Means and David L. Murphy, et al., and defendants Dream House Mortgage Corp., Northwest Title & Escrow Corp., and Litton Loan Servicing LP to transfer of their respective following actions to the United States District Court for the Northern District of Illinois:

### Northern District of Indiana

*Rodney S. Means v. Ameriquest Mortgage Co., et al.*, C.A. No. 2:06-409

### District of Massachusetts

*Kelly Ann I. Graham, et al. v. Ameriquest Mortgage Co., et al.*, C.A. No. 4:06-40195

MDL-1715 (Continued)

### Eastern District of Missouri

*Paul W. Derda, et al. v. Ameriquest Mortgage Co., et al.*, C.A. No. 4:06-1649

### Eastern District of Texas

*David L. Murphy, et al. v. Argent Mortgage Co., LLC*, C.A. No. 1:06-781

## MDL-1718 -- In re Ford Motor Co. Speed Control Deactivation Switch Products Liability Litigation

Oppositions of plaintiffs Florida Farm Bureau Casualty Insurance Company, etc.; David Giorgini, et al.; and Oscar Reyes, et al., to transfer of their respective following actions to the United States District Court for the Eastern District of Michigan:

### Middle District of Florida

*Florida Farm Bureau Casualty Insurance Co., etc. v. Ford Motor Co., Inc.*,
   C.A. No. 8:06-2307

### Eastern District of Pennsylvania

*David Giorgini, et al. v. Ford Motor Co.*, C.A. No. 2:06-968

### Southern District of Texas

*Oscar Reyes, et al. v. Ford Motor Co., et al.*, C.A. No. 4:07-165

MDL-1726 -- In re Medtronic, Inc., Implantable Defibrillators Products Liability Litigation

Oppositions of plaintiff Patricia Kavalir and defendant Medtronic, Inc., to transfer of their respective following actions to the United States District Court for the District of Minnesota:

Middle District of Florida

*Hazel E. Ricciotti, etc. v. Medtronic, Inc.,* C.A. No. 8:07-233

Northern District of Georgia

*Claudeena Watt-Austin, et al. v. Boston Scientific Corp., et al.,* C.A. No. 1:07-293

Northern District of Illinois

*Patricia Kavalir v. Medtronic, Inc.,* C.A. No. 1:07-835

MDL-1742 -- In re Ortho Evra Products Liability Litigation

Opposition of plaintiffs Jacci Morrison, et al., to transfer of the following action to the United States District Court for the Northern District of Ohio:

Northern District of California

*Jacci Morrison, et al. v. Ortho-McNeil Corp., et al.,* C.A. No. 3:07-8

MDL-1760 -- In re Aredia and Zometa Products Liability Litigation

Oppositions of plaintiffs Joan LeCompte, et al., and Beatrice Rios to transfer of their respective following actions to the United States District Court for the Middle District of Tennessee:

District of New Jersey

*Joan LeCompte, et al. v. Novartis Pharmaceuticals Corp.,* C.A. No. 2:07-357

Southern District of Texas

*Beatrice Rios v. Novartis Pharmaceuticals Corp., et al.,* C.A. No. 6:07-2

MDL-1763 -- In re Human Tissue Products Liability Litigation

Opposition of plaintiff Sherryl Jean Thornton to transfer of the following action to the United States District Court for the District of New Jersey:

Northern District of Alabama

*Sherryl Jean Thornton v. Michael Mastromarino, et al.*, C.A. No. 1:06-4899

MDL-1781 -- In re Cintas Corp. Overtime Pay Arbitration Litigation

Opposition of respondents in all actions to remand, under 28 U.S.C. § 1407(a), of the following actions to their respective transferor courts:

Northern District of California

*Cintas Corp. v. Randall M. Cornelius, et al.*, C.A. No. 4:06-5078 (M.D. Alabama, C.A. No. 2:06-227)
*Cintas Corp. v. Darren Mitchell Anderson, et al.*, C.A. No. 4:06-5079 (N.D. Alabama, C.A. No. 2:06-492)
*Cintas Corp. v. Ramon J. Baudier, Jr., et al.*, C.A. No. 4:06-5080 (S.D. Alabama, C.A. No. 1:06-148)
*Cintas Corp. v. Robert J. Abel, et al.*, C.A. No. 4:06-5081 (D. Arizona, C.A. No. 2:06-693)
*Cintas Corp. v. Roberto Carlos Alegria, et al.*, C.A. No. 4:06-5082 (C.D. California, C.A. No. 2:06-1750)
*Cintas Corp. v. Ronald Arvizu, et al.*, C.A. No. 4:06-5083 (E.D. California, C.A. No. 2:06-611)
*Cintas Corp. v. Daniel E. Ainsworth, et al.*, C.A. No. 4:06-5084 (S.D. California, C.A. No. 3:06-632)
*Cintas Corp. v. John D. Bickham, et al.*, C.A. No. 4:06-5085 (D. Colorado, C.A. No. 1:06-427)
*Cintas Corp. v. Eugene Christensen, et al.*, C.A. No. 4:06-5086 (D. Connecticut, C.A. No. 3:06-360)
*Cintas Corp. v. Charles Leroy Gray, et al.*, C.A. No. 4:06-5087 (D. Delaware, C.A. No. 1:06-162)
*Cintas Corp. v. Alice Allen, et al.*, C.A. No. 4:06-5088 (M.D. Florida, C.A. No. 8:06-400)
*Cintas Corp. v. Joseph Frazier, et al.*, C.A. No. 4:06-5089 (N.D. Florida, C.A. No. 3:06-103)

MDL-1781 (Continued)

Northern District of California (Continued)

*Cintas Corp. v. David J. Abrahamsen, et al.*, C.A. No. 4:06-5090 (S.D. Florida,
  C.A. No. 0:06-60310)
*Cintas Corp. v. Matthew J. DeFelix, et al.*, C.A. No. 4:06-5091 (M.D. Georgia,
  C.A. No. 1:06-38)
*Cintas Corp. v. Jeffrey Aybar, et al.*, C.A. No. 4:06-5092 (N.D. Georgia,
  C.A. No. 1:06-569)
*Cintas Corp. v. Joe L. Banks, et al.*, C.A. No. 4:06-5093 (S.D. Georgia,
  C.A. No. 1:06-35)
*Cintas Corp. v. David DeBilzan, et al.*, C.A. No. 4:06-5094 (D. Idaho,
  C.A. No. 1:06-104)
*Cintas Corp. v. James Allen Burress, et al.*, C.A. No. 4:06-5095 (C.D. Illinois,
  C.A. No. 1:06-1068)
*Cintas Corp. v. Vince Agozzino, et al.*, C.A. No. 4:06-5096 (N.D. Illinois,
  C.A. No. 1:06-1343)
*Cintas Corp. v. James Atkins, et al.*, C.A. No. 4:06-5097 (N.D. Indiana,
  C.A. No. 2:06-85)
*Cintas Corp. v. Ryan Albright, et al.*, C.A. No. 4:06-5098 (S.D. Indiana,
  C.A. No. 1:06-401)
*Cintas Corp. v. Donald Allen Griffin, et al.*, C.A. No. 4:06-5099 (S.D. Iowa,
  C.A. No. 4:06-91)
*Cintas Corp. v. Matthew L. Blackman, et al.*, C.A. No. 4:06-5100 (D. Kansas,
  C.A. No. 2:06-2091)
*Cintas Corp. v. Danny L. Brown, et al.*, C.A. No. 4:06-5101 (E.D. Kentucky,
  C.A. No. 2:06-52)
*Cintas Corp. v. Jason Agostini, et al.*, C.A. No. 4:06-5102 (W.D. Kentucky,
  C.A. No. 3:06-131)
*Cintas Corp. v. Jack Addison, et al.*, C.A. No. 4:06-5103 (E.D. Louisiana,
  C.A. No. 2:06-1247)
*Cintas Corp. v. Gustave Fontenot, Jr., et al.*, C.A. No. 4:06-5104 (M.D. Louisiana,
  C.A. No. 3:06-188)
*Cintas Corp. v. Ivan Edward Avery, et al.*, C.A. No. 4:06-5105 (W.D. Louisiana,
  C.A. No. 6:06-391)
*Cintas Corp. v. Randall Bowles, et al.*, C.A. No. 4:06-5106 (D. Maine, C.A. No. 2:06-55)

Schedule of Matters for Hearing Session, Section B                    p. 33
Las Vegas, Nevada


MDL-1781 (Continued)


Northern District of California (Continued)

*Cintas Corp. v. Joe Andrews, et al.*, C.A. No. 4:06-5107 (D. Maryland,
    C.A. No. 8:06-641)
*Cintas Corp. v. Philip Daniel Blaisdell, et al.*, C.A. No. 4:06-5108 (D. Massachusetts,
    C.A. No. 1:06-10442)
*Cintas Corp. v. Brandon Alioto, et al.*, C.A. No. 4:06-5109 (E.D. Michigan,
    C.A. No. 2:06-11043)
*Cintas Corp. v. Travis M. Ault, et al.*, C.A. No. 4:06-5110 (W.D. Michigan,
    C.A. No. 1:06-180)
*Cintas Corp. v. John Callahan, et al.*, C.A. No. 4:06-5111 (D. Minnesota,
    C.A. No. 0:06-1012)
*Cintas Corp. v. Gregory Cole Bigbee, et al.*, C.A. No. 4:06-5112 (S.D. Mississippi,
    C.A. No. 3:06-137)
*Cintas Corp. v. Relton Barnes, et al.*, C.A. No. 4:06-5113 (E.D. Missouri,
    C.A. No. 4:06-450)
*Cintas Corp. v. Randall Adams, et al.*, C.A. No. 4:06-5114 (W.D. Missouri,
    C.A. No. 4:06-208)
*Cintas Corp. v. Jeffrey Anderson, et al.*, C.A. No. 4:06-5115 (D. Nebraska,
    C.A. No. 8:06-262)
*Cintas Corp. v. Anthony Dean Hamby, et al.*, C.A. No. 4:06-5116 (D. Nevada,
    C.A. No. 2:06-300)
*Cintas Corp. v. Joseph Allen, et al.*, C.A. No. 4:06-5117 (D. New Jersey,
    C.A. No. 2:06-1164)
*Cintas Corp. v. Tony L. Bostick, et al.*, C.A. No. 4:06-5119 (D. New Mexico,
    C.A. No. 1:06-185)
*Cintas Corp. v. Troy Amott, et al.*, C.A. No. 4:06-5120 (E.D. New York,
    C.A. No. 1:06-1105)
*Cintas Corp. v. Hugh J. Kingsley, et al.*, C.A. No. 4:06-5121 (N.D. New York,
    C.A. No. 5:06-311)
*Cintas Corp. v. Louis Alves, et al.*, C.A. No. 4:06-5122 (S.D. New York,
    C.A. No. 1:06-1933)
*Cintas Corp. v. Robert F. Bowles, Jr., et al.*, C.A. No. 4:06-5123 (W.D. New York,
    C.A. No. 6:06-6147)
*Cintas Corp. v. Matthew Anderson, et al.*, C.A. No. 4:06-5124 (E.D. North Carolina,
    C.A. No. 5:06-113)

Schedule of Matters for Hearing Session, Section B                    p. 34
Las Vegas, Nevada


MDL-1781 (Continued)


### Northern District of California (Continued)

*Cintas Corp. v. Gus Aranegui, et al.*, C.A. No. 4:06-5126 (M.D. North Carolina,
  C.A. No. 1:06-225)
*Cintas Corp. v. Jonathan Allred, et al.*, C.A. No. 4:06-5127 (W.D. North Carolina,
  C.A. No. 3:06-114)
*Cintas Corp. v. Bradley Agler, et al.*, C.A. No. 4:06-5128 (N.D. Ohio,
  C.A. No. 3:06-7083)
*Cintas Corp. v. Donald Adkins, et al.*, C.A. No. 4:06-5129 (S.D. Ohio,
  C.A. No. 1:06-126)
*Cintas Corp. v. Robert Hall, et al.*, C.A. No. 4:06-5130 (E.D. Oklahoma,
  C.A. No. 6:06-97)
*Cintas Corp. v. Brent Berna, et al.*, C.A. No. 4:06-5131 (N.D. Oklahoma,
  C.A. No. 4:06-148)
*Cintas Corp. v. Raymond Mac Harris, Jr., et al.*, C.A. No. 4:06-5132 (W.D. Oklahoma,
  C.A. No. 5:06-247)
*Cintas Corp. v. Dennis Bassett, et al.*,  C.A. No. 4:06-5133 (D. Oregon,
  C.A. No. 6:06-335)
*Cintas Corp v. Kenneth W. Baptist, et al.*,  C.A. No. 4:06-5134 (E.D. Pennsylvania,
  C.A. No. 2:06-1053)
*Cintas Corp. v. Brian Ash, et al.*,  C.A. No. 4:06-5135 (M.D. Pennsylvania,
  C.A. No. 3:06-517)
*Cintas Corp. v. Christopher Derenzo, et al.*, C.A. No. 4:06-5136 (W.D. Pennsylvania,
  C.A. No. 2:06-324)
*Cintas Corp. v. Joseph E. Edwards, et al.*, C.A. No. 4:06-5137 (D. Rhode Island,
  C.A. No. 1:06-112)
*Cintas Corp. v. Thomas Eugene Alert, et al.*, C.A. No. 4:06-5138 (D. South Carolina,
  C.A. No. 3:06-762)
*Cintas Corp. v. Stephen Barlow, et al.*, C.A. No. 4:06-5139 (E.D. Texas,
  C.A. No. 1:06-137)
*Cintas Corp. v. Bryan Armstrong, et al.*, C.A. No. 4:06-5140 (N.D. Texas,
  C.A. No. 3:06-432)
*Cintas Corp. v. Judd Allen, et al.*, C.A. No. 4:06-5141 (S.D. Texas, C.A. No. 4:06-824)
*Cintas Corp. v. Issac Anaya, et al.*, C.A. No. 4:06-5142 (W.D. Texas, C.A. No. 5:06-216)
*Cintas Corp. v. Wade Bell, et al.*, C.A. No. 4:06-5143 (D. Utah, C.A. No. 2:06-205)

MDL-1781 (Continued)


### Northern District of California (Continued)

*Cintas Corp. v. John O. Ansink, Jr., et al.*, C.A. No. 4:06-5144 (E.D. Virginia,
   C.A. No. 1:06-267)
*Cintas Corp. v. Nelson Carter, Jr.*, C.A. No. 4:06-5145 (W.D. Virginia,
   C.A. No. 5:06-23)
*Cintas Corp. v. Scott Burgess, et al.*, C.A. No. 4:06-5146 (E.D. Washington,
   C.A. No. 2:06-3023)
*Cintas Corp. v. Michael Anderson, et al.*, C.A. No. 4:06-5147 (W.D. Washington,
   C.A. No. 2:06-332)
*Cintas Corp. v. Nathan J. Andree, et al.*, C.A. No. 4:06-5148 (E.D. Wisconsin,
   C.A. No. 2:06-303)
*Cintas Corp. v. Chris Brown, et al.*, C.A. No. 4:06-5149 (W.D. Wisconsin,
   C.A. No. 3:06-133)


### MDL-1789 -- In re Fosamax Products Liability Litigation

Opposition of plaintiff Mary Ellen Potgieter to transfer of the following action to the
United States District Court for the Southern District of New York:

### District of New Jersey

*Mary Ellen Potgieter v. Merck & Co., Inc.*, C.A. No. 2:07-2

PROCEDURES FOR ORAL ARGUMENT BEFORE THE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

All oral argument is governed by the provisions of Rule 16.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (effective April 2, 2001). Rule 16.1(g) allows a maximum of twenty minutes for oral argument in each matter. In most cases, however, less time is necessary for the expression of all views and the Panel reserves the prerogative of reducing the time requested by counsel. Accordingly, counsel should be careful not to overstate the time requested for oral argument.

The Panel insists that counsel limit all oral argument to the appropriate criteria. See generally In re "East of the Rockies" Concrete Pipe Antitrust Cases, 302 F. Supp. 244, 255-56 (J.P.M.L. 1969) (concurring opinion) (discussion concerning criteria for transfer).

Rule 16.1 is duplicated in its entirety hereafter for your convenience.

RULE 16.1: HEARING SESSIONS AND ORAL ARGUMENT

(a)     Hearing sessions of the Panel for the presentation of oral argument and consideration of matters taken under submission without oral argument shall be held as ordered by the Panel. The Panel shall convene whenever and wherever desirable or necessary in the judgment of the Chairman. The Chairman shall determine which matters shall be considered at each hearing session and the Clerk of the Panel shall give notice to counsel for all parties involved in the litigation to be so considered of the time, place and subject matter of such hearing session.

(b)     Each party filing a motion or a response to a motion or order of the Panel under Rules 7.2, 7.3, 7.4 or 7.6 of these Rules may file simultaneously therewith a separate statement limited to one page setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard," and shall be filed and served in conformity with Rules 5.12 and 5.2 of these Rules.

(c)     No transfer or remand determination regarding any action pending in the district court shall be made by the Panel when any party timely opposes such transfer or remand unless a hearing session has been held for the presentation of oral argument except that the Panel may dispense with oral argument if it determines that:

(i)     the dispositive issue(s) have been authoritatively decided; or

(ii)     the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

Unless otherwise ordered by the Panel, all other matters before the Panel, such as a motion for reconsideration, shall be considered and determined upon the basis of the papers filed.

(d)     In those matters in which oral argument is not scheduled by the Panel, counsel shall be promptly advised. If oral argument is scheduled in a matter the Clerk of the Panel may require counsel for all parties who wish to make or to waive oral argument to file and serve notice to that effect within a stated time in conformity with Rules 5.12 and 5.2 of these Rules. Failure to do so shall be deemed a waiver of oral argument by that party. If oral argument is scheduled but not attended by a party, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision by the Panel on the basis of the papers filed.

(e)     Except for leave of the Panel on a showing of good cause, only those parties to actions scheduled for oral argument who have filed a motion or written response to a motion or order shall be permitted to appear before the Panel and present oral argument.

(f)     Counsel for those supporting transfer or remand under Section 1407 and counsel for those opposing such transfer or remand are to confer separately prior to the oral argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication.

(g)     Unless otherwise ordered by the Panel, a maximum of twenty minutes shall be allotted for oral argument in each matter. The time shall be divided equally among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.

- 2 -

(h)     So far as practicable and consistent with the purposes of Section 1407, the offering of oral testimony before the Panel shall be avoided.  Accordingly, oral testimony shall not be received except upon notice, motion and order of the Panel expressly providing for it.

(i)     After an action or group of actions has been set for a hearing session, consideration of such action(s) may be continued only by order of the Panel on good cause shown.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

**ORDER**
**REGARDING**
**THE PROTECTIVE ORDER AND DOCUMENT PRODUCTION**

At the Scheduling Conference in the above five captioned cases, the Parties informed the Court that they were continuing to discuss the form of protective order to be entered in all five cases as well as the form of production for documents produced electronically and requested additional time to reach agreement or inform the Court of their disagreements. Pursuant to the Parties request, the Court hereby grants the Parties twenty-one (21) days from the date of Scheduling Conference, which is until Tuesday, April 24, 2007, to:

1.  file an agreed upon Protective Order with the Court or inform the Court of the provisions in a proposed Protective Order on which the Parties cannot reach agreement and

2.  inform the Court that the Parties have reached agreement on the form of production for documents produced electronically or inform the Court of the Parties' disagreements regarding electronic production.

SIGNED this 19th day of April, 2007.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
| ET AL. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
| ET AL. | § | |

## DOCKET CONTROL ORDER

|  |  |
|---|---|
| **Monday,**<br>**August 4, 2008** | Jury Selection - 9:00 a.m. in **Marshall, Texas** for the initial case to be tried. |
| **July 24, 2008** | Pretrial Conference - 9:30 a.m. in **Marshall, Texas** |
| **July 21, 2008** | Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict. |
| **July 21, 2008** | **Motions in Limine (due three days before final Pre-Trial Conference).**<br>Three (3) days prior to the pre-trial conference provided for herein, the parties shall furnish a copy of their respective Motions in Limine to the Court by facsimile transmission, **903/935-2295**. The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. **The parties shall limit their motions in limine to those issues which, if improperly introduced into the trial of the cause, would be so prejudicial that the Court could not alleviate the prejudice with appropriate instruction(s).** |
| **July 14, 2008** | Response to Dispositive Motions (including *Daubert* motions) |
| **July 7, 2008** | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings.**  If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Susan Simmons, at lssimmons@yahoo.com. |
| **June 27, 2008** | For Filing Dispositive Motions and any other motions that may require a hearing (including *Daubert* motions) **Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV56.** |

2

**May 28, 2008**                    Defendants to Identify Trial Witnesses

**May 14, 2008**                    Plaintiff to Identify Trial Witnesses

**May 14, 2008**                    Discovery Deadline

**April 15, 2008**                  Conference to determine the case that will be tried August 4,
                                    2008, the order in which the remainder of the cases will be
                                    tried and, if possible, a trial setting for the remaining cases.

**April 7, 2008**                   or **30** Days after the claim construction ruling,
                                    whichever occurs later,
                                    Designate Rebuttal Expert Witnesses other than claims
                                    construction
                                    Expert witness report due
                                    Refer to Discovery Order for required information.

**April 3, 2008**                   Status Report to Court in lieu of mediation

_____                  **15** Days after claim construction ruling
                                    Comply with P.R. 3-8.

**March 24, 2008**                  or **15** Days after claim construction ruling,
                                    whichever occurs later,
                                    Party with the burden of proof to designate Expert Witnesses
                                    other than claims construction
                                    Expert witness report due
                                    Refer to Discovery Order for required information.

**February 13 and 14, 2008**        Claim construction hearing or hearings 9:00 a.m., **Marshall,
                                    Texas**.

**February 1, 2008**                Parties submit technology tutorials to the Court.

3

| | |
|---|---|
| **January 21, 2008** | Comply with P.R. 4-5(c). |
| **January 11, 2008** | Comply with P.R. 4-5(b). |
| **December 24, 2007** | Comply with P.R. 4-5(a). |
| **December 7, 2007** | Discovery deadline-claims construction issues |
| **November 30, 2007** | Respond to Amended Pleadings |
| **November 16, 2007** | Amend Pleadings<br>**(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit. It is necessary to file a Motion for Leave to Amend after November 16, 2007).** |
| **November 16, 2007** | Comply with P.R. 4-3. |
| **October 16, 2007** | Comply with P.R. 4-2. |
| **September 26, 2007** | Comply with P.R. 4-1. |
| **August 3, 2007** | Letter to the Court stating that there are no disputes as to claims of privileged documents. |
| **June 11, 2007** | Comply with Paragraph 3(b) of the Discovery Order |
| **June 4, 2007** | Privilege Logs to be exchanged by parties |
| **June 11, 2007** | Comply with P.R. 3-3. |

4

**May 3, 2007**                    Join Additional Parties

**April 28, 2007**                 Comply with P.R. 3-1

**April 3, 2007**                  Scheduling Conference (All attorneys are directed to Local
                                   Rule CV-16 for scope of the Scheduling Conference).

    The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the court will assume that the party has no opposition."  Local Rule CV-7(e) provides that a party opposing a motion has **12 days, in addition to any added time permitted under Fed. R. Civ. P. 6(e)**, in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

## OTHER LIMITATIONS

1.    All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2.    The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. <u>See</u> Eastern District of Texas Local Rule CV-7(h).

3.    The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

    (a)    The fact that there are motions for summary judgment or motions to dismiss pending;

    (b)    The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

    (c)    The failure to complete discovery prior to trial, unless the parties can

5

demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

SIGNED this 19th day of April, 2007.


_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

## <u>NOTICE REGARDING THE PROTECTIVE ORDER</u>

At the Scheduling Conference, the Parties requested an additional three weeks to work on

reaching an agreement with respect to a Protective Order in this case.  In its April 19, 2007 Order

Regarding Protective Order and Document Production (Doc. No. 68), the Court gave the parties

three weeks to reach agreement on a Protective Order or inform the Court of any remaining disputes regarding the Protective Order.  The Parties have reached agreement on a Protective Order and respectfully request that the Court enter the agreed upon Protective Order, which is attached hereto as Attachment A.

DATED: April 24, 2007                                Respectfully submitted,


                                                    /s/ Sam Baxter
                                                    Sam Baxter
                                                    State Bar No. 01938000
                                                    **McKOOL SMITH, P.C.**
                                                    505 E. Travis, Suite 105
                                                    Marshall, Texas  75670
                                                    Telephone:  (903) 927-2111
                                                    Telecopier:  (903) 927-2622
                                                    sbaxter@mckoolsmith.com

                                                    Jeffrey A. Carter
                                                    State Bar No. 03919400
                                                    **McKOOL SMITH, P.C.**
                                                    300 Crescent Court, Suite 1500
                                                    Dallas, Texas  75201
                                                    Telephone:  (214) 978-4006
                                                    Telecopier:  (214) 978-4044
                                                    jcarter@mckoolsmith.com

                                                    Travis Gordon White
                                                    State Bar No. 21333000
                                                    **McKOOL SMITH, P.C.**
                                                    300 W. 6th Street, Suite 1700
                                                    Austin, Texas  78701
                                                    Telephone:  (512) 692-8700
                                                    Telecopier:  (512) 692-8744
                                                    gwhite@mckoolsmith.com

/s/  Brooke A. M. Taylor
Max L. Tribble, Jr.
State Bar No. 20213950
Tibor L. Nagy
State Bar 24041562
Email: mtribble@susmangodfrey.com
Email: tnagy@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel: 713-651-9366
Fax: 713-654-6666

**OF COUNSEL:**
Edgar Sargent
WA State Bar No. 28283
Email: esargent@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: 206-516-3880
Fax: 206-516-3883

Brooke A.M. Taylor
WA State Bar No. 33190
Email: btaylor@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: 206-516-3880
Fax: 206-516-3883

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas  75703
Telephone:  (903) 561-1600
Telecopier:  (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Telecopier:  (903) 236-8787
ccapshaw@mailbmc.com
aspangler@mailbmc.com

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P. O. Drawer 1249
Marshall, TX  75670
Telephone:  903-938-4395
Telecopier:  903-938-3360
maizieh@millerfirm.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

/s/ Michael E. Jones
Michael E. Jones
State Bar No. 10929400
Diane DeVasto
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas 75710
Telephone: (903) 597-8311
Telecopier: (903) 593-0846
mikejones@potterminton.com

David S. Benyacar
Michael A. Rogoloff
**KAYE SCHOLER**
425 Park Avenue
New York, NY 10022
Tel: 212-836-8000
Fax: 212-836-8689
dbenyacar@kayescholer.com

**ATTORNEYS FOR DEFENDANT
TIME WARNER CABLE INC.**

/s/ Jennifer Haltom Doan
Jennifer Haltom Doan
Texas Bar No. 08809050
John Peyton Perkins, III
Texas Bar No. 24043457
**HALTOM & DOAN, LLP**
6500 N. Summerhill Road, Suite 1A
P. O. Box 6227
Texarkana, TX 75505-6227
Tel: 903-255-1000
Fax: 903-255-0800

Brian Ferral
Leo Lam
Asim M. Bhansali
Matthias A. Kamber
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 9411-1704
Tel: 415-676-2235
Fax: 415-397-7188

**ATTORNEYS FOR DEFENDANTS
COMCAST CORPORATION,
COMCAST CABLE,
COMMUNICATIONS, LLC, and
COMCAST OF PLANO, LP**

/s/ Michael E. Jones
Bradford P. Lyerla, Attorney in Charge
blyerla@marshallip.com
Kevin D. Hogg
khogg@marshallip.com
William J. Kramer
wkramer@marhsllip.com
Paul B. Stephens
pstephens@marshallip.com
**MARSHALL, GERSTEIN & BORUN LLP**
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
Tel: 312-474-6300
Fax: 312-474-0448

Michael E. Jones
State Bar No. 10929400
**POTTER MINTON, PC**
110 North College
500 Plaza Tower
Tyler, TX 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com

**ATTORNEYS FOR DEFENDANTS
CHARTER COMMUNICATIONS, INC.
CHARTER COMMUNICATIONS
OPERATING, LLC**

/s/ Michael E. Jones
Mitchell G. Stockwell
Lead Attorney
Georgia Bar No. 682912
**KILPATRICK STOCKTON LLP**
1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309-4530
Tel: 404-815-6214
Fax: 404-815-6555

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, TX 75710
Tel: 903-597-8311
Fax: 903-593-0846

**ATTORNEYS FOR DEFENDANT
COXCOM, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 24th day of April 2007.

/s/  Sam Baxter
Sam Baxter

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 24th day of April 2007.

/s/ Brooke A.M. Taylor
Brooke A.M. Taylor

Dallas 237130v1

# Attachment A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Rembrandt Technologies, LP ("Rembrandt"), and Defendants

Charter Communications, Inc., Charter Communications Operating, LLC (collectively,

"Charter"), and CoxCom, Inc. ("CoxCom") in the 223 and 507 cases, Defendants Time Warner

Cable Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner

Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership
(collectively, "Time Warner") in the 224 and 369 cases, and Defendants Comcast Corporation,
Comcast Cable Communications, LLC, and Comcast of Plano LP (collectively, "Comcast") in
the 506 case, through counsel, stipulate to entry of this Protective Order ("Order") in their
respective case or cases pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or
dissemination of confidential information; and

**WHEREAS**, Rembrandt, Charter, CoxCom, Time Warner, and Comcast are collectively
referred to herein as the "parties;" and

**WHEREAS,** the parties recognize that confidential information is being produced for
use in this civil action;

IT IS HEREBY ORDERED that the following provisions of this Order shall govern the
treatment of confidential information produced by a party ("Producing Party")[1] to any other
party ("Receiving Party") in the course of this civil action:

1.      The term "Confidential Information" as used in this Order includes all
information and tangible things that constitute or disclose trade secrets or other confidential or
proprietary information of one of the parties.  Confidential Information may be contained in
discovery information or materials produced or obtained in this action by or through any means
and by or through any person or entity. The Confidential Information contained therein and all
copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or
otherwise disclose such Confidential Information shall also be deemed Confidential Information.

---

[1] The parties agree that all references to "Producing Party" in this Protective Order be construed to include third
parties producing documents in one or more of these cases.

2.      Confidential Information shall be disclosed, disseminated and used by the Receiving Party only for purposes of litigation between the parties to this action.  Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order

3**.**      Produced documents, interrogatory responses, responses to requests for admission and other documents containing "Confidential Information" shall be marked by conspicuously affixing a legend, which includes the words "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY", as appropriate, on each page containing Confidential Information at the time such documents are produced or such information is disclosed (or on the cover or container of computer storage media, such as discs or tapes).  The parties may designate material other than the produced documents as containing Confidential Information in the following manner:

(a)      Testimony or information disclosed at a deposition that contains Confidential Information or Highly Confidential Information may be designated by indicating on the record at the deposition the portions of the testimony which contain such information that is to be made subject to the provisions of this Order.  Alternatively, a Producing Party may designate testimony or information disclosed at a deposition, including exhibits, that contains Confidential Information or Highly Confidential Information by notifying all parties in writing, within fifteen (15) days after the Producing Party's receipt of the transcript, of the specific pages and lines of the transcript that contain such information.  Whether or not designation is made at the time of a deposition, accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to outside counsel of record and designated in-

3

house counsel only, from the taking of the deposition until fifteen (15) days after the actual receipt of the transcript by the Producing Party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner. At the expiration of the said fifteen (15) day period, unless notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential.

        (b)      Confidential Information or Highly Confidential Information contained in any affidavits, briefs, memoranda or other papers filed with the Court in this action may be designated as Confidential Information or Highly Confidential Information by indicating on the face of such documents that one or more parties considers them to contain such information.

        4.      The parties may designate as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY any materials that qualify for protection under the standards developed under Fed. R. Civ. P. 26(c) and which comprises (a) technical information that the producing party reasonably deems highly confidential, including but not limited to proprietary technical information and trade secrets; or (b) business or financial information that the producing party reasonably deems highly confidential, such as, for example, business plans or forecasts, cost or pricing information, sales volume or revenue information, profit margin information, marketing plans or strategy, the identity of current or potential customers or suppliers, accounting information not of public record, information subject to a confidentiality agreement with a third party, or the like. The foregoing categories are by way of example only and shall not limit the categories of information a party may designate HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY under this order; provided, however, that any such designation must be made by the producing party in good faith and with reasonable justification. Subject to the provisions of paragraphs 6 and 7 herein, material designated as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY,

and any summary, description or report of the information contained in such materials, may be disclosed only to the following persons:

(a)     the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b)     technical and damages consultants and experts who are not current employees of any party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

(c)     graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

(d)     source code escrow agents, photocopy, document imaging and database services, and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(e)     John Meli, Executive Vice President and General Counsel of Rembrandt, Andrew T. Block, Esq. of Time Warner, Kirill Y. Abramov, Esq. of Charter, Marcus Delgado, Esq. of CoxCom and David Marcus, Esq. of Comcast; and two (2) paralegals and/or clerical employees assisting each of the identified in-house counsel; and

(f)     the parties' outside counsel of record in this action as specifically set forth below and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action. Any individual outside counsel of record who receives information designated HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY may not participate in patent prosecution for the Receiving Party, and the individual outside counsel who receives any

5

such information may not discuss the information with anyone involved in patent prosecution for

the Receiving Party.  Outside counsel of record for the parties are as follows:

**For Rembrandt in the 223 case**:

> McKool Smith P.C.
> 300 Crescent Court, Suite 1500
> Dallas, Texas 75201
>
> Parker & Bunt
> 100 E. Ferguson, Suite 1114
> Tyler, Texas 75702
>
> Jones & Jones, Inc., P.C.
> 201 West Houston St., Drawer 1249
> Marshall, Texas 75671-1249

**For Rembrandt in the 224 case**:

> McKool Smith P.C.
> 300 Crescent Court, Suite 1500
> Dallas, Texas 75201
>
> Parker & Bunt
> 100 E. Ferguson, Suite 1114
> Tyler, Texas 75702
>
> Ireland, Carroll & Kelly, P.C.
> 61101 S. Broadway, Suite 500
> Tyler, Texas 75703
>
> Brown McCarroll LLP
> 1127 Judson Road, Suite 220
> P.O. Box 3999 (75606-3999)
> Longview, Texas 75601-5157

**For Rembrandt in the 369 Case:**

> Susman Godfrey LLP
> 1000 Louisiana Street, Suite 5100
> Houston, TX  77002-5096
>
> Parker & Bunt
> 100 E. Ferguson, Suite 1114
> Tyler, Texas 75702

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

**For Rembrandt in the 506 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX  77002-5096

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

**For Rembrandt in the 507 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX  77002-5096

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

7

**For Charter in the 223 and 507 cases:**

    Marshall, Gerstein & Borun LLP
    6300 Sears Tower
    233 South Wacker Drive
    Chicago, Illinois 60606-6357

    Potter Minton, PC
    1100 North College
    500 Plaza Tower
    Tyler, Texas 75702

**For Coxcom in the 223 and 507 cases:**

    Kilpatrick Stockton LLP
    1100 Peachtree Street NE, Suite 2800
    Atlanta, Georgia 30309-4530

    Potter Minton, PC
    1100 North College
    500 Plaza Tower
    Tyler, Texas 75702

**For Time Warner in the 224 and 369 cases:**

    Kaye Scholer LLP
    425 Park Avenue
    New York, New York 10022

    Potter Minton, PC
    1100 North College
    500 Plaza Tower
    Tyler, Texas 75702

**For Comcast in the 506 case:**

    Keker & Van Nest, LLP
    710 Sansome Street
    San Francisco, California 94111-1704

    Halton & Doan, LLP
    6500 N. Summerhill Road, Suite 1A
    P.O. Box 6227
    Texarkana, Texas 75505-6277

8

Gillam & Smith LLP
303 South Washington Avenue
Marshall, TX 75670


5.     The parties may designate as CONFIDENTIAL any materials that qualify for

protection under the standards developed under Fed. R. Civ. P. 26(c).  Subject to the provisions

of paragraphs 6 and 7 herein, material designated as CONFIDENTIAL, and any summary,

description or report of the information contained in such materials, may be disclosed only to the

following persons:

(a)     the Court, persons employed by the Court, and stenographers transcribing

the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b)     technical and damages consultants and experts who are not current

employees of any party in this matter and who have been retained by counsel to provide

assistance in this action, with disclosure only to the extent necessary to perform such work;

(c)     graphics, translation, design and/or trial consulting services, including

mock jurors, retained by a party;

(d)     photocopy, document imaging and database services and consultants

retained by counsel to set up, maintain and/or operate computer systems, litigation databases or

to convert data for inclusion in such databases;

(e)     John Meli,  and Paul Schneck, Chief Executive Officer of Rembrandt,

Andrew T. Block, Esq. of Time Warner, Kirill Y. Abramov, Esq. of Charter, Marcus Delgado,

Esq. of CoxCom and David Marcus, Esq. of Comcast and one other employee for each of

Charter, CoxCom, Time Warner, and Comcast (following identification of each other employee

Dallas 236804v1

to each of the other parties and approval by the other parties, such approval not to be unreasonably withheld); and two (2) clerical employees assisting each party's in-house counsel and other employee; and

      (f)    the parties' outside counsel of record in this action and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action

      6.    (a)    A party may exclude from a deposition any person who is not entitled to view Confidential Information or Highly Confidential Information when such information is the subject of examination.

      (b)    No Confidential Information or Highly Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 4(b)-(e) and 5(b)-(e) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A, the original of which shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information or Highly Confidential Information.

      (c)    Before individuals under subparagraphs 4(b) and 5(b) may have access to Confidential Information or Highly Confidential Information, the Receiving Party must submit to the Producing Party the individual's signed undertaking as well as the individual's curriculum vitae setting forth his or her name, address, qualifications and relevant work experience, including, but not limited to, the identity of any company in the telecommunications industry for whom said individual has consulted or worked during the last five (5) years.  If the Producing Party does not object in writing, within five (5) business days from receipt of the undertaking,

10

Confidential Information or Highly Confidential Information may then be disclosed to the retained consultant or former employee. If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue. If the issue cannot be resolved, the Producing Party has fifteen (15) days from receipt of the undertaking to bring a motion to preclude the retained consultant or former employee from viewing the Producing Party's Confidential Information or Highly Confidential Information. If the Producing Party does not bring such a timely motion, Confidential Information or Highly Confidential Information may be disclosed to the retained consultant or former employee.

(d)     Pursuant to subparagraph 6(c), the disclosure of the identity of a consulting expert will not be a waiver of any privilege or right to withhold from production that applies to communications or work product. Furthermore, the parties agree that by stipulating to the entry of this Protective Order; the parties do not intend to modify in any way the normal discovery rules applicable to consulting experts, or other agreements reached between the parties regarding such discovery.

7.     In addition to the terms set forth in paragraphs 4 through 6 herein governing the disclosure of Confidential Information or Highly Confidential Information, information or materials that contain, embody, or otherwise reflect source code of a party or a third party subpoenaed for such source code in one or more of the above captioned cases shall be provided the following further protections:

(a)     Any and all such source code, except for hard (non-electronic) copies, shall be stored and viewed only at the offices of one (1) agreed-upon source code custodian ("Source Code Custodian"). The source code shall initially be deposited at a facility in the Los Angeles metropolitan region. After 45 days, the source code shall be transferred to a facility in

11

the Dallas metropolitan region.  Where source code is deposited by a third party, this subparagraph may be modified by written agreement of the parties and the third party depositing source code; in all other cases, this subparagraph may be modified by written agreement of the parties.

       (b)      Subject to subparagraphs (c) and (d), any source code produced in electronic form shall be stored and viewed only at the offices of the Source Code Custodian and shall be maintained in a secured, locked area.  No electronic copies of source code shall be made.  Any such source code shall only be viewed or analyzed on a stand-alone computer (a computer that is not connected to any internal or external computer or computer network) located within the above-described locations.  The Source Code Custodian shall maintain a Source Code Access Log identifying, for each and every time any source code is viewed, accessed or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard (non-electronic) copies of any portion of the code were copied and the portion of the code copied.  The Receiving Party reviewing source code shall be allowed to make hard (non-electronic) copies of material that they, in good faith, consider relevant.  The parties shall negotiate reasonable limitations on the amount of source code that is released by Producing Party at any given time.

       (c)      Any hard (non-electronic) copies of source code shall be stored and viewed only within the United States at:

          (i)      a secured, locked area in one of the offices of the Source Code Custodian, each such location within the United States, provided the hard (non-electronic) copies are marked with the designation "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY";

          (ii)      the Court;

12

(iii)     the site where any deposition relating to the source code is taken;

(iv)     any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to the deposition.)

(d)     For each and every hard (non-electronic) copy of any source code, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy.  Excessive reproduction of source code should be avoided.

(e)     Prior to the Receiving Party taking possession of a hard (non-electronic) copy of source code as provided for under this paragraph, the Receiving Party shall inform the Producing Party as to specifically what portions of source code it plans to take into its possession.  The Producing Party shall then have twenty-four (24) hours if informed on a weekday, or seventy two (72) hours if informed on a weekend in which to object in writing to the Receiving Party as to the extent or relevance of the source code the reviewing party seeks to possess.  If objection is made, the parties shall meet and confer in good faith within three (3) business days and attempt to resolve the objection.  If the objection is not resolved, the Producing Party shall have five (5) business days after the conference to file a motion with the Court for relief from production of the subject portions of source code.  The subject portions of source code shall be retained by the Producing Party, pending the court's resolution of the motion.

(f)     To the extent any source code becomes an exhibit to a deposition, one copy of the exhibit may be maintained at the U.S. office of outside counsel of record for each party in a secure, locked area.  Counsel shall not designate source code as an exhibit solely for authentication purposes and shall only designate as an exhibit that portion of source code reasonably necessary for questioning.

8.      Designation of confidential Information or Highly Confidential Information as "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall constitute a representation that such information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such designation.  Subject to the conditions set forth in Paragraph 7, Confidential Information or Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.  The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Protective order are (i) used only for the purposes set forth herein, and (ii) disclosed only to authorized persons.  Moreover, any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information or Highly Confidential Information in order to ensure that the confidential or restricted nature of the same is maintained.

9.      It is the intention of this Protective Order that the following categories of information shall not be and should therefore not be designated as Confidential Information or Highly Confidential Information: (a) any information that at the time of its disclosure in this action is part of the public domain by reason of publication or otherwise; (b) any information that after its disclosure in this action has become part of the public domain by reason of publication or otherwise though no act, omission or fault of the Receiving Party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence to any third party with respect to that information; or (d) any information that after its disclosure in this action is rightfully received by the Receiving Party, its

14

trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence or otherwise from any third party having the right to make such disclosure. During the pendency of this action, any disputes as to whether information is confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 10 hereof.

10.    If a party disagrees with any Confidential Information or Highly Confidential Information designation, such party shall first make its objection known to the Producing Party and request a change of designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as Confidential Information or Highly Confidential Information is on the party making such designation. Until a determination by the Court, the information in issue shall be treated as Confidential Information or Highly Confidential Information and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information or Highly Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

11.    During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact deponent/witness may be shown Confidential Information or Highly Confidential Information from another party's documents strictly limited to those documents which on their face reveal that they were authored or received by the deponent/witness in the normal course of business and outside the context of this litigation. This shall not preclude a Producing Party from showing documents that it has

15

produced to its own witnesses and deponents, regardless whether the Producing Party has designated the document(s) it produced as Confidential and regardless whether such person was the author or a recipient of the document.

12.     At the deposition of a third party or former employee of a Producing Party, such third party or former employee of a Producing Party may be shown documents designated as Confidential only if the document was authored by or received by that third party or former employee.

13.     Any person receiving Confidential Information or Highly Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Information or Highly Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to receive such material and to prevent further disclosure by the person who received such information.

14.     Written material constituting or revealing Confidential Information or Highly Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, a designation in the form set forth in paragraphs 4 or 5 hereof, and a statement substantially in the following form:

> HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY
> FILED UNDER SEAL PURSUANT TO COURT ORDER

16

Civil Action No. [appropriate case number][TJW ]

15.     The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 14 or any other provision thereof.

16.     Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information or Highly Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure

17.     The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Producing Party shall promptly notify the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to counsel for the Producing Party and the Receiving Party shall not use such information for any purpose until further Order of the Court.

18.     Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

Dallas 236804v1

19.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

20.     Third parties who produce information in this action may avail themselves of the provisions of this Protective Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Protective Order.

21.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case.  Any person or party subject to this order that may be subject to a motion to disclose another party's information designated Confidential or Highly Confidential pursuant to this order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

22.     In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential material and shall give prompt written notice to the Producing Party.   Should the person seeking access to the Confidential material take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order.  Nothing in this Order shall be construed as requiring production of Confidential material covered by this Order

18

23.    (a)    Within sixty (60) days after filing of the final judgment in this action, or if such judgment is appealed from, entry of a mandate affirming such final judgment, all Confidential Information or Highly Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party at the written election of the Producing Party which election shall be made within twenty days of the filing of the aforementioned final judgment or mandate.  If any Receiving Party destroys any such Confidential Information or Highly Confidential Information, that party shall inform the Producing Party in writing.

(b)    Notwithstanding the foregoing, one designated outside counsel of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, expert report, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, written response to a discovery request or any other document filed with the Court and the court transcript, consisting of or containing Confidential Information or Highly Confidential Information.

24.    This Order may be amended with leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this action.

25.    This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an Order of the Court.

26.    At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

SO ORDERED this _____ day of _____, 2007.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

I, _____, hereby declare that:

1.      I have carefully read and understand the foregoing Protective Order (the "Order") of the United States District Court for the Eastern District of Texas, in the above-captioned matters.

1

2. I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information or Highly Confidential Information to any person who is not permitted to have access to such Confidential Information or Highly Confidential Information by this Order, as applicable.

3. Upon final determinant of this action, I will destroy all Confidential Information or Highly Confidential Information received by me within sixty (60) days after filing of the final order or mandate as described in paragraph 21(a), or I will return such Confidential Information or Highly Confidential Information within sixty (60) days to the Producing Party. If I destroy such Confidential Information or Highly Confidential Information, I agree to send a letter to the Producing Party confirming the same.

4. I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this order.

5.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____        _____

[signature]

_____

[print or type name]

Title:

Business Affiliation

:

Address:

Phone:

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Rembrandt Technologies, LP ("Rembrandt"), and Defendants

Charter Communications, Inc., Charter Communications Operating, LLC (collectively,

"Charter"), and CoxCom, Inc. ("CoxCom") in the 223 and 507 cases, Defendants Time Warner

Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner

Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership

(collectively, "Time Warner") in the 224 and 369 cases, and Defendants Comcast Corporation,

Comcast Cable Communications, LLC, and Comcast of Plano LP (collectively, "Comcast") in

the 506 case, through counsel, stipulate to entry of this Protective Order ("Order") in their

respective case or cases pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or

dissemination of confidential information; and

　　　　**WHEREAS**, Rembrandt, Charter, CoxCom, Time Warner, and Comcast are collectively

referred to herein as the "parties;" and

　　　　**WHEREAS,** the parties recognize that confidential information is being produced for

use in this civil action;

　　　　IT IS HEREBY ORDERED that the following provisions of this Order shall govern the

treatment of confidential information produced by a party ("Producing Party")[1] to any other

party ("Receiving Party") in the course of this civil action:

　　　　1.　　　　The term "Confidential Information" as used in this Order includes all

information and tangible things that constitute or disclose trade secrets or other confidential or

proprietary information of one of the parties.  Confidential Information may be contained in

discovery information or materials produced or obtained in this action by or through any means

and by or through any person or entity. The Confidential Information contained therein and all

copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or

otherwise disclose such Confidential Information shall also be deemed Confidential Information.

---

[1] The parties agree that all references to "Producing Party" in this Protective Order be construed to include third parties producing documents in one or more of these cases.

2.      Confidential Information shall be disclosed, disseminated and used by the
Receiving Party only for purposes of litigation between the parties to this action.  Except with
the prior written consent of the Producing Party or upon prior order of this Court, Confidential
Information shall not be disclosed except in accordance with the terms, conditions, and
restrictions of this Order

3**.**      Produced documents, interrogatory responses, responses to requests for admission
and other documents containing "Confidential Information" shall be marked by conspicuously
affixing a legend, which includes the words "CONFIDENTIAL," or "HIGHLY
CONFIDENTIAL--ATTORNEYS' EYES ONLY", as appropriate, on each page containing
Confidential Information at the time such documents are produced or such information is
disclosed (or on the cover or container of computer storage media, such as discs or tapes).  The
parties may designate material other than the produced documents as containing Confidential
Information in the following manner:

(a)      Testimony or information disclosed at a deposition that contains
Confidential Information or Highly Confidential Information may be designated by indicating on
the record at the deposition the portions of the testimony which contain such information that is
to be made subject to the provisions of this Order.  Alternatively, a Producing Party may
designate testimony or information disclosed at a deposition, including exhibits, that contains
Confidential Information or Highly Confidential Information by notifying all parties in writing,
within fifteen (15) days after the Producing Party's receipt of the transcript, of the specific pages
and lines of the transcript that contain such information.  Whether or not designation is made at
the time of a deposition, accessibility to each transcript (and the information contained therein)
of any deposition in its entirety shall be limited to outside counsel of record and designated in-

house counsel only, from the taking of the deposition until fifteen (15) days after the actual

receipt of the transcript by the Producing Party, or until receipt of the notice referred to in this

paragraph, whichever occurs sooner.  At the expiration of the said fifteen (15) day period, unless

notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of

said period, the entire transcript shall be deemed non-confidential.

        (b)      Confidential Information or Highly Confidential Information contained in

any affidavits, briefs, memoranda or other papers filed with the Court in this action may be

designated as Confidential Information or Highly Confidential Information by indicating on the

face of such documents that one or more parties considers them to contain such information.

     4.     The parties may designate as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES

ONLY any materials that qualify for protection under the standards developed under Fed. R.

Civ. P. 26(c), but not including those materials which qualify for the designation

"CONFIDENTIAL" under paragraph 5.  Subject to the provisions of paragraphs 6 and 7 herein,

material designated as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY, and any

summary, description or report of the information contained in such materials, may be disclosed

only to the following persons:

        (a)      the Court, persons employed by the Court, and stenographers transcribing

the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

        (b)      technical and damages consultants and experts who are not current

employees of any party in this matter and who have been retained by counsel to provide

assistance in this action, with disclosure only to the extent necessary to perform such work;

4

(c)     graphics, translation, design and/or trial consulting services, including

mock jurors, retained by a party;

(d)     source code escrow agents, photocopy, document imaging and database

services, and consultants retained by counsel to set up, maintain and/or operate computer

systems, litigation databases or to convert data for inclusion in such databases;

(e)     John Meli, Executive Vice President and General Counsel of Rembrandt,

and one in-house counsel for each of Charter, CoxCom, Time Warner, and Comcast (following

identification of each in-house counsel to each of the other parties and approval by the other

parties, such approval not to be unreasonably withheld); and two (2) paralegals and/or clerical

employees assisting each of the identified in-house counsel; and

(f)     the parties' outside counsel of record in this action as specifically set forth

below and any other counsel for a party that appears in this action, and their paralegal assistants,

law clerks, stenographic and clerical employees who are assisting in the prosecution, defense

and/or appeal of this action. Any individual outside counsel of record who receives information

designated HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY may not participate in

patent prosecution for the Receiving Party, and the individual outside counsel who receives any

such information may not discuss the information with anyone involved in patent prosecution for

the Receiving Party.  Outside counsel of record for the parties are as follows:

**For Rembrandt in the 223 case**:

McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

5

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

**For Rembrandt in the 224 case**:

McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

**For Rembrandt in the 369 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

**For Rembrandt in the 506 Case:**

Susman Godfrey LLP

6

1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

**For Rembrandt in the 507 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

**For Charter in the 223 and 507 cases:**

Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357

Potter Minton, PC
1100 North College
500 Plaza Tower
Tyler, Texas 75702

Dallas 236804v1

**For Coxcom in the 223 and 507 cases:**

      Kilpatrick Stockton LLP
      1100 Peachtree Street NE, Suite 2800
      Atlanta, Georgia 30309-4530

      Potter Minton, PC
      1100 North College
      500 Plaza Tower
      Tyler, Texas 75702

**For Time Warner in the 224 and 369 cases:**

      Kaye Scholer
      425 Park Avenue
      New York, New York 10022

      Potter Minton, PC
      1100 North College
      500 Plaza Tower
      Tyler, Texas 75702

**For Comcast in the 506 case:**

      Keker & Van Nest, LLP
      710 Sansome Street
      San Francisco, California 94111-1704

      Halton & Doan, LLP
      6500 N. Summerhill Road, Suite 1A
      P.O. Box 6227
      Texarkana, Texas 75505-6277

      5.      The parties may designate as CONFIDENTIAL any materials of a financial or

accounting nature that qualify for protection under the standards developed under Fed. R. Civ. P.

26(c).  Subject to the provisions of paragraphs 6 and 7 herein, material designated as

CONFIDENTIAL, and any summary, description or report of the information contained in such

materials, may be disclosed only to the following persons:

8

(a)     the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b)     technical and damages consultants and experts who are not current employees of any party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

(c)     graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

(d)     photocopy, document imaging and database services and consultants retained by counsel to set up**,** maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(e)     John Meli,  and Paul Schneck, Chief Executive Officer of Rembrandt, one in-house counsel and one other employee for each of Charter, CoxCom, Time Warner, and Comcast (following identification of each in-house counsel and each other employee to each of the other parties and approval by the other parties, such approval not to be unreasonably withheld); and two (2) clerical employees assisting each party's in-house counsel and other employee; and

(f)     the parties' outside counsel of record in this action and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action

6.     (a)     A party may exclude from a deposition any person who is not entitled to view Confidential Information or Highly Confidential Information when such information is the subject of examination.

(b)     No Confidential Information or Highly Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 4(b)-(f) and 5(b)-(f) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A, the original of which shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information or Highly Confidential Information.

(c)     Before individuals under subparagraphs 4(b) and 5(b) may have access to Confidential Information or Highly Confidential Information, the Receiving Party must submit to the Producing Party the individual's signed undertaking as well as the individual's curriculum vitae setting forth his or her name, address, qualifications and relevant work experience, including, but not limited to, the identity of any company in the telecommunications industry for whom said individual has consulted or worked during the last five (5) years.  If the Producing Party does not object in writing, within five (5) business days from receipt of the undertaking, Confidential Information or Highly Confidential Information may then be disclosed to the retained consultant or former employee. If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue.  If the issue cannot be resolved, the Producing Party has fifteen (15) days from receipt of the undertaking to bring a motion to preclude the retained consultant or former employee from viewing the Producing Party's Confidential Information or Highly Confidential Information.  If the Producing Party does not bring such a timely motion, Confidential Information or Highly Confidential Information may be disclosed to the retained consultant or former employee.

(d)     Pursuant to subparagraph 6(c), the disclosure of the identity of a consulting expert will not be a waiver of any privilege or right to withhold from production that applies to communications or work product.  Furthermore, the parties agree that by stipulating to the entry of this Protective Order; the parties do not intend to modify in any way the normal discovery rules applicable to consulting experts, or other agreements reached between the parties regarding such discovery.

7**.**     In addition to the terms set forth in paragraphs 4 through 6 herein governing the disclosure of Confidential Information or Highly Confidential Information, information or materials that contain, embody, or otherwise reflect source code of a party or a third party subpoenaed for such source code in one or more of the above captioned cases shall be provided the following further protections:

(a)     Any and all such source code, except for hard (non-electronic) copies, shall be stored and viewed only at the offices of one (1) agreed-upon source code custodian ("Source Code Custodian").  The source code shall initially be deposited at a facility in the Los Angeles metropolitan region.  After 45 days, the source code shall be transferred to a facility in the Dallas metropolitan region.  Where source code is deposited by a third party, this subparagraph may be modified by written agreement of the parties and the third party depositing source code; in all other cases, this subparagraph may be modified by written agreement of the parties.

(b)     Subject to subparagraphs (c) and (d), any source code produced in electronic form shall be stored and viewed only at the offices of the Source Code Custodian and shall be maintained in a secured, locked area.  No electronic copies of source code shall be made.  Any such source code shall only be viewed or analyzed on a stand-alone computer (a

11

computer that is not connected to any internal or external computer or computer network) located within the above-described locations. The Source Code Custodian shall maintain a Source Code Access Log identifying, for each and every time any source code is viewed, accessed or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard (non-electronic) copies of any portion of the code were copied and the portion of the code copied. The Receiving Party reviewing source code shall be allowed to make hard (non-electronic) copies of material that they, in good faith, consider relevant. The parties shall negotiate reasonable limitations on the amount of source code that is released by Producing Party at any given time.

(c)     Any hard (non-electronic) copies of source code shall be stored and viewed only within the United States at:

(i)     a secured, locked area in one of the offices of the Source Code Custodian, each such location within the United States, provided the hard (non-electronic) copies are marked with the designation "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY";

(ii)     the Court;

(iii)     the site where any deposition relating to the source code is taken;

(iv)     any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to the deposition.)

(d)     For each and every hard (non-electronic) copy of any source code, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy. Excessive reproduction of source code should be avoided.

(e)     Prior to the Receiving Party taking possession of a hard (non-electronic) copy of source code as provided for under this paragraph, the Receiving Party shall inform the Producing Party as to specifically what portions of source code it plans to take into its possession.  The Producing Party shall then have twenty-four (24) hours if informed on a weekday, or seventy two (72) hours if informed on a weekend in which to object in writing to the Receiving Party as to the extent or relevance of the source code the reviewing party seeks to possess.  If objection is made, the parties shall meet and confer in good faith within three (3) business days and attempt to resolve the objection.  If the objection is not resolved, the Producing Party shall have five (5) business days after the conference to file a motion with the Court for relief from production of the subject portions of source code.  The subject portions of source code shall be retained by the Producing Party, pending the court's resolution of the motion.

(f)     To the extent any source code becomes an exhibit to a deposition, one copy of the exhibit may be maintained at the U.S. office of outside counsel of record for each party in a secure, locked area.  Counsel shall not designate source code as an exhibit solely for authentication purposes and shall only designate as an exhibit that portion of source code reasonably necessary for questioning.

8.     Designation of confidential Information or Highly Confidential Information as "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall constitute a representation that such information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such designation.  Subject to the conditions set forth in Paragraph 7, Confidential Information or Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.  The

attorneys of record for the parties shall exercise best efforts to ensure that the information and

documents governed by this Protective order are (i) used only for the purposes set forth herein,

and (ii) disclosed only to authorized persons.  Moreover, any person in possession of

Confidential Information or Highly Confidential Information shall exercise reasonably

appropriate care with regard to the storage, custody or use of such Confidential Information or

Highly Confidential Information in order to ensure that the confidential or restricted nature of

the same is maintained.

       9.     It is the intention of this Protective Order that the following categories of

information shall not be and should therefore not be designated as Confidential Information or

Highly Confidential Information: (a) any information that at the time of its disclosure in this

action is part of the public domain by reason of publication or otherwise; (b) any information

that after its disclosure in this action has become part of the public domain by reason of

publication or otherwise though no act, omission or fault of the Receiving Party; (c) any

information that at the time of its disclosure in this action is rightfully in the possession of the

Receiving Party, its trial counsel or any expert retained by or, for the Receiving Party under no

obligations of confidence to any third party with respect to that information; or (d) any

information that after its disclosure in this action is rightfully received by the Receiving Party, its

trial counsel or any expert retained by or for the Receiving Party under no obligations of

confidence or otherwise from any third party having the right to make such disclosure.  During

the pendency of this action, any disputes as to whether information is confidential under the

terms of this Order shall be resolved according to the procedure set forth in paragraph 10 hereof.

       10.    If a party disagrees with any Confidential Information or Highly Confidential

Information designation, such party shall first make its objection known to the Producing Party

and request a change of designation.  The parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement.  The burden of proving that information has been properly designated as Confidential Information or Highly Confidential Information is on the party making such designation.  Until a determination by the Court, the information in issue shall be treated as Confidential Information or Highly Confidential Information and subject to the terms of this Order.  Any failure to object to any material being designated as Confidential Information or Highly Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

11.    During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact deponent/witness may be shown Confidential Information or Highly Confidential Information from another party's documents strictly limited to those documents which on their face reveal that they were authored or received by the deponent/witness in the normal course of business and outside the context of this litigation. This shall not preclude a Producing Party from showing documents that it has produced to its own witnesses and deponents, regardless whether the Producing Party has designated the document(s) it produced as Confidential and regardless whether such person was the author or a recipient of the document.

12.    At the deposition of a third party or former employee of a Producing Party, such third party or former employee of a Producing Party may be shown documents designated as

Confidential only if the document was authored by or received by that third party or former employee.

13.     Any person receiving Confidential Information or Highly Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Information or Highly Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to receive such material and to prevent further disclosure by the person who received such information.

14.     Written material constituting or revealing Confidential Information or Highly Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, a designation in the form set forth in paragraphs 4 or 5 hereof, and a statement substantially in the following form:

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY
FILED UNDER SEAL PURSUANT TO COURT ORDER
Civil Action No. [appropriate case number][TJW ]

15.     The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 14 or any other provision thereof.

16.     Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information or Highly Confidential Information consents in writing to

16

such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure

17.     The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Producing Party shall promptly notify the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to counsel for the Producing Party and the Receiving Party shall not use such information for any purpose until further Order of the Court.

18.     Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

19.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

20.     Third parties who produce information in this action may avail themselves of the provisions of this Protective Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Protective Order.

21.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case.  Any person or party subject to this order that may be subject to a motion to disclose another party's information designated Confidential or Highly Confidential pursuant to this order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

22.     In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential material and shall give prompt written notice to the Producing Party.   Should the person seeking access to the Confidential material take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order.  Nothing in this Order shall be construed as requiring production of Confidential material covered by this Order

23.     (a)     Within sixty (60) days after filing of the final judgment in this action, or if such judgment is appealed from, entry of a mandate affirming such final judgment, all Confidential Information or Highly Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party at the written election of the Producing Party which election shall be made within twenty days of the filing of the aforementioned final

judgment or mandate.  If any Receiving Party destroys any such Confidential Information or Highly Confidential Information, that party shall inform the Producing Party in writing.

(b)     Notwithstanding the foregoing, one designated outside counsel of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, written response to a discovery request or any other document filed with the Court and the court transcript, consisting of or containing Confidential Information or Highly Confidential Information. The Receiving Party shall be entitled to retain one copy, and outside counsel of record for each party shall be entitled to retain copies of any expert report containing any Confidential Information or Highly Confidential Information of the Producing Party, which is not in the public docket file. All such material shall remain subject to the terms of this Order.

24.     This Order may be amended with leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this action.

25.     This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an Order of the Court.

26.     At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

SO ORDERED this _____ day of _____, 2007.

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

      I, _____, hereby declare that:

      1.     I have carefully read and understand the foregoing Protective Order (the "Order") of the United States District Court for the Eastern District of Texas, in the above-captioned matters.

2. I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information or Highly Confidential Information to any person who is not permitted to have access to such Confidential Information or Highly Confidential Information by this Order, as applicable.

3. Upon final determinant of this action, I will destroy all Confidential Information or Highly Confidential Information received by me within sixty (60) days after filing of the final order or mandate as described in paragraph 21(a), or I will return such Confidential Information or Highly Confidential Information within sixty (60) days to the Producing Party. If I destroy such Confidential Information or Highly Confidential Information, I agree to send a letter to the Producing Party confirming the same.

4. I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this order.

2

5.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:  _____

_____
[signature]

_____
[print or type name]

Title:

:

Business Affiliation

Address:

Phone:

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

## NOTICE REGARDING ELECTRONIC PRODUCTION

At the Scheduling Conference, the Parties requested an additional three weeks to reach an

agreement on the form of production for documents produced electronically.  In its April 19,

2007 Order Regarding Protective Order and Document Production (Doc. No. 68), the Court gave

the parties three weeks to reach agreement on the form of electronic production or inform the

1

Court of any remaining disputes. The Parties have reached agreement on how they will produce

documents electronically.

DATED: April 24, 2007                         Respectfully submitted,


                                              /s/ Brooke A.M. Taylor
                                              Max L. Tribble, Jr.
                                              State Bar No. 20213950
                                              Tibor L. Nagy
                                              State Bar 24041562
                                              Email: mtribble@susmangodfrey.com
                                              Email: tnagy@susmangodfrey.com
                                              **SUSMAN GODFREY L.L.P.**
                                              1000 Louisiana Street, Suite 5100
                                              Houston, TX 77002
                                              Tel: 713-651-9366
                                              Fax: 713-654-6666

                                              **OF COUNSEL:**
                                              Edgar Sargent
                                              WA State Bar No. 28283
                                              Email: esargent@susmangodfrey.com
                                              **SUSMAN GODFREY L.L.P.**
                                              1201 Third Avenue, Suite 3800
                                              Seattle, WA 98101-3000
                                              Tel: 206-516-3880
                                              Fax: 206-516-3883

                                              Brooke A.M. Taylor
                                              WA State Bar No. 33190
                                              Email: btaylor@susmangodfrey.com
                                              **SUSMAN GODFREY L.L.P.**
                                              1201 Third Avenue, Suite 3800
                                              Seattle, WA 98101-3000
                                              Tel: 206-516-3880
                                              Fax: 206-516-3883

2

/s/ Sam Baxter
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH, P.C.**
505 E. Travis, Suite 105
Marshall, Texas  75670
Telephone:  (903) 927-2111
Telecopier:  (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4006
Telecopier:  (214) 978-4044
jcarter@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas  78701
Telephone:  (512) 692-8700
Telecopier:  (512) 692-8744
gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

Dallas 237132v1

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas  75703
Telephone:  (903) 561-1600
Telecopier:  (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Telecopier:  (903) 236-8787
ccapshaw@mailbmc.com
aspangler@mailbmc.com

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P. O. Drawer 1249
Marshall, TX  75670
Telephone:  903-938-4395
Telecopier:  903-938-3360
maizieh@millerfirm.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

4

/s/ Michael E. Jones
Michael E. Jones
State Bar No. 10929400
Diane DeVasto
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas 75710
Telephone:  (903) 597-8311
Telecopier:  (903) 593-0846
mikejones@potterminton.com

David S. Benyacar
Michael A. Rogoloff
**KAYE SCHOLER**
425 Park Avenue
New York, NY 10022
Tel: 212-836-8000
Fax: 212-836-8689
dbenyacar@kayescholer.com

**ATTORNEYS FOR DEFENDANT
TIME WARNER CABLE INC.**

/s/ Jennifer Haltom Doan
Jennifer Haltom Doan
Texas Bar No. 08809050
John Peyton Perkins, III
Texas Bar No. 24043457
**HALTOM & DOAN, LLP**
6500 N. Summerhill Road, Suite 1A
P. O. Box 6227
Texarkana, TX 75505-6227
Tel: 903-255-1000
Fax: 903-255-0800

Brian Ferral
Leo Lam
Asim M. Bhansali
Matthias A. Kamber
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 9411-1704
Tel: 415-676-2235
Fax: 415-397-7188

**ATTORNEYS FOR DEFENDANTS
COMCAST CORPORATION,
COMCAST CABLE,
COMMUNICATIONS, LLC, and
COMCAST OF PLANO, LP**

6

/s/ Michael E. Jones
Bradford P. Lyerla, Attorney in Charge
blyerla@marshallip.com
Kevin D. Hogg
khogg@marshallip.com
William J. Kramer
wkramer@marhsllip.com
Paul B. Stephens
pstephens@marshallip.com
**MARSHALL, GERSTEIN & BORUN LLP**
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
Tel: 312-474-6300
Fax: 312-474-0448

Michael E. Jones
State Bar No. 10929400
**POTTER MINTON, PC**
110 North College
500 Plaza Tower
Tyler, TX 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com

**ATTORNEYS FOR DEFENDANTS
CHARTER COMMUNICATIONS, INC.
CHARTER COMMUNICATIONS
OPERATING, LLC**

7

/s/ Michael E. Jones
Mitchell G. Stockwell
Lead Attorney
Georgia Bar No. 682912
**KILPATRICK STOCKTON LLP**
1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309-4530
Tel: 404-815-6214
Fax: 404-815-6555

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, TX 75710
Tel: 903-597-8311
Fax: 903-593-0846

**ATTORNEYS FOR DEFENDANT
COXCOM, INC.**


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 24th day of April 2007.


/s/ Brooke A.M. Taylor
Brooke A.M. Taylor

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 24th day of April 2007.


/s/ Sam Baxter
Sam Baxter

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, L.P. | § | |
| | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, | § | |
| ET AL., | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, L.P. | § | |
| | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, | § | |
| ET AL., | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, L.P. | § | |
| | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, | § | |
| ET AL., | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, L.P. | § | |
| | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, | § | |
| ET AL., | § | |

REMBRANDT TECHNOLOGIES, L.P.    §
                                §
                                §
V.                              §        CIVIL NO. 2:06-CV-507(TJW)
                                §
CHARTER COMMUNICATIONS,         §
ET AL .,                        §

---

### Status Conference Minutes
### April 3, 2007

OPEN:  __1:50 pm__                          ADJOURN:  __2:15 pm__

---

**ATTORNEYS FOR PLAINTIFF:**      (See attached sign-in sheet)

**ATTORNEYS FOR DEFENDANT:**      (See attached sign-in sheet)

**LAW CLERK:**                    Mike Benefield

**COURTROOM DEPUTY:**             Debbie Latham

Court opened.  The attorneys announced ready.

The proposed dates and consolidation of the cases were discussed.

Court Adjourned.

# SIGN IN – Please Print

CASE NO. 2:06cv223
STYLE: Rembrandt v. Charter

| Name of party | Name of attorney |
|---|---|
| Charter | Mike Jones |
| " | Diane DeVasto |
| " | Allen Gardner |
| " | Bradford Lyerla |
| Rembrandt | Sam Baxter - 223, 224 |
| " | Jeff Carter   "   " |
| " | Brooke Taylor 369, 506, 507 |
| " | Max Tribble 369, 506, 507 |
| " | Franklin Jones 223,224  369, 506, 507 |
| " | Charley Ainsworth |
| | GORDON WHITE - 223, 224 |
| | |
| | |
| | |
| | |
| | |
| | |

## SIGN IN – Please Print

CASE NO. 2:06cv224

STYLE: Rembrandt v. Time Warner

| Name of party | Name of attorney |
|---|---|
| Time Warner, Inc | Mike Jones |
| " | Diane DeVasto |
| " | Allen Gardner |
| " | David Benyacar |
| Rembrandt | GORDON WHITE 223-224 |
| " | FRANKLIN JONES-223-224-369-506- 507 |
| " | Sam Baxter |
| " | Jeff Carter |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# SIGN IN – Please Print

CASE NO. 2:06 cv 369

STYLE: Rembrandt v. Time Warner

| Name of party | Name of attorney |
|---|---|
| Time Warner | Mike Jones |
| '' | Diane DeVasto |
| '' | Allen Gardner |
| '' | David Benyacar |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

SIGN IN

CASE NO  2:06-CV-506

Style  Rembrandt v. Comcast Corporation

| Name of Party | Name of Attorney |
|---|---|
| Comcast Corp. entities | Jennifer Doan } John Perkins } (Haltom + Doan) |
| " | Gil Gilham – Gilham + Smith |
| Rembrandt | Max Tribble – Susman Godfrey Brooke Taylor – " " |

2.06 cv - 507

Name of Party
_____

Rembrandt

Charter Comm.

Brooks Tayler
(Susman)

Brad ~~kats~~ Lyerla
Mike Jones
Dian DeVasto
Allen Gardun

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Rembrandt Technologies, LP ("Rembrandt"), and Defendants

Charter Communications, Inc., Charter Communications Operating, LLC (collectively,

"Charter"), and CoxCom, Inc. ("CoxCom") in the 223 and 507 cases, Defendants Time Warner

Cable Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner

Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership

(collectively, "Time Warner") in the 224 and 369 cases, and Defendants Comcast Corporation,

Comcast Cable Communications, LLC, and Comcast of Plano LP (collectively, "Comcast") in

the 506 case, through counsel, stipulate to entry of this Protective Order ("Order") in their

respective case or cases pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or

dissemination of confidential information; and

      **WHEREAS**, Rembrandt, Charter, CoxCom, Time Warner, and Comcast are collectively

referred to herein as the "parties;" and

      **WHEREAS,** the parties recognize that confidential information is being produced for

use in this civil action;

      IT IS HEREBY ORDERED that the following provisions of this Order shall govern the

treatment of confidential information produced by a party ("Producing Party")[1] to any other

party ("Receiving Party") in the course of this civil action:

      1.     The term "Confidential Information" as used in this Order includes all

information and tangible things that constitute or disclose trade secrets or other confidentia1 or

proprietary information of one of the parties.  Confidential Information may be contained in

discovery information or materials produced or obtained in this action by or through any means

and by or through any person or entity. The Confidential Information contained therein and all

copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or

otherwise disclose such Confidential Information shall also be deemed Confidential Information.

---

[1] The parties agree that all references to "Producing Party" in this Protective Order be construed to include third
parties producing documents in one or more of these cases.

2.     Confidential Information shall be disclosed, disseminated and used by the Receiving Party only for purposes of litigation between the parties to this action.  Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order

3**.**     Produced documents, interrogatory responses, responses to requests for admission and other documents containing "Confidential Information" shall be marked by conspicuously affixing a legend, which includes the words "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY", as appropriate, on each page containing Confidential Information at the time such documents are produced or such information is disclosed (or on the cover or container of computer storage media, such as discs or tapes).  The parties may designate material other than the produced documents as containing Confidential Information in the following manner:

(a)     Testimony or information disclosed at a deposition that contains Confidential Information or Highly Confidential Information may be designated by indicating on the record at the deposition the portions of the testimony which contain such information that is to be made subject to the provisions of this Order.  Alternatively, a Producing Party may designate testimony or information disclosed at a deposition, including exhibits, that contains Confidential Information or Highly Confidential Information by notifying all parties in writing, within fifteen (15) days after the Producing Party's receipt of the transcript, of the specific pages and lines of the transcript that contain such information.  Whether or not designation is made at the time of a deposition, accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to outside counsel of record and designated in-

3

house counsel only, from the taking of the deposition until fifteen (15) days after the actual receipt of the transcript by the Producing Party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner.  At the expiration of the said fifteen (15) day period, unless notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential.

        (b)       Confidential Information or Highly Confidential Information contained in any affidavits, briefs, memoranda or other papers filed with the Court in this action may be designated as Confidential Information or Highly Confidential Information by indicating on the face of such documents that one or more parties considers them to contain such information.

        4.       The parties may designate as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY any materials that qualify for protection under the standards developed under Fed. R. Civ. P. 26(c) and which comprises (a) technical information that the producing party reasonably deems highly confidential, including but not limited to proprietary technical information and trade secrets; or (b) business or financial information that the producing party reasonably deems highly confidential, such as, for example, business plans or forecasts, cost or pricing information, sales volume or revenue information, profit margin information, marketing plans or strategy, the identity of current or potential customers or suppliers, accounting information not of public record, information subject to a confidentiality agreement with a third party, or the like. The foregoing categories are by way of example only and shall not limit the categories of information a party may designate HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY under this order; provided, however, that any such designation must be made by the producing party in good faith and with reasonable justification.  Subject to the provisions of paragraphs 6 and 7 herein, material designated as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY,

4

and any summary, description or report of the information contained in such materials, may be disclosed only to the following persons:

(a)     the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b)     technical and damages consultants and experts who are not current employees of any party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

(c)     graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

(d)     source code escrow agents, photocopy, document imaging and database services, and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(e)     John Meli, Executive Vice President and General Counsel of Rembrandt, Andrew T. Block, Esq. of Time Warner, Kirill Y. Abramov, Esq. of Charter, Marcus Delgado, Esq. of CoxCom and David Marcus, Esq. of Comcast; and two (2) paralegals and/or clerical employees assisting each of the identified in-house counsel; and

(f)     the parties' outside counsel of record in this action as specifically set forth below and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action. Any individual outside counsel of record who receives information designated HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY may not participate in patent prosecution for the Receiving Party, and the individual outside counsel who receives any

5

such information may not discuss the information with anyone involved in patent prosecution for

the Receiving Party.  Outside counsel of record for the parties are as follows:

**For Rembrandt in the 223 case**:

>   McKool Smith P.C.
>   300 Crescent Court, Suite 1500
>   Dallas, Texas 75201
>
>   Parker & Bunt
>   100 E. Ferguson, Suite 1114
>   Tyler, Texas 75702
>
>   Jones & Jones, Inc., P.C.
>   201 West Houston St., Drawer 1249
>   Marshall, Texas 75671-1249

**For Rembrandt in the 224 case**:

>   McKool Smith P.C.
>   300 Crescent Court, Suite 1500
>   Dallas, Texas 75201
>
>   Parker & Bunt
>   100 E. Ferguson, Suite 1114
>   Tyler, Texas 75702
>
>   Ireland, Carroll & Kelly, P.C.
>   61101 S. Broadway, Suite 500
>   Tyler, Texas 75703
>
>   Brown McCarroll LLP
>   1127 Judson Road, Suite 220
>   P.O. Box 3999 (75606-3999)
>   Longview, Texas 75601-5157

**For Rembrandt in the 369 Case:**

>   Susman Godfrey LLP
>   1000 Louisiana Street, Suite 5100
>   Houston, TX  77002-5096
>
>   Parker & Bunt
>   100 E. Ferguson, Suite 1114
>   Tyler, Texas 75702

6

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

**For Rembrandt in the 506 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX  77002-5096

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

**For Rembrandt in the 507 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX  77002-5096

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

7

**For Charter in the 223 and 507 cases:**

       Marshall, Gerstein & Borun LLP
       6300 Sears Tower
       233 South Wacker Drive
       Chicago, Illinois 60606-6357

       Potter Minton, PC
       1100 North College
       500 Plaza Tower
       Tyler, Texas 75702

**For Coxcom in the 223 and 507 cases:**

       Kilpatrick Stockton LLP
       1100 Peachtree Street NE, Suite 2800
       Atlanta, Georgia 30309-4530

       Potter Minton, PC
       1100 North College
       500 Plaza Tower
       Tyler, Texas 75702

**For Time Warner in the 224 and 369 cases:**

       Kaye Scholer LLP
       425 Park Avenue
       New York, New York 10022

       Potter Minton, PC
       1100 North College
       500 Plaza Tower
       Tyler, Texas 75702

**For Comcast in the 506 case:**

       Keker & Van Nest, LLP
       710 Sansome Street
       San Francisco, California 94111-1704

       Halton & Doan, LLP
       6500 N. Summerhill Road, Suite 1A
       P.O. Box 6227
       Texarkana, Texas 75505-6277

Gillam & Smith LLP
303 South Washington Avenue
Marshall, TX  75670

5.    The parties may designate as CONFIDENTIAL any materials that qualify for
protection under the standards developed under Fed. R. Civ. P. 26(c).  Subject to the provisions
of paragraphs 6 and 7 herein, material designated as CONFIDENTIAL, and any summary,
description or report of the information contained in such materials, may be disclosed only to the
following persons:

(a)    the Court, persons employed by the Court, and stenographers transcribing
the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b)    technical and damages consultants and experts who are not current
employees of any party in this matter and who have been retained by counsel to provide
assistance in this action, with disclosure only to the extent necessary to perform such work;

(c)    graphics, translation, design and/or trial consulting services, including
mock jurors, retained by a party;

(d)    photocopy, document imaging and database services and consultants
retained by counsel to set up, maintain and/or operate computer systems, litigation databases or
to convert data for inclusion in such databases;

(e)    John Meli,  and Paul Schneck, Chief Executive Officer of Rembrandt,
Andrew T. Block, Esq. of Time Warner, Kirill Y. Abramov, Esq. of Charter, Marcus Delgado,
Esq. of CoxCom and David Marcus, Esq. of Comcast and one other employee for each of
Charter, CoxCom, Time Warner, and Comcast (following identification of each other employee

9

to each of the other parties and approval by the other parties, such approval not to be unreasonably withheld); and two (2) clerical employees assisting each party's in-house counsel and other employee; and

        (f)    the parties' outside counsel of record in this action and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action

      6.    (a)    A party may exclude from a deposition any person who is not entitled to view Confidential Information or Highly Confidential Information when such information is the subject of examination.

        (b)    No Confidential Information or Highly Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 4(b)-(e) and 5(b)-(e) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A, the original of which shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information or Highly Confidential Information.

        (c)    Before individuals under subparagraphs 4(b) and 5(b) may have access to Confidential Information or Highly Confidential Information, the Receiving Party must submit to the Producing Party the individual's signed undertaking as well as the individual's curriculum vitae setting forth his or her name, address, qualifications and relevant work experience, including, but not limited to, the identity of any company in the telecommunications industry for whom said individual has consulted or worked during the last five (5) years.  If the Producing Party does not object in writing, within five (5) business days from receipt of the undertaking,

10

Confidential Information or Highly Confidential Information may then be disclosed to the retained consultant or former employee. If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue.  If the issue cannot be resolved, the Producing Party has fifteen (15) days from receipt of the undertaking to bring a motion to preclude the retained consultant or former employee from viewing the Producing Party's Confidential Information or Highly Confidential Information.  If the Producing Party does not bring such a timely motion, Confidential Information or Highly Confidential Information may be disclosed to the retained consultant or former employee.

(d)     Pursuant to subparagraph 6(c), the disclosure of the identity of a consulting expert will not be a waiver of any privilege or right to withhold from production that applies to communications or work product.  Furthermore, the parties agree that by stipulating to the entry of this Protective Order; the parties do not intend to modify in any way the normal discovery rules applicable to consulting experts, or other agreements reached between the parties regarding such discovery.

7.     In addition to the terms set forth in paragraphs 4 through 6 herein governing the disclosure of Confidential Information or Highly Confidential Information, information or materials that contain, embody, or otherwise reflect source code of a party or a third party subpoenaed for such source code in one or more of the above captioned cases shall be provided the following further protections:

(a)     Any and all such source code, except for hard (non-electronic) copies, shall be stored and viewed only at the offices of one (1) agreed-upon source code custodian ("Source Code Custodian").  The source code shall initially be deposited at a facility in the Los Angeles metropolitan region.  After 45 days, the source code shall be transferred to a facility in

11

the Dallas metropolitan region. Where source code is deposited by a third party, this subparagraph may be modified by written agreement of the parties and the third party depositing source code; in all other cases, this subparagraph may be modified by written agreement of the parties.

(b)       Subject to subparagraphs (c) and (d), any source code produced in electronic form shall be stored and viewed only at the offices of the Source Code Custodian and shall be maintained in a secured, locked area. No electronic copies of source code shall be made. Any such source code shall only be viewed or analyzed on a stand-alone computer (a computer that is not connected to any internal or external computer or computer network) located within the above-described locations. The Source Code Custodian shall maintain a Source Code Access Log identifying, for each and every time any source code is viewed, accessed or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard (non-electronic) copies of any portion of the code were copied and the portion of the code copied. The Receiving Party reviewing source code shall be allowed to make hard (non-electronic) copies of material that they, in good faith, consider relevant. The parties shall negotiate reasonable limitations on the amount of source code that is released by Producing Party at any given time.

(c)       Any hard (non-electronic) copies of source code shall be stored and viewed only within the United States at:

(i)       a secured, locked area in one of the offices of the Source Code Custodian, each such location within the United States, provided the hard (non-electronic) copies are marked with the designation "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY";

(ii)      the Court;

12

(iii)   the site where any deposition relating to the source code is taken;

(iv)   any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to the deposition.)

(d)   For each and every hard (non-electronic) copy of any source code, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy. Excessive reproduction of source code should be avoided.

(e)   Prior to the Receiving Party taking possession of a hard (non-electronic) copy of source code as provided for under this paragraph, the Receiving Party shall inform the Producing Party as to specifically what portions of source code it plans to take into its possession. The Producing Party shall then have twenty-four (24) hours if informed on a weekday, or seventy two (72) hours if informed on a weekend in which to object in writing to the Receiving Party as to the extent or relevance of the source code the reviewing party seeks to possess. If objection is made, the parties shall meet and confer in good faith within three (3) business days and attempt to resolve the objection. If the objection is not resolved, the Producing Party shall have five (5) business days after the conference to file a motion with the Court for relief from production of the subject portions of source code. The subject portions of source code shall be retained by the Producing Party, pending the court's resolution of the motion.

(f)   To the extent any source code becomes an exhibit to a deposition, one copy of the exhibit may be maintained at the U.S. office of outside counsel of record for each party in a secure, locked area. Counsel shall not designate source code as an exhibit solely for authentication purposes and shall only designate as an exhibit that portion of source code reasonably necessary for questioning.

13

8.      Designation of confidential Information or Highly Confidential Information as "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall constitute a representation that such information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such designation.  Subject to the conditions set forth in Paragraph 7, Confidential Information or Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.  The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Protective order are (i) used only for the purposes set forth herein, and (ii) disclosed only to authorized persons.  Moreover, any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information or Highly Confidential Information in order to ensure that the confidential or restricted nature of the same is maintained.

9.      It is the intention of this Protective Order that the following categories of information shall not be and should therefore not be designated as Confidential Information or Highly Confidential Information: (a) any information that at the time of its disclosure in this action is part of the public domain by reason of publication or otherwise; (b) any information that after its disclosure in this action has become part of the public domain by reason of publication or otherwise though no act, omission or fault of the Receiving Party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence to any third party with respect to that information; or (d) any information that after its disclosure in this action is rightfully received by the Receiving Party, its

14

trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence or otherwise from any third party having the right to make such disclosure. During the pendency of this action, any disputes as to whether information is confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 10 hereof.

10.    If a party disagrees with any Confidential Information or Highly Confidential Information designation, such party shall first make its objection known to the Producing Party and request a change of designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as Confidential Information or Highly Confidential Information is on the party making such designation. Until a determination by the Court, the information in issue shall be treated as Confidential Information or Highly Confidential Information and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information or Highly Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

11.    During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact deponent/witness may be shown Confidential Information or Highly Confidential Information from another party's documents strictly limited to those documents which on their face reveal that they were authored or received by the deponent/witness in the normal course of business and outside the context of this litigation. This shall not preclude a Producing Party from showing documents that it has

15

produced to its own witnesses and deponents, regardless whether the Producing Party has designated the document(s) it produced as Confidential and regardless whether such person was the author or a recipient of the document.

12.     At the deposition of a third party or former employee of a Producing Party, such third party or former employee of a Producing Party may be shown documents designated as Confidential only if the document was authored by or received by that third party or former employee.

13.     Any person receiving Confidential Information or Highly Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Information or Highly Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to receive such material and to prevent further disclosure by the person who received such information.

14.     Written material constituting or revealing Confidential Information or Highly Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, a designation in the form set forth in paragraphs 4 or 5 hereof, and a statement substantially in the following form:

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY<br>
FILED UNDER SEAL PURSUANT TO COURT ORDER

16

Civil Action No. [appropriate case number][TJW ]

15.    The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 14 or any other provision thereof.

16.    Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information or Highly Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure

17.    The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Producing Party shall promptly notify the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to counsel for the Producing Party and the Receiving Party shall not use such information for any purpose until further Order of the Court.

18.    Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

19.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

20.     Third parties who produce information in this action may avail themselves of the provisions of this Protective Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Protective Order.

21.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case.  Any person or party subject to this order that may be subject to a motion to disclose another party's information designated Confidential or Highly Confidential pursuant to this order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

22.     In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential material and shall give prompt written notice to the Producing Party.  Should the person seeking access to the Confidential material take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order.  Nothing in this Order shall be construed as requiring production of Confidential material covered by this Order

18

23.     (a)     Within sixty (60) days after filing of the final judgment in this action, or if such judgment is appealed from, entry of a mandate affirming such final judgment, all Confidential Information or Highly Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party at the written election of the Producing Party which election shall be made within twenty days of the filing of the aforementioned final judgment or mandate. If any Receiving Party destroys any such Confidential Information or Highly Confidential Information, that party shall inform the Producing Party in writing.

    (b)     Notwithstanding the foregoing, one designated outside counsel of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, expert report, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, written response to a discovery request or any other document filed with the Court and the court transcript, consisting of or containing Confidential Information or Highly Confidential Information.

24.     This Order may be amended with leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this action.

25.     This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an Order of the Court.

26.     At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

    SIGNED this 4th day of May, 2007.


_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

19

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

I, _____, hereby declare that:

1.      I have carefully read and understand the foregoing Protective Order (the "Order") of the United States District Court for the Eastern District of Texas, in the above-captioned matters.

Dallas 236804v1

2.    I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information or Highly Confidential Information to any person who is not permitted to have access to such Confidential Information or Highly Confidential Information by this Order, as applicable.

3.    Upon final determinant of this action, I will destroy all Confidential Information or Highly Confidential Information received by me within sixty (60) days after filing of the final order or mandate as described in paragraph 21(a), or I will return such Confidential Information or Highly Confidential Information within sixty (60) days to the Producing Party.  If I destroy such Confidential Information or Highly Confidential Information, I agree to send a letter to the Producing Party confirming the same.

4.    I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this order.

5.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:  _____          _____
                                                [signature]


                                                _____
                                                [print or type name]


                                                Title:


                                                Business Affiliation

:

                                                Address:


                                                Phone:

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 2:06-CV-369-TJW-CE |
| | ) | |
| v. | ) | JURY TRIAL REQUESTED |
| | ) | |
| TIME WARNER CABLE, INC., ET AL. | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 2:06-CV-506-TJW-CE |
| | ) | |
| v. | ) | JURY TRIAL REQUESTED |
| | ) | |
| COMCAST CORPORATION, ET AL. | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 2:06-CV-507-TJW-CE |
| | ) | |
| v. | ) | JURY TRIAL REQUESTED |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| ET AL. | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

## <u>PLAINTIFF'S NOTICE OF DISCLOSURES</u>

Plaintiff Rembrandt Technologies, L.P. ("Rembrandt") hereby gives notice that it served Local Rules P.R. 3-1, P.R. 3-2,  and Initial Disclosures on counsel for Defendants in the above-captioned matters pursuant to the deadlines set forth in the Docket Control Order (Docket Nos. 33 (*Time Warner Cable, Inc., et al.*), 31 (*Comcast Corp., et al.*), and 67 (*Charter Communications, Inc., et al.*)).

Rembrandt respectfully reserves its right to amend, modify, or supplement the disclosures to the extent permitted by the Local Rules and the Federal Rules of Civil Procedure.

Dated:  May 7, 2007                                    Respectfully Submitted,


/s/  Matthew R. Berry
Max L. Tribble, Jr.
Lead Attorney
State Bar No. 20213950
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:  (713) 651-9366
Fax:  (713) 654-6666
E-mail: mtribbble@susmangodfrey.com

Brooke A.M. Taylor
State Bar No. 33190 (Washington)
E-mail:  btaylor@susmangodfrey.com
Edgar Sargent
State Bar No. 28283 (Washington)
E-mail:  esargent@susmangodfrey.com
Matthew R. Berry
State Bar No. 37364 (Washington)
E-mail:  mberry@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington  98101-3000
Telephone:  (206) 516-3880
Fax:  (206) 516-3883

Tibor L. Nagy
State Bar No. 24041562

E-mail:  tnagy@susmangodfrey.com
SUSMAN GODFREY L.L.P.
590 Madison Avenue
New York, NY  10022-8521
Telephone:  (212) 336-8330
Fax:  (212) 516-3883

Charles Ainsworth
charley@pbatyler.com
Robert Christopher Bunt
rcbunt@pbatyler.com
Robert M Parker
rmparker@pbatyler.com
PARKER BUNT & AINSWORTH
100 E Ferguson, Suite 1114
Tyler, TX 75702
Telephone (903) 531-3535
Facsimile (903) 533-9687

Sidney Calvin Capshaw, III
ccapshaw@mailbmc.com
Elizabeth L DeRieux
ederieux@mailbmc.com
Andrew Wesley Spangler
aspangler@mailbmc.com
BROWN MCCARROLL- Longview
1127 Judson Rd., Ste 220
PO Box 3999
Longview, TX 75606-3999
Telephone (903) 236-9800
Facsimile (903) 236-8787

Otis W Carroll, Jr
Fedserv@icklaw.com
James Patrick Kelley
patkelley@icklaw.com
Collin Michael Maloney
fedserv@icklaw.com
IRELAND CARROLL & KELLEY
6101 S Broadway, Suite 500
Tyler, TX 75703
Telephone (903) 561-1600
Facsimile (903) 581-1071

Franklin Jones, Jr
JONES & JONES - Marshall
201 W Houston St
PO Drawer 1249

Marshall, TX 75670
903/938-4395
9039383360 (fax)
maizieh@millerfirm.com
Fax:  (212) 516-3883

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 7th day of May, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile and/or first class mail on this same date.

/s/   Matthew R. Berry
Matthew R. Berry

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2-06CV-506-TJW |
| | § | |
| COMCAST CORPORATION; COMCAST | § | Jury Demand |
| CABLE COMMUNICATIONS, LLC; AND | § | |
| COMCAST OF PLANO, LP | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## DEFENDANTS' NOTICE OF SERVICE OF INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 5, this Court's Discovery Order and by agreement of the parties, Defendants Comcast Corporation and Comcast Cable Communications, LLC ("Comcast Cable") (collectively, "Comcast") served COMCAST CORPORATION'S INITIAL DISCLOSURES to all counsel of record on May 7, 2007.

Respectfully submitted,

_____/s/ Jennifer Haltom Doan_____
Jennifer Haltom Doan
Texas Bar No. 08809050
John P. Perkins, III
Texas Bar No. 24043457
HALTOM & DOAN
6500 Summerhill Road, Suite 1A
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com

Brian L. Ferrall
Leo Lam
Mathew Werdegar
Eric MacMichael
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188
Email:  blf@kvn.com

**ATTORNEYS FOR DEFENDANTS
COMCAST CORPORATION AND
COMCAST CABLE COMMUNICATIONS,
LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 7th day of May, 2007.

_____/s/_____Jennifer Haltom Doan_____
Jennifer Haltom Doan

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-CV-369-TJW-CE |
| | ) | |
| TIME WARNER CABLE INC., TIME | ) | |
| WARNER CABLE LLC, TIME | ) | |
| WARNER NEW YORK CABLE LLC, TIME | ) | |
| WARNER ENTERTAINMENT | ) | |
| COMPANY, LP, and TIME WARNER | ) | |
| ENTERTAINMENT-ADVANCE/NEWHOUSE | ) | |
| PARTNERSHIP | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-CV-506-TJW-CE |
| | ) | |
| COMCAST CORPORATION, COMCAST | ) | |
| CABLE COMMUNICATIONS, LLC | ) | |
| COMCAST OF PLANO, LP | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-CV-507-TJW |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| CHARTER COMMUNICATIONS | ) | |
| OPERATING, LLC, COXCOM INC., CSC | ) | |
| HOLDINGS, INC., and CABLEVISION | ) | |
| SYSTEMS CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF REMBRANDT TECHNOLOGIES, LP'S NOTICE OF DISCLOSURE**

Plaintiff Rembrandt Technologies, LP hereby files this Notice to inform the Court that on

May 18, 2007, Rembrandt served its Disclosure pursuant to Paragraph 3(c) of the Discovery

Order on counsel for Defendants in the above-captioned cases.

Dated: May 23, 2007

                                        Respectfully submitted,


                                        /s/ Brooke A. M. Taylor
                                        Max L. Tribble, Jr.
                                        Lead Attorney
                                        State Bar No. 20213950
                                        1000 Louisiana Street, Suite 5100
                                        Houston, Texas 77002-5096
                                        Telephone: (713) 651-9366
                                        Fax: (713) 654-6666
                                        E-mail: mtribbble@susmangodfrey.com

                                        Brooke A.M. Taylor
                                        State Bar No. 33190 (Washington)
                                        E-mail: btaylor@susmangodfrey.com
                                        Edgar Sargent
                                        State Bar No. 28283 (Washington)
                                        E-mail: esargent@susmangodfrey.com
                                        Matthew R. Berry
                                        State Bar No. 37364 (Washington)
                                        E-mail: mberry@susmangodfrey.com
                                        SUSMAN GODFREY L.L.P.
                                        1201 Third Avenue, Suite 3800
                                        Seattle, Washington 98101-3000
                                        Telephone: (206) 516-3880
                                        Fax: (206) 516-3883

                                        Tibor L. Nagy
                                        State Bar No. 24041562
                                        E-mail: tnagy@susmangodfrey.com
                                        SUSMAN GODFREY L.L.P.
                                        590 Madison Avenue
                                        New York, NY 10022-8521
                                        Telephone: (212) 336-8330
                                        Fax: (212) 516-3883

758386v1/9758

**CERTIFICATE OF SERVICE**

       I hereby certify that on May 23, 2007, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

                       /s/ Brooke A. M. Taylor
                       Brooke A. M. Taylor

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

**JOINT MOTION
TO AMEND DOCKET CONTROL ORDER
TO MOVE THE DATE FOR EXCHANGING PRIVILEGE LOGS**

The Docket Control Order in each of the above styled cases is the same.  Currently, the

Docket Control Orders require that the parties exchange privilege logs on June 4, 2007, but not

produce documents until June 11, 2007.  The parties in each case jointly move the Court to

1

amend the Docket Control Order in each case to move the date for exchanging privilege logs

from June 4 to July 10, 2007. Moving the date for the parties to exchange privilege logs will not

affect the Markman hearing dates or the initial trial setting.

DATED: June 4, 2007          Respectfully submitted,

/s/ Brooke A.M. Taylor
Max L. Tribble, Jr.
State Bar No. 20213950
Tibor L. Nagy
State Bar 24041562
Email: mtribble@susmangodfrey.com
Email: tnagy@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel: 713-651-9366
Fax: 713-654-6666

**OF COUNSEL:**
Edgar Sargent
WA State Bar No. 28283
Email: esargent@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: 206-516-3880
Fax: 206-516-3883

Brooke A.M. Taylor
WA State Bar No. 33190
Email: btaylor@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: 206-516-3880
Fax: 206-516-3883

759965v1/9758

Robert M. Parker
State Bar No. 15498000
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas  75703
Telephone:  (903) 561-1600
Telecopier:  (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Telecopier:  (903) 236-8787
ccapshaw@mailbmc.com
aspangler@mailbmc.com

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P. O. Drawer 1249
Marshall, TX  75670
Telephone:  903-938-4395
Telecopier:  903-938-3360
maizieh@millerfirm.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

759965v1/9758

/s/ Michael E. Jones
Michael E. Jones
State Bar No. 10929400
Diane DeVasto
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas 75710
Telephone:  (903) 597-8311
Telecopier:  (903) 593-0846
mikejones@potterminton.com

David S. Benyacar
Michael A. Rogoloff
**KAYE SCHOLER**
425 Park Avenue
New York, NY 10022
Tel: 212-836-8000
Fax: 212-836-8689
dbenyacar@kayescholer.com

**ATTORNEYS FOR DEFENDANT
TIME WARNER CABLE INC.**

759965v1/9758

/s/ Jennifer Haltom Doan
Jennifer Haltom Doan
Texas Bar No. 08809050
John Peyton Perkins, III
Texas Bar No. 24043457
**HALTOM & DOAN, LLP**
6500 N. Summerhill Road, Suite 1A
P. O. Box 6227
Texarkana, TX 75505-6227
Tel: 903-255-1000
Fax: 903-255-0800

Brian Ferrall
Leo Lam
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 9411-1704
Tel: 415-676-2235
Fax: 415-397-7188

**ATTORNEYS FOR DEFENDANTS
COMCAST CORPORATION,
COMCAST CABLE,
COMMUNICATIONS, LLC, and
COMCAST OF PLANO, LP**

759965v1/9758

/s/ Michael E. Jones
Bradford P. Lyerla, Attorney in Charge
blyerla@marshallip.com
Kevin D. Hogg
khogg@marshallip.com
William J. Kramer
wkramer@marhsllip.com
Paul B. Stephens
pstephens@marshallip.com
**MARSHALL, GERSTEIN & BORUN LLP**
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
Tel: 312-474-6300
Fax: 312-474-0448

Michael E. Jones
State Bar No. 10929400
**POTTER MINTON, PC**
110 North College
500 Plaza Tower
Tyler, TX 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com

**ATTORNEYS FOR DEFENDANTS
CHARTER COMMUNICATIONS, INC.
CHARTER COMMUNICATIONS
OPERATING, LLC**

6

/s/ Michael E. Jones
Mitchell G. Stockwell
Lead Attorney
Georgia Bar No. 682912
**KILPATRICK STOCKTON LLP**
1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309-4530
Tel: 404-815-6214
Fax: 404-815-6555

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, TX 75710
Tel: 903-597-8311
Fax: 903-593-0846

**ATTORNEYS FOR DEFENDANT
COXCOM, INC.**

759965v1/9758

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 4th day of June, 2007.

/s/ Brooke A.M. Taylor
Brooke A.M. Taylor

759965v1/9758

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

**ORDER GRANTING JOINT MOTION
TO AMEND DOCKET CONTROL ORDER
TO MOVE THE DATE FOR EXCHANGING PRIVILEGE LOGS**

The parties in each of the above styled cases have moved the Court to amend the Docket

Control Order in each case and change the date for exchanging privilege logs from June 4, 2007

1

to July 10, 2007.  The Court finds good cause for amending the Docket Control Order in this respect.  The Court, therefore,

      **ORDERS** that the Docket Control Order in each case be and is hereby amended to move the date for the parties to exchange privilege logs from the current date of June 4, 2007 to July 10, 2007.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

**ORDER GRANTING JOINT MOTION
TO AMEND DOCKET CONTROL ORDER
TO MOVE THE DATE FOR EXCHANGING PRIVILEGE LOGS**

The parties in each of the above styled cases have moved the Court to amend the Docket

Control Order in each case and change the date for exchanging privilege logs from June 4, 2007

1

to July 10, 2007.  The Court finds good cause for amending the Docket Control Order in this

respect.  The Court, therefore,

       **ORDERS** that the Docket Control Order in each case be and is hereby amended to move

the date for the parties to exchange privilege logs from the current date of June 4, 2007 to July

10, 2007.

       SIGNED this 5th day of June, 2007.


CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

2

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 2:06-CV-369-TJW-CE |
| | ) | |
| v. | ) | JURY TRIAL REQUESTED |
| | ) | |
| TIME WARNER CABLE, INC., ET AL. | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |


| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 2:06-CV-506-TJW-CE |
| | ) | |
| v. | ) | JURY TRIAL REQUESTED |
| | ) | |
| COMCAST CORPORATION, ET AL. | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |


| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 2:06-CV-507-TJW-CE |
| | ) | |
| v. | ) | JURY TRIAL REQUESTED |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| ET AL. | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

## PLAINTIFF REMBRANDT TECHNOLOGIES, LP'S NOTICE OF DISCLOSURE

Plaintiff Rembrandt Technologies, L.P. hereby files this Notice to inform the Court that on June 11, 2007, it complied with Paragraph 3(b) of the Discovery Order with respect to Defendants in the above-captioned cases.

Dated: June 12, 2007                          Respectfully Submitted,


                                              /s/  Matthew R. Berry
                                              Max L. Tribble, Jr.
                                              Lead Attorney
                                              State Bar No. 20213950
                                              1000 Louisiana Street, Suite 5100
                                              Houston, Texas 77002-5096
                                              Telephone:  (713) 651-9366
                                              Fax:  (713) 654-6666
                                              E-mail: mtribbble@susmangodfrey.com

                                              Brooke A.M. Taylor
                                              State Bar No. 33190 (Washington)
                                              E-mail:  btaylor@susmangodfrey.com
                                              Edgar Sargent
                                              State Bar No. 28283 (Washington)
                                              E-mail:  esargent@susmangodfrey.com
                                              Matthew R. Berry
                                              State Bar No. 37364 (Washington)
                                              E-mail:  mberry@susmangodfrey.com
                                              SUSMAN GODFREY L.L.P.
                                              1201 Third Avenue, Suite 3800
                                              Seattle, Washington  98101-3000
                                              Telephone:  (206) 516-3880
                                              Fax:  (206) 516-3883

                                              Tibor L. Nagy
                                              State Bar No. 24041562
                                              E-mail:  tnagy@susmangodfrey.com
                                              SUSMAN GODFREY L.L.P.
                                              590 Madison Avenue
                                              New York, NY  10022-8521
                                              Telephone:  (212) 336-8330
                                              Fax:  (212) 516-3883

                                              Charles Ainsworth

2

charley@pbatyler.com
Robert Christopher Bunt
rcbunt@pbatyler.com
Robert M Parker
rmparker@pbatyler.com
PARKER BUNT & AINSWORTH
100 E Ferguson, Suite 1114
Tyler, TX 75702
Telephone (903) 531-3535
Facsimile (903) 533-9687

Sidney Calvin Capshaw, III
ccapshaw@mailbmc.com
Elizabeth L DeRieux
ederieux@mailbmc.com
Andrew Wesley Spangler
aspangler@mailbmc.com
BROWN MCCARROLL- Longview
1127 Judson Rd., Ste 220
PO Box 3999
Longview, TX 75606-3999
Telephone (903) 236-9800
Facsimile (903) 236-8787

Otis W Carroll, Jr
Fedserv@icklaw.com
James Patrick Kelley
patkelley@icklaw.com
Collin Michael Maloney
fedserv@icklaw.com
IRELAND CARROLL & KELLEY
6101 S Broadway, Suite 500
Tyler, TX 75703
Telephone (903) 561-1600
Facsimile (903) 581-1071

Franklin Jones, Jr
JONES & JONES - Marshall
201 W Houston St
PO Drawer 1249
Marshall, TX 75670
903/938-4395
9039383360 (fax)
maizieh@millerfirm.com
Fax:  (212) 516-3883

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 12th day of June, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile and/or first class mail on this same date.

/s/   Matthew R. Berry
Matthew R. Berry

IN THE DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:05-CV-443 (TJW) |
| | § | |
| COMCAST CORPORATION, ET AL | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-223 (TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC. ET AL., | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-224 (TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-369 (TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-506 (TJW) |
| | § | |
| COMCAST CORPORATION, ET AL | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-507 (TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

## NOTICE OF MULTI-DISTRICT LITIGATION DEVELOPMENTS PURSUANT TO LOCAL RULE CV-42

All Defendants in the above-referenced actions respectfully provide this notice of

developments in related cases, specifically of action by the Judicial Panel on MultiDistrict Litigation.

Please see the attached Transfer Order issued by the Judicial Panel on MultiDistrict Litigation (Exhibit A). Please be advised that the Judicial Panel on MultiDistrict Litigation has transferred the above referenced actions to the District of Delaware, and with the consent of that Court, assigned such actions to the Honorable Gregory M. Sleet for coordinated or consolidated pretrial proceedings (Exhibit A).

Please also see the attached file-stamped copy indicating that the Transfer Order has been filed in the United States District Court for the District of Delaware (Exhibit A).

Respectfully submitted,

_____/s/ Jennifer Haltom Doan_____
Jennifer Haltom Doan
Texas Bar No. 08809050
John Peyton Perkins, III
Texas Bar No. 24043457
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: 903-255-1000
Facsimile: 903-255-0800

Harry ("Gil") L. Gillam, Jr.
GILLAM & SMITH LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone:    (903) 934-8450

Brian Ferrall
Leo Lam
Matt Werdegar
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone:  415-391-5400
Facsimile:  415-397-7188

**ATTORNEYS FOR DEFENDANTS
COMCAST CORPORATION,
COMCAST CABLE
COMMUNICATIONS, LLC, and
COMCAST OF PLANO, LP**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  All other counsel of record will be served by certified mail, return receipt requested on this 21st day of June, 2007.


_/s/ Jennifer Haltom Doan_
Jennifer Haltom Doan

# EXHIBIT
# A

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Judges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:      [202] 502-2888

http://www.jpml.uscourts.gov

June 20, 2007



Peter T. Dalleo, Clerk
J. Caleb Boggs Federal Building
Lockbox 18
844 North King Street
Wilmington, DE 19801-3570

Re: MDL-1848 -- In re Rembrandt Technologies, LP, Patent Litigation

(See Attached Schedule A of Order)

Dear Mr. Dalleo:

I am enclosing a certified copy and one additional copy of a transfer order filed today by the Panel in the above-captioned matter. The order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

A copy of Rule 1.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 428 (2001), which deals specifically with the transfer of files, is enclosed for your convenience. Also enclosed are a complete set of the Panel Rules and a copy of Chapter 7 of Volume 4 of the Clerks Manual, United States District Courts.

The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. These statistics are used by the Administrative Office of the United States Courts and the Judicial Conference. Therefore, your cooperation in keeping the Panel advised of the progress of this litigation would be appreciated. We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders regarding appointment of liaison counsel, settlements, dismissals, state court remands, and reassignments to other judges in your district.

- 2 -

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon notification from your court of a finding by the transferee judge that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.

For your information, I am enclosing a copy of the Panel Attorney Service List.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _Denise Morgan-Stone_
Deputy Clerk

Enclosures

cc w/all enclosures (Chapter 7 of Volume 4 of the Clerks Manual, U.S. District Courts, Rule 1.6, R.P.J.P.M.L., transfer order, Panel Attorney Service List, and complete Panel Rules):

|                      | Transferee Judge:        | Judge Gregory M. Sleet   |
|----------------------|--------------------------|--------------------------|
| cc w/order only:     | Transferee Chief Judge:  | Judge Sue L. Robinson    |

cc w/order and Rule 1.6, R.P.J.P.M.L.:

|                      | Transferor Clerks:       | David J. Maland          |
|                      |                          | J. Michael McMahon       |
|                      | Transferor Judges:       | Judge Robert E. Gerber   |
|                      |                          | Judge William H. Pauley III |
|                      |                          | Judge T. John Ward       |

JPML Form 33

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 18 2007

FILED
CLERK'S OFFICE



FILED

JUN 21 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1848*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE REMBRANDT TECHNOLOGIES, LP, PATENT LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,*\* KATHRYN H. VRATIL DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation presently consists of the fifteen actions listed on Schedule A and pending in three districts as follows: seven actions in the Eastern District of Texas, six actions in the District of Delaware, and two actions in the Southern District of New York. Before the Panel is a motion, brought by CoxCom, Inc., pursuant to 28 U.S.C. § 1407, seeking centralization of all actions in the District of Delaware. The owner of the patents, Rembrandt Technologies, LP (Rembrandt), opposes centralization but, alternatively, suggests transfer to the Eastern District of Texas, if the Panel deems centralization appropriate. All other responding defendants expressing a position regarding centralization[1] support centralization in the District of Delaware. Two groups of defendants propose alternative transferee fora – the Southern District of New York[2] or the Eastern District of Pennsylvania,[3] should the Panel decide against centralization in the District of Delaware.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the District of Delaware will

---

\* Judge Miller took no part in the decision of this matter.

[1] The following debtor defendants expressed no opinion regarding whether the actions should be centralized: Adelphia Communications Corp.; Century-TCI California, LP; Century-TCI California Communications, LP; Century-TCI Distribution Co., LLC; Century-TCI Holdings, LLC; Parnassos, LP; Parnassos Communications, LP; Parnassos Distribution Co. I, LLC; Parnassos Distribution Co. II, LLC; Parnassos Holdings, LLC; and Western NY Cablevision, LP (collectively the Adelphia defendants).

Nevertheless, if the Panel decides that centralization is appropriate, the Adelphia defendants support transfer to the District of Delaware as their primary preference, as do the following defendants: Cablevision Systems Corp. and CSC Holdings, Inc. (collectively Cablevision); Charter Communications, Inc., and Charter Communications Operating, LLC; Comcast Corp., Comcast Communications, LLP, and Comcast of Plano, LP; Sharp Corp. and Sharp Electronics Corp.; and ABC, Inc., CBS Corp., NBC Universal, Inc., Fox Broadcasting Co., and Fox Entertainment Group, Inc.

[2] Alternatively supporting transfer to the Southern District of New York are the Adelphia defendants and Cablevision.

[3] Cablevision alternatively supports transfer to the Eastern District of Pennsylvania.

- 2 -

serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The nine patents involved in these actions relate to the provision of high-speed internet and related services using certain cable modems and equipment and the receipt and transmission of certain digital broadcast signals. Each of the fifteen MDL-1848 actions involves allegations of infringement and/or invalidity of one or more of the patents; specifically, each action involves allegations that compliance with one of two technical standards relating to cable high-speed internet technology and digital broadcasting – respectively, the Data-Over-Cable Service Interface Specifications and the Advanced Television Systems Committee Digital Television Standard – infringes certain Rembrandt patents. All actions can thus be expected to share factual questions concerning such matters as the technology underlying the patents, prior art, claim construction and/or issues of infringement involving the patents. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, Rembrandt variously argues that inconsistent rulings are unlikely to arise in the actions, unique questions of fact relating to each patent will predominate over common factual questions among these actions, and that cooperation among the parties is a preferable alternative to centralization. We are not persuaded by these arguments. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Centralization will permit all actions to proceed before a single transferee judge who can structure pretrial proceedings in a streamlined manner to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to duplicative discovery demands. The transferee court will be able to formulate a pretrial program that allows any unique discovery in these actions to proceed concurrently on separate tracks with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). The Panel is aware that proceedings in the first-filed MDL-1848 action (*Comcast I*) are somewhat further advanced than those in the other actions. It may well be that *Comcast I*, or other MDL-1848 actions, may be ready for trial in advance of the remaining MDL-1848 actions. If such is the case, nothing in the nature of Section 1407 centralization will impede the transferee court, whenever it deems appropriate, from recommending Section 1407 remand. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001); *In re Acacia Media Technologies Corp. Patent Litigation*, 360 F.Supp.2d 1337 (J.P.M.L. 2005).

We are persuaded that this litigation should be centralized in the District of Delaware. By centralizing this litigation before Judge Gregory M. Sleet, who presides over all Delaware actions, we are assigning this litigation to a seasoned jurist in a readily accessible district with the capacity to handle this litigation.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Delaware are transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Gregory M. Sleet for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

<u>MDL-1848 -- In re Rembrandt Technologies, LP, Patent Litigation</u>

### District of Delaware

*Rembrandt Technologies, LP v. Cablevision Systems Corp., et al.*, C.A. No. 1:06-635
*Coxcom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721
*Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727
*Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-729
*Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730
*Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731

### Southern District of New York

*Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*,
  Bky. Advy. No. 1:06-1739
*Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214

### Eastern District of Texas

*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443
*Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-223
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369
*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507

IN THE DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-223 (TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC. ET AL., | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-224 (TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-369 (TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-506 (TJW) |
| | § | |
| COMCAST CORPORATION, ET AL | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-507 (TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

## NOTICE OF MULTI-DISTRICT LITIGATION DEVELOPMENTS PURSUANT TO LOCAL RULE CV-42

All Defendants in the above-referenced actions respectfully provide this notice of developments in related cases, specifically of action by the Judicial Panel on MultiDistrict Litigation.

Please see the attached Transfer Order issued by the Judicial Panel on MultiDistrict

Litigation (Exhibit A). Please be advised that the Judicial Panel on MultiDistrict Litigation has transferred the above referenced actions to the District of Delaware, and with the consent of that Court, assigned such actions to the Honorable Gregory M. Sleet for coordinated or consolidated pretrial proceedings (Exhibit A).

Please also see the attached file-stamped copy indicating that the Transfer Order has been filed in the United States District Court for the District of Delaware (Exhibit A).

Dated: June 21, 2007                                 Respectfully submitted,

                                                     /s/ Allen F. Gardner
                                                     Michael E. Jones
                                                     Texas State Bar No. 10929400
                                                     mikejones@potterminton.com
                                                     Diane V. DeVasto
                                                     Texas State Bar No. 05784100
                                                     dianedevasto@potterminton.com
                                                     Allen F. Gardner
                                                     Texas State Bar No. 24043679
                                                     allengardner@potterminton.com
                                                     POTTER MINTON, P.C.
                                                     110 North College
                                                     500 Plaza Tower
                                                     Tyler, Texas 75702
                                                     Telephone:  (903) 597-8311
                                                     Facsimile:   (903) 593-0846

                                                     **ATTORNEYS FOR CHARTER
                                                     COMMUNICATIONS, INC., LLP,
                                                     CHARTER COMMUNICATIONS
                                                     OPERATING, LLC, COXCOM, INC.,
                                                     AND TIME WARNER CABLE INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 21, 2007. Any other counsel of record will be served by first class on this same date.

*/s/ Allen F. Gardner*

A CERTIFIED TRUE COPY

JUN 2 0 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 18 2007

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1848*

07-md-1848

# *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

# *IN RE REMBRANDT TECHNOLOGIES, LP, PATENT LITIGATION*

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,[*] KATHRYN H. VRATIL DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

## *TRANSFER ORDER*

This litigation presently consists of the fifteen actions listed on Schedule A and pending in three districts as follows: seven actions in the Eastern District of Texas, six actions in the District of Delaware, and two actions in the Southern District of New York. Before the Panel is a motion, brought by CoxCom, Inc., pursuant to 28 U.S.C. § 1407, seeking centralization of all actions in the District of Delaware. The owner of the patents, Rembrandt Technologies, LP (Rembrandt), opposes centralization but, alternatively, suggests transfer to the Eastern District of Texas, if the Panel deems centralization appropriate. All other responding defendants expressing a position regarding centralization[1] support centralization in the District of Delaware. Two groups of defendants propose alternative transferee for a – the Southern District of New York[2] or the Eastern District of Pennsylvania,[3] should the Panel decide against centralization in the District of Delaware.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the District of Delaware will

---

[*] Judge Miller took no part in the decision of this matter.

[1] The following debtor defendants expressed no opinion regarding whether the actions should be centralized: Adelphia Communications Corp.; Century-TCI California, LP; Century-TCI California Communications, LP; Century-TCI Distribution Co., LLC; Century-TCI Holdings, LLC; Parnassos, LP; Parnassos Communications, LP; Parnassos Distribution Co. I, LLC; Parnassos Distribution Co. II, LLC; Parnassos Holdings, LLC; and Western NY Cablevision, LP (collectively the Adelphia defendants).

Nevertheless, if the Panel decides that centralization is appropriate, the Adelphia defendants support transfer to the District of Delaware as their primary preference, as do the following defendants: Cablevision Systems Corp. and CSC Holdings, Inc. (collectively Cablevision); Charter Communications, Inc., and Charter Communications Operating, LLC; Comcast Corp., Comcast Communications, LLP, and Comcast of Plano, LP; Sharp Corp. and Sharp Electronics Corp.; and ABC, Inc., CBS Corp., NBC Universal, Inc., Fox Broadcasting Co., and Fox Entertainment Group, Inc.

[2] Alternatively supporting transfer to the Southern District of New York are the Adelphia defendants and Cablevision.

[3] Cablevision alternatively supports transfer to the Eastern District of Pennsylvania.

FILED

JUN 21 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

A CERTIFIED TRUE COPY



- 2 -

serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The nine patents involved in these actions relate to the provision of high-speed internet and related services using certain cable modems and equipment and the receipt and transmission of certain digital broadcast signals. Each of the fifteen MDL-1848 actions involves allegations of infringement and/or invalidity of one or more of the patents; specifically, each action involves allegations that compliance with one of two technical standards relating to cable high-speed internet technology and digital broadcasting – respectively, the Data-Over-Cable Service Interface Specifications and the Advanced Television Systems Committee Digital Television Standard – infringes certain Rembrandt patents. All actions can thus be expected to share factual questions concerning such matters as the technology underlying the patents, prior art, claim construction and/or issues of infringement involving the patents. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, Rembrandt variously argues that inconsistent rulings are unlikely to arise in the actions, unique questions of fact relating to each patent will predominate over common factual questions among these actions, and that cooperation among the parties is a preferable alternative to centralization. We are not persuaded by these arguments. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Centralization will permit all actions to proceed before a single transferee judge who can structure pretrial proceedings in a streamlined manner to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to duplicative discovery demands. The transferee court will be able to formulate a pretrial program that allows any unique discovery in these actions to proceed concurrently on separate tracks with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). The Panel is aware that proceedings in the first-filed MDL-1848 action (*Comcast I*) are somewhat further advanced than those in the other actions. It may well be that *Comcast I*, or other MDL-1848 actions, may be ready for trial in advance of the remaining MDL-1848 actions. If such is the case, nothing in the nature of Section 1407 centralization will impede the transferee court, whenever it deems appropriate, from recommending Section 1407 remand. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001); *In re Acacia Media Technologies Corp. Patent Litigation*, 360 F.Supp.2d 1337 (J.P.M.L. 2005).

We are persuaded that this litigation should be centralized in the District of Delaware. By centralizing this litigation before Judge Gregory M. Sleet, who presides over all Delaware actions, we are assigning this litigation to a seasoned jurist in a readily accessible district with the capacity to handle this litigation.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Delaware are transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Gregory M. Sleet for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1848 -- In re Rembrandt Technologies, LP, Patent Litigation

### District of Delaware

*Rembrandt Technologies, LP v. Cablevision Systems Corp., et al.*, C.A. No. 1:06-635
*Coxcom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721
*Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727
*Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-729
*Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730
*Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731

### Southern District of New York

*Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*,
   Bky. Advy. No. 1:06-1739
*Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214

### Eastern District of Texas

*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443
*Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-223
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369
*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507

CERTIFIED: 6|2|1|07
AS A TRUE COPY:
    ATTEST:
    PETER T. DALLEO, CLERK
BY ~Beth Dunn~
          Deputy Clerk

A CERTIFIED TRUE COPY Case MDL No. 1848 Document 45 Filed 06/28/2007 Page 1 of 3

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 18 2007

FILED
CLERK'S OFFICE

JUN 20 2007

U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 2 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*RELEASED FOR PUBLICATION*

BY
DEPUTY

07-md-1848

*DOCKET NO. 1848*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE REMBRANDT TECHNOLOGIES, LP, PATENT LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation presently consists of the fifteen actions listed on Schedule A and pending in three districts as follows: seven actions in the Eastern District of Texas, six actions in the District of Delaware, and two actions in the Southern District of New York. Before the Panel is a motion, brought by CoxCom, Inc., pursuant to 28 U.S.C. § 1407, seeking centralization of all actions in the District of Delaware. The owner of the patents, Rembrandt Technologies, LP (Rembrandt), opposes centralization but, alternatively, suggests transfer to the Eastern District of Texas, if the Panel deems centralization appropriate. All other responding defendants expressing a position regarding centralization[1] support centralization in the District of Delaware. Two groups of defendants propose alternative transferee for a – the Southern District of New York[2] or the Eastern District of Pennsylvania,[3] should the Panel decide against centralization in the District of Delaware.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the District of Delaware will

---

* Judge Miller took no part in the decision of this matter.

[1] The following debtor defendants expressed no opinion regarding whether the actions should be centralized: Adelphia Communications Corp.; Century-TCI California, LP; Century-TCI California Communications, LP; Century-TCI Distribution Co., LLC; Century-TCI Holdings, LLC; Parnassos, LP; Parnassos Communications, LP; Parnassos Distribution Co. I, LLC; Parnassos Distribution Co. II, LLC; Parnassos Holdings, LLC; and Western NY Cablevision, LP (collectively the Adelphia defendants).

Nevertheless, if the Panel decides that centralization is appropriate, the Adelphia defendants support transfer to the District of Delaware as their primary preference, as do the following defendants: Cablevision Systems Corp. and CSC Holdings, Inc. (collectively Cablevision); Charter Communications, Inc., and Charter Communications Operating, LLC; Comcast Corp., Comcast Communications, LLP, and Comcast of Plano, LP; Sharp Corp. and Sharp Electronics Corp.; and ABC, Inc., CBS Corp., NBC Universal, Inc., Fox Broadcasting Co., and Fox Entertainment Group, Inc.

[2] Alternatively supporting transfer to the Southern District of New York are the Adelphia defendants and Cablevision.

[3] Cablevision alternatively supports transfer to the Eastern District of Pennsylvania.

FILED

JUN 21 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE



A CERTIFIED TRUE COPY

JUN 2 2 2007

ATTEST

- 2 -

serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The nine patents involved in these actions relate to the provision of high-speed internet and related services using certain cable modems and equipment and the receipt and transmission of certain digital broadcast signals. Each of the fifteen MDL-1848 actions involves allegations of infringement and/or invalidity of one or more of the patents; specifically, each action involves allegations that compliance with one of two technical standards relating to cable high-speed internet technology and digital broadcasting – respectively, the Data-Over-Cable Service Interface Specifications and the Advanced Television Systems Committee Digital Television Standard – infringes certain Rembrandt patents. All actions can thus be expected to share factual questions concerning such matters as the technology underlying the patents, prior art, claim construction and/or issues of infringement involving the patents. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, Rembrandt variously argues that inconsistent rulings are unlikely to arise in the actions, unique questions of fact relating to each patent will predominate over common factual questions among these actions, and that cooperation among the parties is a preferable alternative to centralization. We are not persuaded by these arguments. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Centralization will permit all actions to proceed before a single transferee judge who can structure pretrial proceedings in a streamlined manner to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to duplicative discovery demands. The transferee court will be able to formulate a pretrial program that allows any unique discovery in these actions to proceed concurrently on separate tracks with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). The Panel is aware that proceedings in the first-filed MDL-1848 action (*Comcast I*) are somewhat further advanced than those in the other actions. It may well be that *Comcast I*, or other MDL-1848 actions, may be ready for trial in advance of the remaining MDL-1848 actions. If such is the case, nothing in the nature of Section 1407 centralization will impede the transferee court, whenever it deems appropriate, from recommending Section 1407 remand. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001); *In re Acacia Media Technologies Corp. Patent Litigation*, 360 F.Supp.2d 1337 (J.P.M.L. 2005).

We are persuaded that this litigation should be centralized in the District of Delaware. By centralizing this litigation before Judge Gregory M. Sleet, who presides over all Delaware actions, we are assigning this litigation to a seasoned jurist in a readily accessible district with the capacity to handle this litigation.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Delaware are transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Gregory M. Sleet for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1848 -- In re Rembrandt Technologies, LP, Patent Litigation

### District of Delaware

*Rembrandt Technologies, LP v. Cablevision Systems Corp., et al*, C.A. No. 1:06-635
*Coxcom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721
*Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727
*Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-729
*Rembrandt Technologies, LP v. ABC, Inc*, C.A. No. 1:06-730
*Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731

### Southern District of New York

*Rembrandt Technologies, LP v. Adelphia Communications Corp., et al*,
   Bky. Advy. No. 1:06-1739
*Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214

### Eastern District of Texas

*Rembrandt Technologies, LP v. Comcast Corp., et al*, C.A. No. 2:05-443
*Rembrandt Technologies, LP v. Sharp Corp., et al*, C.A. No. 2:06-47
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-223
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369
*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507

CERTIFIED: 6/21/07
AS A TRUE COPY:
ATTEST:
PETER T. DALLEO, CLERK
BY _Rei Du_
        Deputy Clerk

OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

June 21, 2007

David Maland
Clerk, U.S. District Court
United States District Court
211 West Ferguson Street
Room 106
Tyler, TX 75702

RE:   **In Re Rembrandt Technologies LP Patent Litigation- MDL 1848**
CA 07-403 GMS (D/DE)
CA 2:06-506 (ED/TX)

Dear Mr. Maland:

In accordance with 28 U.S.C. §1407, enclosed is a certified copy of the *Order of Transfer* issued by the Judicial Panel on Multidistrict Litigation which references the above-captioned case in your District. Kindly forward the complete original file, together with a certified copy of the docket sheet, to the District of Delaware at the following address:

Clerk, U.S. District Court
Federal Building, Lockbox 18
844 N. King Street
Wilmington, DE 19801

If your case file is maintained in electronic format in CM/ECF, please contact Elizabeth Dinan at 302-573-4530.

U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 2 5 2007

DAVID J. MALAND, CLERK

Sincerely,

Peter T. Dalleo, Clerk

By: _Elizabeth Dinan_
Elizabeth Dinan
Deputy Clerk

Enc.
cc:   Jeffrey N. Luthi, Clerk of the Panel



United States District Court
Office of the Clerk
Eastern District of Texas

David J. Maland                                  100 E. Houston St
        Clerk                                    Marshall, Tx 75670
June 28, 2007                                    903-935-2912

Clerk, U.S. District Court
Federal Building, Lockbox 18
844 N. King Street
Wilmington, DE 19801

Case Number # 2:06-cv-506
Style: Rembrandt Technologies, LP v. Comcast., et al

 Dear Clerk:

Pursuant to an order from our court, we are transferring to your District the above entitled cause
of action. We are forwarding certified copies of the order of transfer, docket sheet, complaint or
notice of removal, and sealed documents if any.


Please acknowledge receipt of these documents on the copy of this letter and return it to this
office in the enclosed envelope.


The documents in this case may be accessed through CM/ECF by using your PACER login and
password.


                                        Sincerely,
                                        David J. Maland, Clerk
                                        By
                                            Deputy Clerk

Enclosures
Received items described above on this date      7/2/07
and assigned Case Number  0 7- 403

                                        Clerk, U.S. District Court
                                        By