IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> ) <br> ) <br> COMCAST CORPORATION; COMCAST ) <br> CABLE COMMUNICATIONS, LLC; ) <br> and COMCAST OF PLANO, LP, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:06CV506 (TJW) <br><br> **JURY TRIAL REQUESTED** |

# FIRST AMENDED COMPLAINT

Plaintiff Rembrandt Technologies, LP ("Rembrandt") files this complaint for infringement of United States Patent Nos. 5,008,903; 5,710,761; 5,778,234; 6,131,159 and 6,950,444 under 35 U.S.C. § 271, and in support thereof would respectfully show the Court the following:

## RELATED CASE

This case is related to an action filed in the Marshall Division of the Eastern District of Texas and assigned to Judge Ward, captioned *Rembrandt Technologies, LP* v. *Time Warner Inc.*, No. 2-06CV-369 filed September 13, 2006.

## THE PARTIES

1. Plaintiff Rembrandt is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, PA 19004 and offices at 214 W. Fanin, Marshall, TX 75670.

2.  Defendant Comcast Corporation is a corporation organized under the laws of the state of Pennsylvania with its principal place of business at 1500 Market Street, Philadelphia, PA 19102. Defendant Comcast Cable Communications, LLC is an LLC organized under the laws of Delaware with its principal place of business at 1500 Market Street, Philadelphia, PA 19103. Defendant Comcast of Plano, LP is a limited partnership organized under the laws of Delaware with its principal place of business at 1201 Market Street, Ste. 1405, Wilmington, DE 19801. Comcast of Plano, LP's registered agent of service is CT Corporation Systems located at 350 N. St. Paul Street, Dallas, TX 75201. (Defendants are collectively referred to herein as "Comcast.") Comcast is a national provider of cable television and internet products and services, and regularly conducts and transacts business in Texas and within this judicial district itself.

## JURISDICTION AND VENUE

3.  This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. § 1, et seq. This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

4.  This Court has personal jurisdiction over all named Defendants. Comcast has conducted and does conduct business with the State of Texas. Comcast, directly or through subsidiaries or intermediaries, offers for sale, sells, advertises, and markets products and services that infringe the patents-in-suit as described more specifically below. Therefore, because Comcast has committed acts of patent infringement in this district, or is otherwise present or doing business in this district, this Court has personal jurisdiction over Comcast.

5.  Venue is proper in this judicial district under 28 U.S.C. §§1391(b), (c), and 1400(b).

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,008,903

6.  Rembrandt refers to and incorporates herein the allegations of Paragraphs 1-5 above.

7.  Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,008,903, entitled "Adaptive Transmit Pre-Emphasis for Digital Modem Computed from Noise Spectrum" ("the '903 patent").  A true copy of the '903 patent is attached as Exhibit A.

8.  The '903 patent was duly and legally issued by the United States Patent and Trademark Office on April 16, 1991, after full and fair examination.

9.  Comcast has directly or indirectly infringed, and is continuing to directly or indirectly infringe, the '903 patent by practicing or causing others to practice, by inducement and contributorily, the inventions claimed in the '903 patent, in this district or otherwise within the United States.  For example, Comcast has infringed and continues to infringe the '903 patent by providing high-speed cable modem internet products and services to subscribers.

10. Upon information and belief, Comcast will continue to infringe the '903 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 5,710,761

11. Rembrandt refers to and incorporates herein the allegations of Paragraphs 1-5 above.

12. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,710,761, entitled "Error Control Negotiation Based on Modulation" ("the '761 patent"). A true copy of the '761 patent is attached as Exhibit B.

13. The '761 patent was duly and legally issued by the United States Patent and Trademark Office on January 20, 1998, after full and fair examination.

14. Comcast has directly or indirectly infringed, and is continuing to directly or indirectly infringe, the '761 patent by practicing or causing others to practice, by inducement and contributorily, the inventions claimed in the '761 patent, in this district or otherwise within the United States. For example, Comcast has infringed and continues to infringe the '761 patent by providing high-speed cable modem internet products and services to subscribers.

15. Upon information and belief, Comcast will continue to infringe the '761 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 5,778,234

16. Rembrandt refers to and incorporates herein the allegations of Paragraphs 1-5 above.

17.     Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,778,234, entitled "Method for Downloading Programs" ("the '234 patent."). A true copy of the '234 patent is attached as Exhibit C.

18.     The '234 patent was duly and legally issued by the United States Patent and Trademark Office on July 7, 1998, after full and fair examination.

19.     Comcast has directly or indirectly infringed, and is continuing to directly or indirectly infringe, the '234 patent by practicing or causing others to practice, by inducement and contributorily, the inventions claimed in the '234 patent, in this district or otherwise within the United States. For example, Comcast has infringed and continues to infringe the '234 patent by providing high-speed cable modem internet products and services to subscribers.

20.     Upon information and belief, Comcast will continue to infringe the '234 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 6,131,159

21.     Rembrandt refers to and incorporates herein the allegations of Paragraphs 1-5 above.

22.     Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 6,131,159,

entitled "System for Downloading Programs" ("the '159 patent."). A true copy of the '159 patent is attached as Exhibit D.

23. The '159 patent was duly and legally issued by the United States Patent and Trademark Office on October 10, 2000, after full and fair examination.

24. Comcast has directly or indirectly infringed, and is continuing to directly or indirectly infringe, the '159 patent by practicing or causing others to practice, by inducement and contributorily, the inventions claimed in the '159 patent, in this district or otherwise within the United States. For example, Comcast has infringed and continues to infringe the '159 patent by providing high-speed cable modem internet products and services to subscribers.

25. Upon information and belief, Comcast will continue to infringe the '159 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. 6,950,444**

26. Rembrandt refers to and incorporates herein the allegations of Paragraphs 1-5 above.

27. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 6,950,444, entitled "System and Method for a Robust Preamble and Transmission Delimiting in a Switched-Carrier Transceiver" ("the '444 patent"). A true copy of the '444 patent is attached as Exhibit E.

28. The '444 patent was duly and legally issued by the United States Patent and Trademark Office on September 27, 2005, after full and fair examination.

29. Comcast has directly or indirectly infringed, and is continuing to directly or indirectly infringe, the '444 patent by practicing or causing others to practice, by inducement and contributorily, the inventions claimed in the '444 patent, in this district or otherwise within the United States. For example, Comcast has infringed and continues to infringe the '444 patent by providing high-speed cable modem internet products and services to subscribers.

30. Upon information and belief, Comcast will continue to infringe the '444 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, Rembrandt prays that it have judgment against Comcast for the following:

(1) An order that Comcast has infringed the patents-in-suit;

(2) A permanent injunction enjoining and restraining Comcast and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association therewith, from making, using, offering to sell, selling, and importing into the United States any product, or using, offering to sell, or selling any service, which falls within the scope of any claim of the patents-in-suit;

(3) An award of damages;

(4)     An award of increased damages pursuant to 35 U.S.C. § 284;

(5)     An award of all costs of this action, including attorneys' fees and interest; and

(6)     Such other and further relief, at law or in equity, to which Rembrandt is justly entitled.

## JURY DEMAND

Rembrandt hereby demands a jury trial on all issues appropriately triable by a jury.

Dated: December 1, 2006            Respectfully submitted,

                                                       By: Max L. Tribble, Jr. by permission E. L. DeRieux
                                                       Max L. Tribble, Jr., Lead Attorney
                                                       State Bar No. 20213950
                                                       Email: mtribble@susmangodfrey.com
                                                       Susman Godfrey L.L.P.
                                                       1000 Louisiana Street, Suite 5100
                                                       Houston, TX 77002
                                                       Telephone: (713) 651-9366
                                                       Facsimile: (713) 654-6666

                                                       Attorneys for Rembrandt Technologies, LP

OF COUNSEL:

Edgar Sargent
WA State Bar No. 28283
Email: esargent@susmangodfrey.com
Susman Godfrey L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Brooke A.M. Taylor
WA State Bar No. 33190
Email: btaylor@susmangodfrey.com
Susman Godfrey L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Telephone: (206) 516-3880

Facsimile: (206) 516-3883

Tibor L. Nagy
Texas Bar 24041562
Email: tnagy@susmangodfrey.com
Susman Godfrey L.L.P.
590 Madison Ave., 8th Floor
New York, NY 10022
Main Telephone: (212) 336-8330
Main Fax: (212) 336-8340

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 00783521
Parker Bunt & Ainsworth
100 E Ferguson, Suite 1114
Tyler, TX 75702
903-533-9288
Fax: 903-533-9687
Email: rmparker@pbatyler.com
Email: rcbunt@pbatyler.com
Email: charley@pbatyler.com

Otis W. Carroll, Jr.
State Bar No. 03895700
Collin Michael Maloney
State Bar No. 00794219
Patrick Kelley
State Bar No. 11202500
Ireland Carroll & Kelley
6101 S Broadway, Suite 500
Tyler, TX 75703
903-561-1600
Fax: 903-581-1071
Email: Fedserv@icklaw.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Andrew W. Spangler
State Bar No. 24041960
Brown McCarroll

1127 Judson Road, Suite 220
Longview, TX 75601
P. O. Box 3999
Longview, TX 75606
903-236-9800
Fax: 903-236-8787
Email: ccapshaw@mailbmc.com
Email: ederieux@mailbmc.com
Email: aspangler@mailbmc.com

Franklin Jones, Jr.
State Bar No. 00000055
Jones & Jones, Inc.
P. O. Drawer 1249
Marshall, TX 75671
903-938-4395
Fax: 903-938-3360
Email: maizieh@millerfirm.com